UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL RIVERA,

                Plaintiff,

        -against-

HOME DEPOT U.S.A. INC.,

                Defendant.
-----------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Civil No.:

Plaintiff, DANIEL RIVERA by his attorneys, GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP, as and for a complaint against the Defendant herein, alleges upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, DANIEL RIVERA was and is a domiciliary/citizen of the State of New Jersey and resides at 460 E. Jersey Avenue, 1st Floor, Elizabeth, New Jersey.

2. At all times relevant hereto Defendant, HOME DEPOT U.S.A. INC., (hereinafter "HOME DEPOT") was and is a Delaware Corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. 1332 in that there is complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees.

4. Venue is proper pursuant to 28 U.S.C. 1391 (a)(1) as the events giving rise to the claim occurred in this judicial district.

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP

## FACTS COMMON TO ALL CAUSES OF ACTION

5. That on or about August 22, 2015, Plaintiff was injured when he fell from a ladder after having received and electric shock.

6. As a result of the electric shock and fall from the elevated work place plaintiff sustained sever and permanent personal injuries.

7. The accident at issue occurred at 58 Cooks Avenue in Yonkers, New York. (hereinafter the "subject premises")

8. At the time of the accident, plaintiff was employed by Bryan's Home Improvement Corp. (hereinafter mentioned "Bryan's") as a construction laborer.

8. That at all times hereinafter mentioned Bryan was performing construction/remodeling work at the subject premises.

9. At all times hereinafter mentioned Bryan was performing the construction/remodeling work pursuant to a contract with defendant HOME DEPOT.

## FIRST CAUSE OF ACTION
## AGAINST HOME DEPOT

10. Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered "1" through "9" as if more fully set forth at length herein.

11. At all times herein mentioned there existed a contract between the Defendant, HOME DEPOT and the owner of the subject premises relative to the work that was taking place at the aforesaid premises.

12. At all times herein mentioned, the Defendant, HOME DEPOT provided construction management services relative to the work taking place at the aforesaid location.

GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP

13. At all times herein mentioned, the Defendant, HOME DEPOT, was the construction manager of the project ongoing at the aforesaid premises.

14. At all times herein mentioned, the Defendant, HOME DEPOT was the general contractor of the project ongoing at the aforesaid premises.

15. At all times herein mentioned, the Defendant, HOME DEPOT was authorized to and did contract to retain the services of subcontractors at the aforesaid project.

16. At all times herein mentioned, the Defendant, HOME DEPOT was fully responsible for the safety of all laborers on the aforesaid project.

17. At all times herein mentioned, the Defendant, HOME DEPOT was fully responsible for the safety of the plaintiff on the aforesaid project.

18. At all times herein mentioned, the Defendant, HOME DEPOT was fully responsible for the full compliance with all federal, state and local statutes, rules and regulations and all construction industry standards relating to the safety of persons and the conduct of the work at the aforesaid project.

19. The accident at issue was caused by the negligence, carelessness and violations of the Labor Laws of State of New York, including, but not limited to §200, §240 and §241(6) by the Defendant HOME DEPOT, its agents, servants, employees, and/or licensees including contractors and subcontractors performing work at the subject location at the time of the accident and prior thereto, and in failing to provide Plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the Plaintiff; in causing and permitting hazardous and dangerous

conditions to exist in violations of the law, and in failing to take those steps and measures necessary to protect the life of the Plaintiff in causing the Plaintiff to work and be employed in a hazardous place, under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange and/or maintain the construction/work site and the equipment thereat so as to give proper protection to the Plaintiff; in causing and allowing the Plaintiff to fall from an elevated workplace thereby sustaining serious and severe injuries; in failing to inspect and/or properly inspect the work site to see that it was safe and proper; in failing to provide the Plaintiff with a scaffold or other safety device which was so constructed to provide Plaintiff with proper protection and with a safe place to work; in failing to provide Plaintiff with a safety belt, harness or fall arrest system; in failing to provide nets or other fall protection; and in failing to protect the plaintiff from electric shock..

20. The aforesaid acts and injuries to Plaintiff were caused solely by the negligence of the Defendant HOME DEPOT. The aforesaid acts and injuries to Plaintiff were caused solely by the negligence of the Defendant HOME DEPOT without any negligence

WHEREFORE, Plaintiff demands judgment against Defendant, HOME DEPOT for damages, in the amount of Ten Million Dollars ($10,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

Dated: September 22, 2016

STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP

Attorneys for Plaintiff
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 22, 2016

STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiff
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700