UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

DANIEL RIVERA,

                            Plaintiff,

           -against-

HOME DEPOT U.S.A., INC.,

                          Defendant.

**THIRD-PARTY COMPLAINT**

**Index No.: 16-CV-7552**

---------------------------------------------------------------- X

HOME DEPOT U.S.A., INC.,

                      Third-Party Plaintiff,

           -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                    Third-Party Defendant.

Third-Party Index
Civ. No.:

---------------------------------------------------------------- X

        Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, as and for its Third-Party Complaint against Third-Party Defendant Bryan's Home Improvement Corp., respectfully alleges, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

        1.    At all times mentioned herein, Bryan's Home Improvement Corp. was a domestic corporation authorized to do business in New York.

        2.    At all times mentioned herein, Bryan's Home Improvement Corp. was a domestic limited liability corporation authorized to do business in New York.

#1455317v1

3.      At all times mentioned, Bryan's Home Improvement Corp. was duly authorized to and did transact business in the State of New York with respect to the matters alleged herein.

4.      At all times mentioned herein, Bryan's Home Improvement Corp. derived substantial revenue from doing business in New York.

5.      At all times mentioned herein, Bryan's Home Improvement Corp. subjected itself to the jurisdiction of this State and Court when it delivered goods, services and products in New York.

6.      At all times mentioned herein, Bryan's Home Improvement Corp. is subject to the jurisdiction of this State and Court as Bryan's Home Improvement Corp. expects or should reasonably expect its actions to have consequences in the state.

7.      Upon information and belief, Bryan's Home Improvement Corp.'s principal place of business is located in Spring Valley, New York.

8.      The exceptions set forth in Article 1602 for limited liability of persona jointly liable are not applicable.

9.      An action has been commenced by Plaintiff against Home Depot asserting the liability of Home Depot for personal injuries allegedly sustained by Plaintiff on or about August 22, 2015 at 58 Cooks Avenue, Yonkers, New York.

10.      Plaintiff's Complaint seeks recovery based on common law negligence and alleged violations of the Labor Laws of New York State, including §§200, 240 and 241(6). (Annexed hereto as Exhibit "A" is a copy of Plaintiff's Complaint.)  In particular, the Complaint alleges that Home Depot failed to provide Plaintiff with a proper work site in compliance with the Labor Laws of New York State. (Ex. A.)

11.      Plaintiff alleges that he was working for a Home Depot subcontractor at the time

#1455317v1

of the alleged accident, namely Bryan's Home Improvement Corp.

12. The matter was commenced by Plaintiff in the United States District Court, Southern District of New York or about September 27, 2016, based on diversity.

13. On December 23, 2016, Home Depot joined issue by service of its Answer, a copy of which is annexed hereto as Exhibit "B".

14. Upon information and belief, any and all injuries sustained by Plaintiff were caused by the negligence, in whole or part of, Bryan's Home Improvement Corp. and/or its servants, agents, employees and/or licensees in the course of its work at the subject premises. Moreover, should it be found, however, that Home Depot is liable herein, which liability is denied, then any damages found are to be apportioned among plaintiff, Home Depot and Bryan's Home Improvement Corp.; jointly and severally, according to the degree of responsibility that each is found to have in regard to the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Home Depot repeats and realleges each and every allegation contained in paragraphs "1" through "15" herein with the same force and effect as though the same were set forth at length.

16. If Plaintiff was caused to sustain the injuries at the time and place set forth in his Complaint through any carelessness, recklessness, negligence, breach of contract, and/or because of strict liability in tort, or reasons other than the negligence, carelessness recklessness, and/or assumption of the risk by Plaintiff then, in that event, said damages were sustained by reason of the sole or part active and primary carelessness, recklessness and negligence and/or affirmative acts or omissions to act or commissions and/or breach of contract by Bryan's Home Improvement Corp. for which it is liable and responsible, without any active or affirmative

#1455317v1

negligence on the part of Home Depot contributing thereto.

17.   By reason of the foregoing Bryan's Home Improvement Corp., jointly and severally, upon information and belief, will be and are liable to indemnify Home Depot, in the event and in the amount of any judgment recovered against Home Depot.

## AS AND FOR A THIRD CAUSE OF ACTION

18.   Home Depot repeats and realleges each and every allegation contained in paragraphs "1" through "17" herein with the same force and effect as though the same were set forth at length.

19.   Upon information and belief, prior to September 27, 2016, a Service Provider Agreement (the "SPA") was entered into by Home Depot and Bryan's Home Improvement Corp. pursuant to which Bryan's Home Improvement Corp. undertook to defend and indemnify Home Depot, for loss or damage sustained by Home Depot arising out of or resulting from the scope of the undertaking/work of Bryan's Home Improvement Corp.  A copy of the SPA is attached hereto as Exhibit "C".

20.   Upon information and belief, Home Depot is entitled to full and complete indemnity from Bryan's Home Improvement Corp., including but not limited to, counsel fees and expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION

21.   Home Depot repeats and realleges each and every allegation contained in paragraphs "1" through "20" herein with the same force and effect as though the same were set forth at length.

22.   Pursuant to CPLR §§1401 and 1402, Home Depot alleges upon information and belief, that, if Plaintiff sustained any injuries as alleged in the Complaint, such injuries were the result, in whole or in part, of the acts of Bryan's Home Improvement Corp.

#1455317v1

23.    Should it be found, however, that Home Depot is liable herein, which liability is denied, then Home Depot, upon information and belief, is entitled to contribution pursuant to CPLR §§1401 and 1402 from Bryan's Home Improvement Corp., jointly and severally.

<h3>AS AND FOR A FIFTH CAUSE OF ACTION</h3>

24.    Home Depot repeats and realleges each and every allegation contained in paragraphs "1" through "23" herein with the same force and effect as though the same were set forth at length.

25.    Upon information and belief, pursuant to the SPA, Bryan's Home Improvement Corp. agreed, among other things, to secure liability insurance in favor of or for the benefit of Home Depot, for such claims, suits and liabilities as might be rendered against Home Depot arising out of the performance of the work of Bryan's Home Improvement Corp.

26.    Upon information and belief, Home Depot was to be named as additional insured on the aforesaid liability insurance policy, including primary and excess insurance, to be obtained by Bryan's Home Improvement Corp.

27.    Upon information and belief, Bryan's Home Improvement Corp. has failed to obtain liability insurance naming Home Depot as an additional insured and failed to obtain the insurance policies required and coverage has not been afforded to Home Depot as required by the SPA.

28.    By reason thereof, upon information and belief, Home Depot is entitled to full indemnity from Bryan's Home Improvement Corp. or such damages allowable under the law, for breach of the SPA together with costs and expenses in the defense of the within action, including attorney's fees.

**WHEREFORE**, Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. respectfully requests the Court to enter judgment as follows:

#1455317v1

(a)     if Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. is found liable to Plaintiff, which liability is denied, granting Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. judgment on its first, second, third, fourth and fifth causes of action for contribution and/or indemnification, as well as breach of contract against Third-Party Defendant Bryan's Home Improvement Corp., jointly and separately; and

(b)     such other, further and different relief as to this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 5, 2017

Yours, etc.,

D'AMATO & LYNCH, LLP

By:     _____
        Arturo M. Boutin, Esq.

        *Attorneys for Defendant/Third-Party Plaintiff*
        *HOME DEPOT U.S.A., INC.*
        225 Liberty Street
        New York, New York 10281
        (212) 909-2028
        **Our File No.: 930-83092**

TO:   BRYAN'S HOME IMPROVEMENT CORP.
      2 Franka Place, Apt. #9
      Spring Valley, New York 10977

#1455317v1

GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
*Attorneys for Plaintiff*
*DANIEL RIVERA*
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

#1455317v1