# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RIVERA,                                    **Civil No.: 16cv7552**

                                    Plaintiff,

                                                  **PLAINTIFF'S RESPONSE**
            -against-                             **TO DEFENDANT HOME**
                                                  **DEPOT'S INTERROGATORIES**
HOME DEPOT U.S.A., INC.,

                                    Defendant.

HOME DEPOT U.S.A., INC.,

                                    Third-Party Plaintiff,

            -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                                    Third-Party Defendant.

        **PLEASE TAKE NOTICE** that Plaintiff DANIEL RIVERA by his attorneys

GINARTE O'DWYER GONZÁLEZ GALLARDO & WINOGRAD, LLP, responds to the

Demand for Interrogatories of defendant HOME DEPOT U.S.A., INC., as follows:

**Interrogatory No. 1**
State the names and addresses of all persons who have knowledge of any relevant facts relating to
the claims asserted in the Complaint and set forth the nature of their knowledge.

**Plaintiff, Daniel Rivera; 104 E. Jersey St., 1st Floor, Elizabeth, NJ 07206.**

**There were approximately five people at the site that day. A co-worker, Carlos (last name
and address unknown) was present at the scene when the accident occurred. His supervisor
Alonzo Loja was at the project that day but was not present at the precise time this accident
occurred.**

**My Attorney states: unknown representatives of all defendants/third-party defendants to
this action who owned, controlled, managed and operated the construction activities at the
subject site. Representatives from the U.S. Department of Labor Occupational Safety and
Health Administration (OSHA) who investigated this incident (Inspection Number**

1089081). EMS personnel who transported plaintiff from the scene to St. Joseph's Hospital. The treating physicians and medical personnel who have treated plaintiff for the injuries sustained in this incident.

<u>Interrogatory No. 2</u>
State the exact date and approximate hour on said date when it is claimed the incident alleged in the Complaint occurred.

**August 22, 2015 at approximately 11:00 a.m.**

<u>Interrogatory No. 3</u>
State the exact location where said incident alleged in the Complaint occurred.

**58 Cook Avenue, Yonkers, NY 10701.**

<u>Interrogatory No. 4</u>
State plaintiff's present age, place and date of birth, and social security number.

**Plaintiff's date of birth is July 28, 1978 (38 years old). Born in El Salvador. No Social Security number.**

<u>Interrogatory No. 5</u>
State specifically and describe fully the manner and way in which plaintiff claims the incident alleged in the Complaint occurred.

**Plaintiff was in the process of dismounting from an unsecured 32' extension ladder he had ascended to the second floor balcony level (also referred to as 'flat roof') of the subject home when the ladder he was on shifted causing him to fall and he reached out with his hand to grab onto another ladder (12' section of an aluminum extension ladder) that was by the balcony which came into contact with energized power lines by the home and he was shocked and caused to fall backwards into the balcony ('flat roof') area.**

<u>Interrogatory No. 6</u>
State whether the alleged incident or occurrence was reported to anyone; if such report was made, set forth the name of the person to whom each report was made, the name of the person making each report, and the date of each said report.

**The accident was reported to EMS who transported him to St. Joseph's Hospital from the accident scene.**

<u>Interrogatory No. 7</u>
State the acts of negligence or omissions that plaintiff is alleging against the answering defendant.

Defendant, HOME DEPOT U.S.A., INC., its agents, licensees, servants and/or employees, were careless, reckless and negligent in the ownership, operation, management, maintenance and control of the aforesaid premises and/or workplace; in failing to provide plaintiff with a safe place to work; in failing to provide requisite equipment as mandated by OSHA and the Industrial Code; in causing and/or permitting unsafe conditions to exist at the aforesaid work site which constituted

a danger, hazard and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take necessary steps and measures to protect the security of the plaintiff; in causing and/or permitting the plaintiff to work and be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for plaintiff's safety and welfare; in causing and/or permitting the existence of a condition which was dangerous, hazardous and unsafe;  in failing to construct, equip, place, guard, arrange and maintain the workplace at the aforementioned work site so as to give proper protection to the plaintiff; in failing to provide to Plaintiff proper training to enable him to be secure and safe at the time of the occurrence; in failing to take reasonable precautions to control, supervise, inspect and otherwise assure that plaintiff could perform plaintiff's duties under safe working conditions, such that there was an undue risk of injury under the circumstances then and there existing; in causing, permitting and/or allowing the aforementioned premises to be, become and remain unsafe for Plaintiff; in failing to provide requisite equipment properly maintained and in condition for Plaintiff and other workers to perform their duties; in failing to provide timely inspections of ladders and equipment used by Plaintiff to ensure their safety; in failing to provide proper safety equipment and protection to Plaintiff; in failing to provide an adequate work force; in failing to provide properly qualified personnel to assist with the machinery; in not providing proper mechanisms for Plaintiff to apply safety actions at the time of the occurrence; in permitting unsafe conditions to exist at the aforesaid site which constituted a dangerous hazard as well as a menace to the safety of the Plaintiff; in causing a hazard to persons lawfully present on the aforesaid premises; in causing and/or permitting the aforementioned conditions to be existent for a considerable length of time prior to the accident, and the defendants, their agents, servants and/or employees knew or should have known that such hazardous and dangerous condition would be present;  in failing to correct or remedy such conditions all of which defendants had actual and constructive notice;  in failing to inspect the said premises; in failing to warn or apprise the plaintiff of the danger to plaintiff's person; in failing to properly barricade or safeguard said conditions; in allowing a dangerous condition to exist causing a hazard to plaintiff; in failing to use reasonable care, caution and forbearance that should have been exercised under the circumstances and the situation that prevailed and existed at the time and place of the said occurrence; in failing to provide the plaintiff with equipment and or tools that complied with the proper rules and regulations of the State of New York; in failing to guard the materials/equipment used so as to comply with all applicable safety regulations;  in failing to place the proper covers and/or guards on the materials provided to the plaintiff; in violating the laws of the State of New York; and the rules, regulations and ordinances of the City of New York in force and effect at the time of happening of this accident; in violating the rules, regulations and ordinances of the U.S. Department of Labor Occupational Safety and Health Administration in force and effect at the time of the occurring of this accident; in negligently and carelessly permitting a "live" electrical connection to exist that created an unsafe, dangerous, hazardous and unsuitable condition for Plaintiff to work in; in negligently and carelessly permitting energized powerlines to exist that created an unsafe, dangerous, hazardous and unsuitable condition for Plaintiff to work in; in negligently and carelessly permitting ladders to be used by Plaintiff which could contact energized electrical equipment that did not have nonconductive side rails; in negligently and carelessly allowing the Plaintiff to use an unsecured 32' extension ladder; in negligently and carelessly permitting Plaintiff to use conductive ladders which could contact energized power lines in the immediate area; in failing to provide Plaintiff with reasonable and adequate protection against all electrical power that had been terminated and or was still running through the location; and all these conditions defendants, their agents, servants and/or employees had due notice of and by reasonable care and inspection could have avoided same.

Defendant HOME DEPOT U.S.A., INC., violated applicable sections of the New York State Labor Laws §200, §240(1) and §241(6), common law negligence and various sections of Rule 23 of the Industrial Code of the State of New York, including but not limited to, §12NYCRR, §§23-1.5(a),(b),(c); 1.7(a),(b),(c),(d),(e),(f),(g) and (h); 1.8(a),(b),(c) and (d); 1.13(a)(b)(c) and (d); 1.15(a)(b)(c)(d) and (e); 1.16(a),(b),(c),(d),(e) and (f); 1.17(a)(b)(c)(d) and (e); 1.21 (a),(b),(c),(d),(e) and (f) as well as OSHA regulations and standards including but not limited to 29 CFR 1926.1053(b)(12) and 29 CFR 1926.1060(a).

**Interrogatory No. 8**
If any acts, omissions, dangerous or defective condition caused by the answering defendant is alleged by plaintiff, state for such acts, omissions, dangerous or defective condition alleged:

(a) The nature and location of such;

   *See* **response to Interrogatory No. 7 above. The defendants unsafely, negligently and carelessly permitted the Plaintiff to perform his assigned work with unsecured ladders and materials in an area where he was subjected to energized powerlines by the second level of the subject home.**

(b) Whether it will be claimed the answering defendant had actual or constructive notice thereof;

   **Without in any way conceding that actual or constructive notice is a necessary prerequisite to the suit herein, plaintiff claims that the defendants, their agents, servants, and/or employees, the exact identities of all individuals are not presently known or available to the plaintiff, and subject to further discovery proceedings, had actual notice of the unsafe conditions and did create said unsafe conditions; including but not limited to services relative to the hiring, supervision and training of their agents, servants and/or employees and actual notice was given to the defendants prior to this accident.  Plaintiff is unable to further respond to this demand until completion of further discovery proceedings and depositions.**

(c) If actual notice is claimed, when and to whom same was given;

   *See* **response to (b) above.**

(d) If it is alleged that the answering defendant or its agent, servant and/or employee caused or created such acts, omissions, dangerous or defective condition, state the name of the person who caused or created such and the date when such was caused or created; and

   **Plaintiff's supervisor, Alonzo Loja in addition to unknown representatives of all defendants/third-party defendants to this action who owned, controlled, managed and operated the construction activities at the subject site.**

(e) If constructive notice is claimed, state the length of time the acts, omissions, dangerous or defective condition existed before the accident;

*See* response to (b) above.

**Interrogatory No. 9**
If work at, or in, or near, the premises is claimed to be defective, then:

    (a) Describe the work involved;
      ***See* responses to Interrogatories numbered 5 and 7 above. Assigned roofing work by the second level of the subject home.**

    (b) What was the location within the premises of said work;
      ***See* responses to Interrogatories numbered 5 and 7 above. The area of the second floor balcony (also referred to as 'flat roof') of the subject home.**

    (c) What portions of the work was defective;
      ***See* responses to Interrogatories numbered 5 and 7 above. The ladders provided for Plaintiff's usage at the site and the energized power lines by the second floor balcony (also referred to as 'flat roof') of the subject home.**

    (d) In what manner did the allegedly defective work cause the occurrence;
      ***See* responses to Interrogatories numbered 5 and 7 above. The defendants unsafely, negligently and carelessly permitted the Plaintiff to perform his assigned work with unsecured ladders and materials in an area where he was subjected to energized powerlines by the second level of the subject home.**

**Interrogatory No. 10**
Set forth the manner in which plaintiff has mitigated damages, including the amount, if any, recovered in salvage, including the name and address of salvager or of party to whom disposed of and gross and net recovery.

**Not applicable, as this interrogatory pertains to property damage based claims.**

**Interrogatory No. 11**
If plaintiff's action is subrogated:
(a) Set forth a true and correct copy of proof of loss, loan receipt and subrogee's inspection report.
(b) State the full and corporate name of plaintiff's subrogee.
(c) Set forth the name and last known address of any adjustors or investigators assigned by plaintiff's subrogee to investigate plaintiff's claims.

**Not applicable, as this interrogatory pertain to subrogation based claims.**

**PLEASE TAKE FURTHER NOTICE** that the Plaintiff is aware of the continuing nature

of this demand and reserves his right to amend this response accordingly.


Dated: New York, New York
      May 23, 2017

                    Very truly yours,

                    **GINARTE, O'DWYER, GONZALEZ,**
                    **GALLARDO & WINOGRAD, LLP.**

                    *Michael L. Edelman*

                    Michael L. Edelman, Esq.
                    Attorneys for Plaintiff
                    **DANIEL RIVERA**
                    225 Broadway, 13th Floor
                    New York, New York 10007-3772
                    (212) 601-9700


To:    **D'AMATO & LYNCH, LLP**
       Attorneys for Defendant/Third-Party Plaintiff
       **HOME DEPOT U.S.A., INC.**
       225 Liberty Street
       New York, New York 10281
       (212) 269-0927

       **CONNORS & CONNORS, P.C.**
       Attorneys for Third-Party Defendant
       **BRYAN'S HOME IMPROVEMENT CORP.**
       766 Castleton Avenue
       Staten Island, New York 10310
       (718) 442-1700