UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL RIVERA,

                Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

                Defendant.

Civil No.: 16cv7552

**Hon. Katherine B. Forrest**

---

HOME DEPOT U.S.A., INC.,

                Third-Party Plaintiff,

-against-

BRYAN'S HOME IMPROVEMENT CORP.,

                Third-Party Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TABLE OF CONTENTS

Preliminary Statement....................................................................................2

Argument.........................................................................................................3

    I.      DEFENDANT HOME DEPOT VIOLATED LABOR LAW 240(1) BY PROVIDING INSUFFICIENT SAFETY EQUIPMENT TO PROTECT PLAINTIFF FROM AN ELEVATION RISK DURING THE PERFORMANCE OF HIS WORK....................................................................................3

    II.     COMPARATIVE NEGLIGENCE IS NOT SUFFICIENT TO CREATE AN ISSUE OF FACT WITH RESPECT TO DEFENDANT'S VIOLATION OF LABOR LAW 240(1)..............6

    III.    THE FAILURE TO PROPERLY SECURE THE LADDER AND EXPOSING PLAINTIFF TO ELECTRIC SHOCK RENDERED DEFENDANT HOME DEPOT LIABLE FOR VIOLATIONS OF LABOR LAW 241(6).................................................................7

        A) *Defendant's failure to secure the ladder was a violation of 12 NYCRR 23-1.21(b)(4)(iv)*..............................................................8

        B) *Defendant's failure to take proper precautions with respect to live electrical wiring resulting in Plaintiff suffering an electrical shock was a violation of 12 NYCRR 1-13(b)(3) and (4)*..........................9

Conclusion.....................................................................................................11

## Table of Authorities

*Carlos v. W.H.P. 19, LLC*, 280 A.D.2d 419, 720 N.Y.S.2d 496 (1st. Dept. 2001)......................................................................................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986)......................................3

*DiPalma v. State*, 90 A.D.3d 1659, 936 N.Y.S.2d 464 (4th Dept. 2012)......................................................................................................3

*Gordon v. Eastern Railway Supply, Inc.*, 82 N.Y.2d 555, 606 N.Y.S.2d 127(1993)......................................................................................................9

*Hart v. Turner Const. Co.*, 30 A.D.3d 213, 818 N.Y.S.2d 499 (1st Dept., 2006)..................................................................................................5, 6

*Haulotte v. Prudential Insurance Company of America*, 266 A.D.2d 38, 698 N.Y.S.2d 24 (1st Dept., 1999)......................................................................................................4

*Kosavick v. Tishman Constr. Corp.*, 50 A.D.3d 287, 855 N.Y.S.2d 433 (1st Dept., 2008)......................................................................................................5

*Melchor v. Singh*, 90 A.D.3d 866, 935 N.Y.S.2d 106 (2d Dept. 2011)..................4, 9

*McAllister v 200 Park, LLP.*, 92 A.D.3d 927, 939 N.Y.S.2d 538 (1st Dept. 2012)......................................................................................................4

*Padilla v. Frances Schervier Hous. Dev. Fund Corp.*, 303 A.D.2d 194, 196, 758 N.Y.S.2d 3, 5 (1st Dep't 2003)......................................................................................................8

*Peralta v. AT&T*, 29 A.D.3d 493, 816 N.Y.S.2d 436 (1st Dept., 2006).....................7

*Rich v. State of New York*, 231 A.D.2d 942, 648 N.Y.S.2d 195 (4th Dept., 1996)..........6

*Rizzuto v. Wenger Contr. Co.*, 91 N.Y.2d 343, 348, 670 N.Y.S.2d 816 (1998)......................................................................................................8

*Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 577 N.Y.S.2d 219 (1991)......................................................................................................4

*Ross v. Curtis-Palmer Hydro Electric Co.*, 81 N.Y.2d 494, 501-02, 601 N.Y.S.2d 49 (1993)......................................................................................................7

*Rudnik v. Brogor Realty Corp.*, 45 A.D. 3d 828, 847 N.Y.S.2d 141 (2d Dept., 2007)......................................................................................................4

*Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599, 603, 895 N.Y.S.2d 279, 895 N.E.2d 279 (2009)..........................................................................................................10

*Sanatass v. Consolidated Investing Co., Inc.*, 10 N.Y.3d 333, 858, N.Y.S.2d 67 (2008)............................................................................................................3

*Torres v. Monroe College,* 12 A.D.3d 261, 785 N.Y.S.2d 57 (1st Dept., 2004)...........4, 6

*United States ex rel. Romano v. N.Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006)..............................................................................................................3

*Wilinski v. 334 East 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1, 959 N.E.2d 488 (2011)............................................................................................................4

## Statutes

Fed. R. Civ. P. 56(c)..........................................................................................3

Labor Law 240(1)

Labor Law 241(6)

Labor Law 200

12 NYCRR 23-1.21(b)(4)(iv)..............................................................................8

12 NYCRR 23-1.13(b)(3) and (4)........................................................................9

## Preliminary Statement

This is an action for personal injuries which arise out of an accident which occurred on August 22, 2015. At that time Mr. Rivera, a 37 year-old construction worker employed by Bryan's Home Improvement, was performing roofing work at a residential property located at 58 Cook Avenue in Yonkers. The gentleman had been instructed by his boss to carry a 12' to 16' portion of a metal extension ladder up another ladder to a second floor balcony. That area was to be used as a staging area to access the roof. It is important to note that the balcony was surrounded by a metal fence. This other ladder was also made of metal and measured approximately 42'. Mr. Rivera's boss had set the ladder up on the left side of the home in close proximity to the adjacent property's high tension wires. The ladder was not fastened on the bottom and inadequately secured on the top. While ascending the ladder and as he neared the top of the balcony's metal fencing, the ladder started to slip sideways which caused Mr. Rivera to fall approximately 7' from the ladder onto the balcony area. As the gentleman fell the ladder he had been carrying contacted the exposed electrical power lines sending a shock through the left side of his body.

Daniel Rivera was egregiously injured as a result of blatant violations of New York Labor Law § 240(1), 241(6) and 200. As will be addressed in greater detail below, Defendant Home Depot, Inc. utterly failed to maintain their non-delegable duty to furnish Mr. Rivera with appropriate safety equipment to prevent a significant and catastrophic elevation related risk. By supplying an insufficient ladder, which was improperly placed and inadequately secured, Plaintiff was sustained significant and permanent injury. As a result of the undisputed failure of the only available safety devices, Plaintiff is entitled to summary judgement pursuant to Labor Law 240(1) and Labor Law 241(6).

**Summary Judgment Standard**

Summary judgment should be granted where "there is no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the movant must "'demonstrate the absence of a genuine issue of material fact. . . . The burden is then on the non-moving party to set forth specific facts raising a genuine issue of fact for trial.'" *United States ex rel. Romano v. N.Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986)).

**Argument**

I. **DEFENDANT HOME DEPOT VIOLATED LABOR LAW 240(1) BY PROVIDING INSUFFICIENT SAFETY EQUIPMENT TO PROTECT PLAINTIFF FROM AN ELEVATION RISK DURING THE PERFORMANCE OF HIS WORK.**

Section 240(1) of the Labor Law, often referred to as the "Scaffold Law," provides that "all contractors and owners and their agents" engaged in demolition, repairing, or altering a building or structure shall furnish, or erect, or cause to be furnished and erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and any other device which shall be so constructed so as to be placed and operated so as to give proper protection to a person so employed. *Sanatass v. Consolidated Investing Co., Inc.*, 10 N.Y.3d 333, 858, N.Y.S.2d 67 (2008); *Gordon v. Eastern Railway Supply, Inc.*, 82 N.Y.2d 555, 606 N.Y.S.2d 127(1993). The purpose of this section is to protect workers by placing the "ultimate responsibility" for worksite safety on the owner and general contractor, instead of the workers themselves Id. Thus, §240(1) imposes absolute liability on owners, contractors and their agents for failing to provide safety devices necessary for the protection of

workers subject to the risks inherent in elevated worksites who sustain injuries proximately caused by that failure. *Rocovich v. Consolidated Edison Co.,* 78 N.Y.2d 509, 577 N.Y.S.2d 219 (1991); *Torres v. Monroe College,* 12 A.D.3d 261, 785 N.Y.S.2d 57 (1st Dept., 2004).

The "core premise" of Labor Law § 240(1) jurisprudence is "that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability" *Wilinski v. 334 East 92nd Hous. Dev. Fund Corp.,* 18 N.Y.3d 1, 959 N.E.2d 488 (2011). Here, similar to the plaintiff in *Wilinski,* plaintiff "suffered harm that 'flow[ed] directly from the application of the force of gravity.' Moreover, "the single decisive question" is whether here, as in *Wilinski,* the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential. See *Runner v. New York Stock Exch., Inc.,* 13 N.Y.3d 599, 603, 895 N.Y.S.2d 279, 895 N.E.2d 279 (2009); *DiPalma v. State,* 90 A.D.3d 1659, 936 N.Y.S.2d 464 (4th Dept. 2012). See also: *McAllister v 200 Park, LLP.,* 92 A.D.3d 927, 939 N.Y.S.2d 538 (1st Dept. 2012) (the evidence demonstrated that the plaintiff's injury was the result of an elevation differential within the scope of Labor Law § 240(1)); *Haulotte v. Prudential Insurance Company of America,* 266 A.D.2d 38, 698 N.Y.S.2d 24 (1st Dept., 1999) (The four foot elevation of the scaffold cannot be said to have posed a gravity related risk that was "miniscule").

In order to prevail on a Labor Law §240(1) cause of action, the plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries *Melchor v. Singh,* 90 A.D.3d 866, 935 N.Y.S.2d 106 (2d Dept. 2011); *Rudnik v. Brogor Realty Corp.,* 45 A.D. 3d 828, 847 N.Y.S.2d 141 (2d Dept., 2007) Once a plaintiff makes a prima facie showing, the burden then shifts to the defendant, who may only defeat the plaintiff's summary judgment motion if there is a plausible view of the evidence enough to raise a fact question that

4

there were no statutory violations and that the plaintiff's own acts or omissions were the sole cause of the accident.

It is undisputed that at the time of the accident plaintiff's work activities were at an elevated height and were entirely related to the performance of the project that was in progress on the day of the accident. Therefore, plaintiff was engaged in protected activity under the Labor Law. It is also undisputed that Home Depot was the general contractor and as such would be responsible for safety at the site and would be the responsible party for providing proper safety protection to workers on the project under the Labor Law. It is also undisputed that the ladder Plaintiff was required to use was poorly and inadequately tied at the top and not mechanically or manually secured at the bottom. In addition, Home Depot's manager Jorge Palacios acknowledged that this was a "difficult" job and that there was a real danger of coming into contact with the neighbor's property including live electrical wiring. Furthermore, there was no opportunity for plaintiff to tie off his harness to any potential anchor points as it was his first time ascending the ladder at the left side of the home that day (as confirmed through testimony by Home Depot's Manager Jorge Palacios).

Where, as here, the provided safety device collapses, slips or otherwise fails to perform its function supporting the worker, a prima facie entitlement to partial summary judgment is established. *Hart v. Turner Const. Co.* 30 A.D.3d 213, 818 N.Y.S.2d 499 (1st Dept., 2006) (Plaintiff, in moving for summary judgment as to liability on his Labor Law § 240(1) claim, met his prima facie burden through testimony that while he performed his assigned work, the eight-foot ladder on which he was standing shifted, causing him to fall to the ground.); *Kosavick v. Tishman Constr. Corp.*, 50 A.D.3d 287, 855 N.Y.S.2d 433 (1st Dept., 2008) (Once plaintiff

5

makes a prima facie showing that the ladder he was using collapsed, there is a presumption that the ladder was an inadequate safety device.)

The only proper conclusion that can be reached on the evidence presented in this factual scenario is that the ladder from which the plaintiff fell was inadequate in and of itself to protect the plaintiff from the hazards encountered while performing his job thereby entitling him to summary judgment against the defendant on the issue of liability under the Labor Law. *Hart v. Turner Const. Co.* supra; *Rieger v. 303 East 37 Owners Corp.*, 49 A.D.3d 347, 852 N.Y.S.2d 768 (1st Dept., 2008) (Plaintiff injured when he fell from the defendant's unsecured ladder); *Boe v. Gammarati*, 26 A.D.3d 351, 809 N.Y.S.2d 550 (2d Dept., 2006) (Plaintiff fell while descending an unsecured ladder); *Torres v. Monroe College*, supra, (It is apparent that the A-frame provided plaintiff did not properly protect him from an elevation related hazard.) The ladder was not properly secured and Plaintiff unequivocally testified that the ladder shifted and caused him to fall into the staging area. Therefore, Plaintiff has asserted a prima facie case and the burden shifts to the Defendant to raise a triable issue of fact.

### II. COMPARATIVE NEGLIGENCE IS NOT SUFFICIENT TO CREATE AN ISSUE OF FACT WITH RESPECT TO DEFENDANT'S VIOLATION OF LABOR LAW 240(1).

Any contention that Mr. Rivera may have been negligent is unavailable. *Rich v. State of New York*, 231 A.D.2d 942, 648 N.Y.S.2d 195 (4th Dept., 1996) (It is the responsibility of the owner and general contractor, not the worker, to ensure the proper placement and use of the safety devices); *Young v. Syroco, Inc.*, 217 A.D.2d 1011, 629 N.Y.S.2d 931 (4th Dept., 1995) (Plaintiff is not required to guarantee his own safety by placing appropriate safety devices in a proper manner.) Even assuming the defendant can prove that Mr. Rivera contributed to the happening of his accident, contributory negligence is not a defense from a prima facie showing

6

of §240(1) liability. *Peralta v. AT&T*, 29 A.D.3d 493, 816 N.Y.S.2d 436 (1st Dept., 2006) (Unrefuted evidence that the unsecured ladder moved combined with evidence that no other safety devices were provided for the plaintiff warranted a finding that the owners were absolutely liable under the Labor Law notwithstanding claims of comparative negligence); *Carlos v. W.H.P. 19, LLC*, 280 A.D.2d 419, 720 N.Y.S.2d 496 (1st. Dept. 2001). (Plaintiff's motion for partial summary judgment under the Labor Law §240(1) should have been granted insomuch as comparative negligence is not a defense in such a claim. The improper placement of the ladder and the failure to secure it were violations of Labor Law 240(1) and therefore, plaintiff's actions could not, as a matter of law, have been the sole proximate cause of the accident.)

The only proper conclusion that can be reached on the evidence presented by this case is that the ladder from which Mr. Rivera fell was inadequate in and of itself to protect him from the hazards encountered while performing his job thereby entitling him to summary judgment against Home Depot on the issue of liability pursuant to Labor Law 240(1).

### III. THE FAILURE TO PROPERLY SECURE THE LADDER AND EXPOSING PLAINTIFF TO ELECTRIC SHOCK RENDERED DEFENDANT HOME DEPOT LIABLE FOR VIOLATIONS OF LABOR LAW 241(6).

As with Labor Law §240(1), Labor Law §241(6) applies to Home Depot in its capacity as the general contractor of the site where upon the accident occurred. The statute imposes the non-delegable duties of providing reasonable and adequate protection and safety to workers and "comply[ing] with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." *Ross v. Curtis-Palmer Hydro Electric Co.*, 81 N.Y.2d 494, 501-02, 601 N.Y.S.2d 49 (1993). As the duties pursuant to Labor Law §241(6) are non-delegable, a

Plaintiff "need not show that Defendants exercised supervision or control over his worksite in order to establish his right of recovery." Id. at 502.

It is well settled that to prevail under Labor Law §241(6), a plaintiff must establish that the defendants breached certain "concrete specifications" of the Industrial Code, as promulgated by the Commissioner of Labor, containing specific commands and standards opposed to a general reiteration of common-law principles, and that the violation was a proximate cause of the injury. Id. at 501-02; *Padilla v. Frances Schervier Hous. Dev. Fund Corp.*, 303 A.D.2d 194, 196, 758 N.Y.S.2d 3, 5 (1st Dep't 2003). *Rizzuto v. Wenger Contr. Co.,* 91 N.Y.2d 343, 348, 670 N.Y.S.2d 816 (1998); *Ross v. Curtis-Palmer Hydro-Electric Co.*, supra; *Whalen v. City of New York*, supra. Hence, in order to support a claim pursuant to this section of the Labor Law, the Industrial code provision must be sufficiently specific and applicable to the present facts. In this case, Plaintiff has alleged violations of Industrial code 12 NYCRR 23-1.21((b)(4)(iv) and 12 NYCRR §§ 1.13(b)(3) and (4).

> A) *Defendant's failure to secure the ladder was a violation of 12 NYCRR 23-1.21(b)(4)(iv)*

Turning first to 12 NYCRR 23-1.21(b)(4)(iv) , Home Depot violated this section of the Industrial Code which states as follows:

> When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means. When work is being performed from rungs higher than 10 feet above the ladder footing, mechanical means for securing the upper end of such ladder against side slip are required **and** the lower end of such ladder shall be held in place by a person unless such lower end is tied to a secure anchorage or safety feet are used.

8

There is ample authority supporting this contention as sufficiently specific and directly applicable where an injured worker falls from an unsecured ladder. See *Grant v New York*, 109 AD3d 961, 972 NYS2d 86 (2d Dept 2013) (§ 23-1.21((b)(4)(iv) (finding code provision applicable where plaintiff fell from unsecured ladder); *Melchor v Singh*, 90 AD3d 866, 935 NYS2d 106 (2d Dept 2011) (§ 23-1.21(b)(4)(iv) applicable where plaintiff was working at a height at which certain protective measures were required but not provided); *Deshields v Carey*, 69 AD3d 1191, 897 NYS2d 254 (3d Dept 2010) (§ 23-1.21(b)(4)(iv) (sufficiently specific to support Labor Law § 241(6) cause of action and applicable where plaintiff injured when closed A-frame ladder leaning against spherical boiler collapsed as he attempted to climb it).

Here Mr. Rivera was standing near the top of "Ladder 1" (the leaning extension ladder), a little higher than the side metal railing of the upper balcony. He was working higher than 10 feet above the area of the ladder footing (on the landing above the staircase) and "Ladder 1" was required to be secured mechanically at the top to prevent slippage and also needed to be held in place by a person at the bottom. Notably, the ladder was **not** secured by a person holding it at the bottom and it was **not** secured to prevent slippage at the top where plaintiff's boss Alonzo had poorly and inadequately attempted to tie it to the railing. Accordingly, this code has been violated and Home Depot should face absolute liability for this violation.

> B) *Defendant's failure to take proper precautions with respect to live electrical wiring resulting in Plaintiff suffering an electrical shock was a violation of 12 NYCRR 1-13(b)(3) and (4).*

In addition to the foregoing, Home Depot also violated §§ 1.13(b)(3) and (4) of the Industrial Code relate to "Electrical Hazards." Those sections set forth in pertinent part as follows:

9

**(3): Investigation and warning.** Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. The employer shall post and maintain proper warning signs where such a circuit exists. He shall advise his employees of the locations of such lines, the hazards involved and the protective measures to be taken.

**(4): Protection of employees.** No employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means. In work areas where the exact locations of underground electric power lines are unknown, persons using jack hammers, bars or other hand tools which may contact such power lines shall be provided with insulated protective gloves, body aprons and footwear.

First, it is well-settled that 12 N.Y.C.R.R. § 23-1.13(b) is a sufficient predicate violation of the Industrial Code to support a Labor Law § 241(6) cause of action. In fact, the Appellate Division, First Department stated as such in granting plaintiff summary judgment on a Labor Law § 241(6) claim predicated on a violation of 12 N.Y.C.R.R. § 23-1.13(b) in *DelRosario v. United Nations Federal Credit Union*, 104 A.D.3d 515, 516 (1st Dep't 2013):

> Plaintiff is also entitled to judgment as a matter of law on the issue of defendants' liability under Labor Law § 241(6) predicated on violations of 12 NYCRR 23-1.13(b)(3) and (4). These code sections are clear and specific in their commands that before work is started, it is to be ascertained whether the work will bring a worker into contact with an electric power circuit, and, if so, that the worker not be permitted to come into contact with the circuit without being de-energized (see 12 NYCRR 23-1.13(b)(4); *Hernandez v. Ten Ten Co.*, 31 A.D.3d 333 (1st Dep't 2006); *Snowden v. New York City Tr. Auth.*, 248 A.D.2d 235 (1st Dep't 1998)).See *Rice v Cortland*, 262 AD2d 770, 691 NYS2d 616 (3d Dept 1999) (holding § 23-1.13 is a sufficiently specific safety directive to support cause of action under Labor Law § 241(6)).

It is indisputable that Mr. Rivera was subjected to the exposed power lines while he performed his assigned tasks and this resulted in his electric shock. He was instructed to carry up a section of a metal extension ladder to the upper balcony of the home and bring it over a

metal fence surrounding the balcony at the time of this electric exposure. The ladder was improperly placed by his supervisor in a dangerous location exposing Plaintiff to the possibility of electrical shock. Mr. Palacios acknowledged and warned Plaintiff's employer's there was a possibility of the work coming into contact with the neighbors power lines. Pursuant to (b)(3), investigation should have been conducted into these risks and warnings should have been placed to advise Mr. Rivera of the risks and positioning of the power lines. Pursuant to (b)(4), Mr. Rivera was 'suffered... to work in such proximity to" the power lines and the lines were not protected through guarding, insulation or other means. As such, this code section has also been violated and serves as predicate for an additional violation of the Labor Law § 241(6). In addition, as there is no possibility of comparative negligence where he was simply following the explicit instructions of his supervisor, Plaintiff is entitled to summary judgment pursuant to Labor Law 241(6).

## Conclusion

For the all of the foregoing reasons, Plaintiff's motion for partial summary judgment against Defendant Home Depot, Inc. pursuant to Labor Law 240(1) and Labor Law 241(6) should be granted in its entirety.

New York, New York

Dated:

January 5, 2018 /s/Steve R. Payne

--------------------------

**GINARTE GALLARDO GONZALEZ WINOGRAD, LLP.**

By: Steven R. Payne

Attorneys for Plaintiff
**DANIEL RIVERA**

225 Broadway, 13th Floor
New York, New York 10007-3772
(212) 601-9700

**D'AMATO & LYNCH, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**HOME DEPOT U.S.A., INC.**
225 Liberty Street
New York, New York 10281
(212) 269-0927

**CONNORS & CONNORS, P.C.**
Attorneys for Third-Party Defendant
**BRYAN'S HOME IMPROVEMENT CORP.**
766 Castleton Avenue
Staten Island, New York 10310
(718) 442-1700