UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

DANIEL RIVERA,

                Plaintiff,

      -against-

HOME DEPOT U.S.A., INC.,

                Defendant.

-------------------------------------------------------------- X

HOME DEPOT U.S.A., INC.,

                Third-Party Plaintiff,

      -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                Third-Party Defendant.

-------------------------------------------------------------- X

**Civil No.: 16-CV-7552**

**Hon. Katherine B. Forrest**

**COUNTERSTATEMENT OF FACTS**

Third-Party Index
Civ. No.:

DEFENDANT/THIRD-PARTY PLAINTIFF HOME DEPOT U.S.A., INC.'S RULE 56.1
COUNTERSTATEMENT OF FACTS IN OPPOSTION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

Defendant/Third Party Plaintiff Home Depot U.S.A., Inc. ("Home Depot") submits the following Rule 56.1 Statement pursuant to Rule 56.1 in opposition to plaintiff's motion for partial summary judgment;

    1.    Plaintiff, a 39 year-old laborer, claims that at about 11 a.m. on August 22, 2015, he sustained personal injuries, namely to his lower back, neck, left side, including left arm and hand, and his left eye after slipping and falling from a ladder while working as an employee for third-party defendant Bryan's Home Improvement Corp. ("Bryan's") at a residence located at 58 Cook Avenue, Yonkers, New York 10701 (the "Premises"). (Exhibit A at lines 17-18) There are at least three explanations concerning how his alleged accident occurred:

- According to the U.S. Department of Labor – Occupational Safety and Health Administration Inspection Report dated September 11, 2015, plaintiff was climbing a ladder and carrying a 12 foot section of an aluminum extension ladder. While

#1632085v2

carrying the ladder to the next level, plaintiff struck the overhead power lines of the home next door. (Exhibit D)

- Plaintiff, however, claims that the ladder he was climbing shifted to the right and plaintiff fell seven feet onto a second-floor roof. As plaintiff fell, he was electrocuted when the ladder he was carrying came into contact with an electrical wire attached to an adjacent home. Plaintiff claims he lost consciousness, and it was a co-worker who told him how his alleged accident occurred. (Exhibit A at pg. 52, lines 2-4)

- In his Interrogatories, plaintiff provides yet another account, namely, that he was in the process of dismounting from an unsecured 32-foot extension ladder to the second-floor balcony level (also referred to as a "flat roof") of the Premises when the ladder he was on shifted, causing him to fall. Plaintiff reached out with his hand to grab onto another ladder (a 12-foot section of an aluminum extension ladder) that was by the balcony. The ladder he grabbed came into contact with energized power lines by the home and he was shocked, causing him to fall backwards onto the flat roof. (Exhibit C at Response No. 5)

2. At the time of plaintiff's alleged accident, there existed a Master Service Provider Agreement ("SPA") between Home Depot and Bryan's that obligated Bryan's to indemnify Home Depot for any personal injury action arising out of work performed by Bryan's. (Exhibit E at page 7, §10) Home Depot therefore impleaded Bryan's to contractually defend and indemnify Home Depot in this matter, as well for common law indemnification and contribution. (Exhibit E at pg. 7, §10)

Plaintiff's claims against Home Depot are based solely on alleged violations of NY Labor Law §§200, 240 and 241(b). At the time of plaintiff's alleged accident, Home Depot had in effect a contract with the Premises' owner to perform roofing and other exterior work on the Premises. Home Depot subcontracted the work to Bryan's. Pursuant to the Section 10.2 of the SPA, Bryan's agreed to indemnify Home Depot "from and against any losses, liabilities claims, causes of action, lawsuits…suffered, incurred, or sustained by the Home Depot…to the extent resulting from, arising out of or relating to the following acts, or failure act of service provider [Bryan] or service provider personnel…(c) actual or alleged personal injury…" (Exhibit E at pgs. 7, §10).2).

3. Home Depot was not at the worksite at the time of the incident. (Exhibit B at pg. 58, lines 20-25) Home Depot did not control, direct or supervise plaintiff's work. (Exhibit B at pg. 42, lines 9-19) Home Depot did not direct Bryan's placement of its ladder at the premises. (Exhibit B at Pg. 53, lines 17-21) Home Depot was named in this action only as a statutory defendant under NYS Labor Law.

4. No witness, including Bryan's, who never produced a deposition witness, has provided any testimony to dispute that Home Depot was not involved in plaintiff's alleged accident other than being the entity that retained Bryan's to perform the work.

#1632085v2

5.  Concerning plaintiff's claims against Home Depot, the New York Appellate Courts are all in agreement that where the injured worker's version of the accident is inconsistent with his own version or that of another witness, the credibility of the incident is placed in issue. Herein, plaintiff testified that he has no idea how the accident occurred. (Exhibit A at pg. 38, lines 9-12) Instead, his accident account is based on an unidentified co-worker's claim to having witnessed the alleged accident.

6.  Consequently, the mechanics of how the alleged accident occurred are uncertain. Indeed, plaintiff's deposition description of his alleged accident differs from the account his attorney sets forth in Interrogatories. (See Exhibit C at Response No. 5) Simply put, there has been no credible evidence supporting exactly how the allege accident occurred, including plaintiff being the sole proximate cause of his alleged accident due to limited vision in his left eye (as much as 70% vision loss per medical reports), and his lack of training by Bryan's.

7.  At no point in time before plaintiff's alleged accident was Home Depot made aware of any issue with the work being performed by Bryan's. (Exhibit B at pg. 8, lines 20-25) Although Home Depot had specifically told Bryan's where its work should be performed, namely on the other side of the home where plaintiff's alleged accident occurred, it was Bryan's decision to disregard that instruction. (Exhibit B at page 50, lines 4-8)

8.  As a consequence of Bryan's actions, OSHA cited Bryan's, not Home Depot, for performing improper work at the subject location. (Exhibit D)

11. Plaintiff has not demonstrated that Home Depot violated any specific regulatory provision which resulted in his injuries. The record is devoid of any allegation, that Home Depot had any control of the equipment maintained by Bryan's at the work site, let alone that a violation of the industrial code occurred.

WHEREFORE, plaintiff's motion for partial summary judgment should be denied in full.

Dated: February 12, 2018

Respectfully submitted,

*Laurie Beatus*
Laurie Beatus
**D'AMATO & LYNCH, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**HOME DEPOT U.S.A., INC.**
225 Liberty Street
New York, New York 10281
(212) 909-2144

#1632085v2

To:  Steven R. Payne, Esq.
**GINARTE GALLARDO**
**GONZALEZ WINOGRAD LLP**
Attorneys for Plaintiff
**DANIEL RIVERA**
225 Broadway, 13th Floor
New York, New York  10007-3772
(212) 601-9700

Michael DeCarlo, Esq.
**CONNOR & CONNOR**
766 Castleston Avenue
Staten Island, NY 10310
(718) 442-1700

#1632085v2