UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                    :

DANIEL RIVERA,                 :

             Plaintiff,      :     **Index No.: 16-CV-7552**

                    :

      -against-           :

                    :

HOME DEPOT U.S.A., INC.,   :

                    :

           Defendant.   :   Hon. Katherine B. Forrest

                    :

------------------------------------------------------- X
                    :

HOME DEPOT U.S.A., INC.,   :

                    :

        Third-Party Plaintiff,  :

                    :

      -against-           :

                    :

BRYAN'S HOME IMPROVEMENT CORP.,   :

                    :

        Third-Party Defendant.  :

                    :

------------------------------------------------------- X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**Preliminary Statement**

This is an action for personal injuries which arise out of an alleged accident which occurred on August 22, 2015.  At that time, plaintiff, a 37 year-old construction worker employed by third-party defendant Bryan's Home Improvement Corp., (hereafter "Bryan's") was performing roofing work at a residential property located at 58 Cook Avenue in Yonkers (the "Premises").  Plaintiff purports that he had been instructed by his boss to carry a 12' to 16' portion of a metal extension ladder up another ladder to a second floor balcony.  Plaintiff alleges that the ladder was not fastened on the bottom and inadequately secured on the top.  While ascending the ladder and as he neared the top of the balcony's metal fence, plaintiff testified that the ladder started to slip sideways which caused plaintiff to fall approximately 7' from the ladder onto the balcony area.  As he was falling, plaintiff alleges that the ladder he had been carrying contacted the exposed electrical power lines sending a shock through the left side of his body.

Plaintiff's Interrogatories set forth another version of the incident.  Plaintiff was on the ladder, which shifted.  He grabbed another ladder on the balcony and that ladder contacted the wires and caused him a shock.  Plaintiff claims he was inured as a result of violations of New York Labor Law §240(1), 241(6) and 200.  Plaintiff asserts that Home Depot failed to maintain its non-delegable duty to furnish Plaintiff with appropriate safety equipment to prevent a significant and catastrophic elevation related risk.  By supplying an insufficient ladder, which was improperly placed and inadequately secured, Plaintiff claims that he sustained significant and permanent injury.

Plaintiff is not entitled to partial summary judgment pursuant to Labor Law 240 (1) and Labor Law 241(6) in light of the fact that there are several different versions of how his unwitnessed alleged accident occurred. Indeed, the facts of this case clearly show that this is an issue to be decided upon by the trier of fact, as plaintiff may have been the sole proximate cause of his alleged accident by carrying a metal extension ladder near live wires and not because of any improperly stationed or fastened ladder

1

that he was on.

## SUMMARY JUDGMENT STANDARD

Summary judgment should only be granted where "there is no genuine issue as to any material fact [sic] that the moving party is entitle to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the movant must "demonstrate the absence of a genuine issue of material fact with evidentiary proof in admissible form. The burden would shift to the nonmovant to establish that a factual issue requiring trial. *United States ex rel. Romano v. N Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986)).

## ARGUMENT

### I.     HOME DEPOT DID NOT VIOLATE LABOR LAW 240(1)

Section 240(1) of the Labor Law, often referred to as the "Scaffold Law," provides that "all contractors and owners and their agents" engaged in demolition, repairing, or altering a building or structure shall furnish, or erect, or cause to be furnished and erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and any other device which shall be so constructed so as to be placed and operated so as to give proper protection to a person so employed, *Sanatass v. Consolidated Investing Co., Inc.*, 10 N.Y.3d 333, 858, N.Y.S.2d 67 (2008) *Gordon v. Eastern Railway Supply, Inc.* ,82 N.Y. 2d 555, 606 N.Y.S.2d 127(1993). §240(1) imposes absolute liability on owners, contractors and their agents for failing to provide safety devices necessary for the protection of workers subject to the risks inherent in elevated worksites who sustain injuries proximately caused by that failure. *Rocovich v. Consolidated Edison Co.,* 78 N.Y.S.2d 509, 577 N,Y.S.2d 219 (1991); *Torres v. Monroe Callege*,12 A.D.3d 261,785 N.Y.S.2d 57 (lst Dept., 2004).

2

#1632002v2

The "core premise" of Labor Law §240(1) jurisprudence is "that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability" *Wilinski v. 334 East 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d, 959 N.E.2d 488(2011). Herein, plaintiff has not established that Home Depot failed to provide necessary safety devises. Although plaintiff gives two versions of the incident OSHA provided a report indicating that plaintiff's accident occurred while he held an extension ladder in his hand, which contacted wires in the building next door. The ladder did not cause the injury according to OSHA.

It is well settled under New York law that where there is the worker's actions are the sole proximate cause of the incident.

Although, plaintiff asserts that it is undisputed that at the time of the accident plaintiff's work activities were at an elevated height and were entirely related to the performance of the project that was in progress on the day of the accident, their interpretation of the laws is incorrect. It is disputed how the incident occurred, OSHA has a version which does not assert that the ladder was not properly secured. Plaintiff has two different versions of the incident. "Plaintiff was the only witness who asserted the ladder was not properly secured.[1]

---

[1]   Bryan's never produced a witness for an examination, but it their answer to the third party complaint denied the ladders were improperly secured.

3

#1632002v2

his employees of the locations of such lines, the hazards involved and the
protective measures to be taken.

(4)     **Protection of employees.** No employer shall suffer or permit an employee
to work in such proximity to any part of an electric power circuit that he
may contact such circuit in the course of his work unless the employee is
protected against electric shock by de-energizing the circuit and grounding
it or by guarding such circuit by effective insulation or other means. In work
areas where the exact locations of underground electric power lines are
unknown, persons using jack hammers, bars or other hand tools which may
contact such power lines shall be provided with insulated protective gloves,
body aprons and footwear.

It is disputable that plaintiff was subjected to the exposed power lines.  He alleges that he
was instructed by Bryan's to carry up a section of a metal extension ladder to the upper balcony
of the home.  The ladder was purportedly improperly placed by Bryan's in a dangerous location
exposing Plaintiff to the possibility of electrical shock.  However, it is unknown whether an
investigation was not conducted into risks and whether warning were not placed to advise
plaintiff of the risks and positioning of the power lines and the lines were not protected through
guarding, insulation or other means.  As such, it is not clear that any code section has also been
violated to serve as a predicate for an additional violation of the Labor Law §241(6).  As such,
plaintiff is entitled to summary judgment pursuant to Labor Law §241(6).

7

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for partial summary judgment against Home Depot, pursuant to Labor Law §240(1) and Labor Law 241(6) should be denied in its entirety.

New York, New York

Date: February ___,2018

Respectfully submitted,

_____

**D'AMATO & LYNCH, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**HOME DEPOT U.S.A., INC.**
225 Liberty Street
New York, New York  10281
(212) 269-0927

To:   Steven R. Payne, Esq.
      **GINARTE GALLARDO
      GONZALEZ WINOGRAD LLP**
      Attorneys for Plaintiff
      **DANIEL RIVERA**
      225 Broadway, 13th Floor
      New York, New York  10007-3772
      (212) 601-9700

8

#1632002v2

Accordingly, in accordance with applicable Court of Appeals decisions favoring a commons sense approach to the applicability of §240(1), (1) plaintiff unnecessarily exposed himself to a risk when he carried or grabbed a ladder, and (2) plaintiff failed to articulate a Labor Law §240(1) safety device that wold have prevented his alleged accident.

## POINT 2:

### PLAINTIFF IS NOT ENTITLED TO LIAIBLITY UNDER LABOAR LAW §241(6) BECAUSE HE FAILED TO SHOW THAT HOME DEPOT VIOLATED APPLICABLE AND SUFFICIENTLY SPECIFIC INDUSTRIAL CODE PROVISIONS

To recover under §241(6)  "a plaintiff must demonstrate that there was a violation of a specific regulatory provision of the Industrial Code which resulted in his injury." *Medina v. City of New York,* 87 A.D.3d 907, 929 N.Y.S,2d 582 (1ST Dept. 2011); See also *Rizzuto v. LA Wenger Contr,* Corp., 91 N.Y.2d 343,350 (1998).

Plaintiff alleges that Defendants are liable under §241(6) because they violated Industrial Code Section 12 NYCRR 1-13(b)(3) and (4).  Those sections in pertinent part states as follows:

(3)     **Investigation and warning**. Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. The employer shall post and maintain proper warning signs where such a circuit exists. He shall advise

6

#1632002v2

his employees of the locations of such lines, the hazards involved and the

protective measures to be taken.

(4)     **Protection of employees.**  No employer shall suffer or permit an employee
to work in such proximity to any part of an electric power circuit that he
may contact such circuit in the course of his work unless the employee is
protected against electric shock by de-energizing the circuit and grounding
it or by guarding such circuit by effective insulation or other means. In work
areas where the exact locations of underground electric power lines are
unknown, persons using jack hammers, bars or other hand tools which may
contact such power lines shall be provided with insulated protective gloves,
body aprons and footwear.


It is disputable that plaintiff was subjected to the exposed power lines.  He alleges that he

was instructed by Bryan's to carry up a section of a metal extension ladder to the upper balcony

of the home.  The ladder was purportedly improperly placed by Bryan's in a dangerous location

exposing Plaintiff to the possibility of electrical shock.  However, it is unknown whether an

investigation was not conducted into risks and whether warning were not placed to advise

plaintiff of the risks and positioning of the power lines and the lines were not protected through

guarding, insulation or other means.  As such, it is not clear that any code section has also been

violated to serve as a predicate for an additional violation of the Labor Law §241(6).  As such,

plaintiff is entitled to summary judgment pursuant to Labor Law §241(6).

7

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for partial summary judgment against Home

Depot, pursuant to Labor Law §240(1) and Labor Law 241(6) should be denied in its entirety.

New York, New York

Date: February 12, 2018

Respectfully submitted,

**D'AMATO & LYNCH, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**HOME DEPOT U.S.A., INC.**
225 Liberty Street
New York, New York  10281
(212) 269-0927

To:    Steven R. Payne, Esq.
       **GINARTE GALLARDO**
       **GONZALEZ WINOGRAD LLP**
       Attorneys for Plaintiff
       **DANIEL RIVERA**
       225 Broadway, 13th Floor
       New York, New York  10007-3772
       (212) 601-9700

8

#1632002v2