

# Ginarte Gallardo
# González Winograd L.L.P.

JOSEPH A. GINARTE ✻
MICHAEL A. GALLARDO ☐
RICHARD M. WINOGRAD 1☐
MANUEL M. GONZALEZ ᐃ
ELLEN RADIN ᐃ 3
MARK MAURER ☐
LEWIS ROSENBERG ◊ 3
STEVEN R. PAYNE ☐ ∘
ROBERT H. BAUMGARTEN ☐
JOHN J. RATKOWITZ ᐃ
PATRICK M. QUINN +
JAMES P. KRUPKA ᐃ
MATTHEW V. VILLANI ᐃ
RICHARD J. ISOLDE ☐
JOHN M. PIRO ☐
CHRISTOPHER IAVARONE ᐃ
DANIEL L. MAISEL ᐃ
MICHAEL L. EDELMAN ☐
TIMOTHY BARTZOS ᐃ
DENNIS M. BAPTISTA 2ᐃ3
JACQUELINE CLEVELAND SANDY ᐃ
NICHOLAS BLATTI +
TIMOTHY NORTON +
JONATHAN SAKS +
DOREEN E. WINN ☐ 3

ATTORNEYS AT LAW
225 BROADWAY, 13th FLOOR
NEW YORK, NY 10007

(646) 354-4152
FAX: (212) 267-4262

WWW.GINARTE.COM
Ginarte ® is a registered trademark in the
U.S. Patent and Trademark Office

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY
QUEENS

1 CERTIFIED CIVIL TRIAL
ATTORNEY
2 CERTIFIED WORKERS
COMPENSATION ATTORNEY
3 OF COUNSEL
+ ADMITTED TO NY
☐ ADMITTED TO NJ & NY
✻ ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
ᐃ ADMITTED TO NJ
∘ ADMITTED TO CALIFORNIA

ROGER GUARDA, CLAIMS MGR.

EDELMAN & EDELMAN 3
JOSEPH P. CARFORA 3

February 15, 2018

Hon. Katherine B. Forrest USDJ
United State District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

        Re: Rivera v. Home Depot USA v Bryan's Home Improvement
           Docket No.: 16CV7552

Honorable Judge Forrest:

      I am the attorney for Mr. Rivera. This correspondence is directed to your attention in opposition to the request of Mr. De Carlo, filed last evening, in which he seeks leave of Court to conduct defense physical examinations of Mr. Rivera and postpone the trial. As this is completely unwarranted and is in fact extremely prejudicial to the plaintiff, I respectfully object to this application.

      Conveniently absent from the request is any mention of the October 20, 2017, telephone conference which was held with your Honor. The participants included Mr. De Carlo. During the course of the conference and memorialized in your order document #37 is your directive that "affirmative expert reports shall be due no later than Monday, November 20, 2017" and "Expert discovery shall close on Wednesday, December 20, 2017." Notwithstanding Mr. De Carlo's knowledge and agreement of these deadlines there was no attempt to seek the expert physicals prior to last night's correspondence.

      During the same conference the parties agreed to a settlement conference before the magistrate and your order document #38 referred the matter to Magistrate Peck. That settlement conference was subsequently set for January 9, 2018.

In the end of December and well over one month past the expiration of the affirmative expert discovery deadline (November 20, 2017), Mr. Bautin, counsel for Home Depot contacted our office and requested that we allow a physical by an orthopedist and a neurologist. I agreed <u>on the condition that the examinations occur before the settlement conference</u>. The orthopedic examination was never scheduled and deemed waived. Mr. Bautin advised that the neurologist was ill January 3, 2018, and could not do the examination on that date. On that basis, I agreed to allow the examination which was held on January 18, 2018. To date the report of that examination has not been exchanged. It can only be assumed the reason for the non-disclosure is that the report is favorable to the plaintiff. It should be noted that <u>Mr. De Carlo never asked this office for any examinations.</u>

On January 22, 2018, on the final day for opening motions, Mr. De Carlo filed a motion for summary judgment claiming entitlement to the dismissal of the third party action on the grounds that plaintiff did not sustain a grave injury. <u>That motion was made notwithstanding the fact that counsel knew he did not have any experts or affirmative medical proof to support his claims</u>. Plaintiff's Opposition papers which were filed on February 2, 2018 and Home Depot's Opposition papers which were filed on February 12, 2018, highlight, among other things, these failings. It is now twelve days after counsel received the voluminous opposition to his motion and this application is made. As such it can only be viewed as an attempt to get something that would bolster his motion.

It also is important to point out that the parties agreed to have a private mediation before John P. DiBlasi JSC (Ret) on February 7, 2018. At that point it was made clear to everyone that there was no way that any examinations of Mr. Rivera would be permitted as they would be more than three months past your Honor's deadlines and within one month of the hard trial date. Even at that time, Mr. De Carlo did not seek to immediately petition this Court for relief from the deadlines.

In summary, Mr. De Carlo's application should be denied as he knew on October 20, 2017, of the Court's deadlines for exchanging expert discovery. He did nothing. He agreed to conference the matter before Magistrate Peck and knew he had no expert reports. He knew he had a January 22, 2018, deadline to file a dispositive motion concerning the grave injury claims knowing he did not have any experts to support his positon. He even agreed to a private mediation knowing he lacked expert physicals.

Four and one half months have now passed since the deadline for expert disclosure. All parties were advised of the serious nature of these imposed deadlines. It is only now on the eve of trial, facing a serious possible exposure, counsel expects this Court to unilaterally re-open expert discovery without offering any reasonable excuse or legitimate reason for doing so. To reopen expert discovery at this late juncture would be significantly prejudicial to the plaintiff who has followed all the Court's deadlines and has been diligently preparing for trial based on the Court's directives.

We respectfully request your honor adhere to the previously ordered schedule for this case.

Respectfully submitted,

Steven R. Payne (SRP8013)

SRP/pc