UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RIVERA,                                              **Civil No.: 16cv7552**

                                        Plaintiff,

                                                           **Hon. Katherine B. Forrest**

            -against-
HOME DEPOT U.S.A., INC.,

                                        Defendant.

HOME DEPOT U.S.A., INC.,

                                        Third-Party Plaintiff,

            -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                                        Third-Party Defendant.

**MEMORANDUM OF LAW IN REPLY IN FURTHERANCE OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

By:     Steven R. Payne (SRP8013)

        Attorneys for Plaintiff
        **DANIEL RIVERA**
        225 Broadway, 13th Floor
        New York, New York 10007-3772
        (212) 601-9700

Table of Contents

Preliminary Statement………………………………………………………4

Argument

I.  PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE FOR SUMMARY JUDGMENT…………………………………………………………………5

II.   HOME DEPOT HAS NOT REBUTTED PLAINTIFF'S PRIMA FACIE CASE FOR SUMMARY JUDGEMENT……………………………………………..7

A) *Any minor difference in the precise manner the ladder failed is not sufficient to raise an issue of fact where Home Depot failed to provide adequate safety equipment* …………………7

B) *The Unattributed Statements in the OSHA Report are Inadmissible Hearsay*…10

III.   HOME DEPOT HAS FAILED TO RAISE AN ISSUE OF FACT WITH RESPECT TO PLAINTIFF'S CLAIM PURSUANT TO LABOR LAW 241(6)………………..…11

A) *Home Depot has Admitted Violation of 12 NYCRR 23-1.21(b)(4)(iv)*…….....11

B) *Home Depot Violated 12 NYCRR 23-1-13(b)(3) and (4)*……………..…12

IV.   PLAINTIFF CANNOT BE THE SOLE PROXIMATE CAUSE OF HIS ACCIDENT WHERE NO ADEQUATE SAFETY EQUIPMENT WAS PROVIDED…………12

Conclusion………………………………………………………………..…13

Table of Authorities

Blake v. Neighborhood Housing Services of New York City, Inc., 1 N.Y.3d 280, 287 (2003…..13

Bras v. Atlas Constr. Corp., 166 A.D.2d 401, 560 N.Y.S.2d 467 (2d Dept. 1990)………………9

Carlos v. W.H.P. 19, LLC, 280 A.D.2d 419, 720 N.Y.S.2d 496 (1st. Dept. 2001)………………13

Chrabaszcz v. Western Loft Equities LLC, 30 Misc.3d 1206(A) (Sup. Ct. N.Y. Cty. 2010) ……..7

Cruz v. Turner Constr. Co., 279 A.D.2d 322, 720 N.Y.S.2d 10 (1st Dept. 2001)………………...9

Felker v. Corning Incorporated, 90 N.Y.2d 219, 660 N.Y.S.2d 349 (1997)……………………..6

 Fuller v. Catalfamo, 223 A.D.2d 850 (3d Dept. 1996)……………………………………………8

Gallagher v. New York Post, 14 N.Y.3d 83,  923 N.E.2d 1120 (2010)…………………..…...13

John v. Baharestani, 281 A.D.2d 114  (1st Dept. 2001)…………………………………………...8

Pichardo v. Urban Renaissance Collaboration Ltd. Partnership, 51 A.D.3d 472, 473 (2008) ….12

Rivera v. Dafna Const. Co., Ltd., 27 A.D.3d 545 (2d Dept. 2006)………………...……………9

Rocovich v. Consolidated Edison Co., 78 N.Y.2d 509, 513, 577 N.Y.S.2d 219, 583 N.E.2d 932 (1991)……………………………………………………………………………………………..6

Salon v. Millinery Syndicate, Inc., 47 A.D.3d 914, 915 (2d Dept. 2008)………………………..5

Strojek v. 33 E. 70th St. Corp., 128 A.D.3d 490, 10 N.Y.S.3d 12 (1st Dept. 2015) …………..7

 Turisse v. Dominick Milone, Inc., 262 A.D.2d 305, 306, 691 N.Y.S.2d 94, 96 (1999)…………8

Vasquez v. FCE Indus., Ltd., 07-CV-1211(FB)(JO), 2008 WL 4224396 (E.D.N.Y. 2008)……..10

Vergara v. SS 133 West 21, LLC, 21 A.D.3d 279, 280 (1st Dept. 2005)………………………..7

Yurkovich v. Kvarner Woodworking, 289 A.D.2d 183, 735 N.Y.S.2d 518 (1st Dept. 2001)…….9

Zuckerman v. City of New York, 49 N.Y.2d 557 (1980)…………………………………………5

**Preliminary Statement**

Plaintiff has established a prima facie entitlement to summary judgment pursuant to Labor Law 240(1) and Labor Law 241(6). Plaintiff was provided a palpably insufficient metal ladder which was the wrong type of ladder, unstable and improperly placed. Defendant Home Depot U.S.A., Inc. (hereafter "Home Depot") attempts to raise a myriad of issues in a desperate attempt to create an issue of fact where it is undisputed that Plaintiff was not provided adequate safety equipment. Home Depot begins by contending Plaintiff has given multiple versions of the accident. However, as will be described in further detail below, any slight discrepancy in the precise methodology of how Plaintiff fell from an unsecured improper ladder is entirely irrelevant as a matter of law and cannot be sufficient to raise an issue of fact where Home Depot admits it violated its non-delegable duty to provide sufficient safety equipment.

Home Depot next purports that the OSHA report represents a meaningful difference from Plaintiff's testimony. As a preliminary manner, the statements relied upon in the OSHA report are inadmissible. More importantly, the OSHA report is not inconsistent with Plaintiff's version of the accident. It identifies the metal ladder as being an improper safety device for work so close to the power lines. Moreover, it expressly confirms that Plaintiff suffered a shock while working on the ladder in violation of the both sections of the Labor Law.

In a final attempt to escape liability pursuant to Labor Law 240(1), Home Depot suggests that there is an issue of fact concerning whether Plaintiff was the sole proximate cause of the accident. This argument stems from misapprehension of a fundamental principal of the Labor Law. It is functionally impossible for Plaintiff to be the sole proximate cause of his accident where Home Depot has expressly admitted they failed to supply a sufficient safety device which would provide adequate protection for the work to be performed.

In addition, Home Depot also disputes Plaintiff's claim pursuant to Labor Law 241(6) by speculating that some sort of inspection of the power lines could have been conducted. Not only is this idle speculation directly contradicted by the available evidence, it is also entirely insufficient to raise an issue of fact with respect to Plaintiff's claim pursuant to Labor Law 241(6).

As Home Depot has failed to present any evidence that they supplied any device sufficient to adequately protect Plaintiff, they violated their non-delegable duty as a general contractor pursuant to Labor Law 240(1) and Labor Law 241(6).

## I.  PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE FOR SUMMARY JUDGMENT

Pursuant to longstanding principles of New York law, once a plaintiff makes a prima facie showing of entitlement to summary judgment, the burden then shifts to the defendant, who "must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action." Zuckerman v. City of New York, 49 N.Y.2d 557 (1980). Under Labor Law §240, a defendant may only rebut a plaintiff's prima facie showing by demonstrating a plausible view of the evidence enough to raise a question of fact that there were no statutory violations or "that the plaintiff's own acts or omissions were the *sole* cause of the accident." Salon v. Millinery Syndicate, Inc., 47 A.D.3d 914, 915 (2d Dept. 2008) (emphasis added).

Here, Plaintiff established prima facie entitlement to summary judgement shifting the burden onto Defendant to raise a material issue of fact. It is undisputed that Defendant failed to provide Plaintiff with adequate fall protection in the form of a ladder or scaffold of appropriate height and stability to perform the work in question. Plaintiff was forced to use a metal ladder of insufficient height, material or stability to allow him to safely perform the work. Plaintiff had testified it was unsecured at the bottom and improperly secured by his boss at the top. (See Plaintiff's Exhibit E to the Declaration of Steven Payne at pg. 33-34). The ladder was metal and conductive which rendered

it unsafe and improper when working in such close vicinity to the power lines. Plaintiff performed the work in accordance with the specific instructions of his employer. The OSHA report relied upon by Defendant Home Depot specifically highlights the improper use of a metal ladder which was conductive in such close quarters with power lines. (See Defendant's Exhibit D to Defendant Home Depot Counterstatement of Facts, pg. 9 issuing a violation for allowing "Ladders used where employee or the ladder could contact exposed energized electrical equipment did not have nonconductive side rails").

While Home Depot attempts to highlight that the violation was actually issued against Plaintiff's employer, Bryan's Home Improvement Corp., this is of no consequence. Under New York Labor Law, Home Depot, as admitted general contractor, possessed a non-delegable duty to provide proper protection to construction workers. Rocovich v. Consolidated Edison Co., 78 N.Y.2d 509, 513, 577 N.Y.S.2d 219, 583 N.E.2d 932 (1991).

In addition to being an improper ladder, the ladder was improperly placed in such close proximity to the power lines. In fact, contrary to the contentions of Home Depot, the installation manager for this project, Jorge Palacios, admitted he advised Plaintiff's boss, Alonzo to be careful with the surrounding properties as it would be a tight fit and there were live wires. (See Plaintiff's Exhibit F to the Declaration of Steven Payne at 49, 68). Finally, the main ladder was also unstable as it was improperly secured to the fence area of the flat roof and wholly lacking any securing at the bottom. As a result of these myriad of defects, the ladder shifted and caused Plaintiff to fall and suffer an electric shock in the process. Felker v. Corning Incorporated, 90 N.Y.2d 219, 660 N.Y.S.2d 349 (1997); Gordon v. Eastern Railway Supply, Inc., 82 N.Y.2d 555, 606 N.Y.S.2d 127 (1993).

## II.   HOME DEPOT HAS NOT REBUTTED PLAINTIFF'S PRIMA FACIE CASE FOR SUMMARY JUDGMENT PURSUANT TO LABOR LAW 240(1).

### A) *Any minor difference in the precise manner the ladder failed is not sufficient to raise an issue of fact where Home Depot failed to provide adequate safety equipment*

In an attempt to rebut Plaintiff's case, Home Depot asserts that Plaintiff provided two different versions of the accident. It is well settled that the mere fact that Plaintiff did not recall the *precise manner* in which he fell is not sufficient to create an issue of fact. Home Depot cannot hope to avoid liability by fixating on Plaintiff's inability to recall precise details of the manner of the accident where it is undisputed no adequate safety equipment is available. Such a contention has been consistently rejected by the courts of New York State:

> A lack of certainty as to exactly what preceded plaintiff's fall to the floor below does not create a material issue of fact here as to proximate cause. It does not matter whether plaintiff's fall was the result of the scaffold falling over, or its tipping, or was due to plaintiff misstepping off its side. In any of those circumstances either defective or inadequate protective devices constituted a proximate cause of the accident.

Chrabaszcz v. Western Loft Equities LLC, 30 Misc.3d 1206(A) (Sup. Ct. N.Y. Cty. 2010) quoting Vergara v. SS 133 West 21, LLC, 21 A.D.3d 279, 280 (1st Dept. 2005).

The case of Strojek v. 33 E. 70th St. Corp., 128 A.D.3d 490, 10 N.Y.S.3d 12 (1st Dept. 2015) provides further support that not remembering the precise manner of falling does not preclude summary judgment. In Strojek, the plaintiff was performing asbestos removal work in a building owned by defendant when he fell from a bakers' scaffold. The plaintiff testified that he was standing on the scaffold working, and then woke up on the ground with the scaffold tipped over near him. The court found that this testimony was sufficient to establish a prima facie violation of the statute and that such violation proximately caused his injuries. The court determined that the fact the "plaintiff could not remember how he fell does not bar summary judgment. Nor does the fact that

he was the only witness raise an issue to his credibility where, as here, his proof was not inconsistent or contradictory as to how the accident occurred, or with any other evidence." Id.

As in Strojek, Plaintiff's inability to remember the precise method of his fall does not preclude a summary judgment finding where Defendant failed to provide Plaintiff with adequate fall protection. In order to raise an issue of material fact, Defendant Home Depot needed to present some evidence that adequate safety equipment was available at the time of the accident and there was no good reason for Plaintiff to fail to use such equipment. Here, Defendant Home Depot has utterly failed to do. On the contrary, Home Depot is asking this court to deny Plaintiff's summary judgment because following the shift and failure of the main ladder which was inappropriate for the work; it isn't clear *whether he reached for a second ladder or was already holding it*. This minor quibble does nothing to extinguish or exonerate Home Depot's failure to perform their non-delegable duty to provide adequate safety equipment. See Turisse v. Dominick Milone, Inc., 262 A.D.2d 305, 306, 691 N.Y.S.2d 94, 96 (1999) (finding "[w]hile there are inconsistencies in the evidence with respect to the exact manner in which the accident occurred, it is undisputed that no safety devices whatsoever were provided to the plaintiff and that as a result, the plaintiff fell either from the ladder or the scaffold.")

Moreover, even if this court were to construe this minor difference as two entirely separate versions of the accident, it is well settled that if both versions of the accident were a violation of Labor Law 240(1), Plaintiff is still entitled to summary judgment. John v. Baharestani, 281 A.D.2d 114 (1st Dept. 2001) (finding "Thus, the fact that the parties offered different versions of plaintiff's accident makes no difference with respect to defendants' liability under Labor Law § 240(1). Under either version, defendants have failed to secure an area at a construction site from which a fall could occur, thereby exposing the injured worker to an elevation related risk); Fuller v. Catalfamo, 223 A.D.2d 850 (3d Dept. 1996).

In the present case, contrary to the contentions of Defendant, Plaintiff clearly articulated he fell from the main unsecured ladder placed by his boss. The mere fact that the accident was unwitnessed and Plaintiff couldn't remember every precise detail of his fall is irrelevant as a matter of law and does nothing to rebut the violation of Labor Law 240(1). See Rivera v. Dafna Const. Co., Ltd., 27 A.D.3d 545 (2d Dept. 2006), see Yurkovich v. Kvarner Woodworking, 289 A.D.2d 183, 735 N.Y.S.2d 518 (1st Dept. 2001); Cruz v. Turner Constr. Co., 279 A.D.2d 322, 720 N.Y.S.2d 10 (1st Dept. 2001); Bras v. Atlas Constr. Corp., 166 A.D.2d 401, 560 N.Y.S.2d 467 (2d Dept. 1990).

In exploring this purported difference in more detail, it becomes patently clear it does not create an issue of fact. In his interrogatory, Plaintiff asserted that the main ladder (Ladder "1") shifted and as he began to fall he reached out to grab the second ladder (Ladder "2")  that was located on the inside of the flat roof area of the balcony. As he fell to the flat roof balcony area, he suffered an electrical shock. In his deposition, Plaintiff attested he was carrying the second ladder (Ladder "2") in his left hand at the time of the accident when the main ladder (Ladder "1") shifted and caused him to fall into the flat roof balcony area. As he fell to the flat roof area, he suffered an electrical shock. In both of these so-called different versions, it is undisputed that the main ladder placed by his supervisor was improper and unsecured. Plaintiff explicitly testified that the main ladder (Ladder "1") shifted, moved and caused Plaintiff's fall and the secondary consequence of suffering an electrical shock. Therefore, it is irrelevant as a matter of law whether Plaintiff grabbed for the second smaller ladder (Ladder "2") *after* the main ladder (Ladder "1") failed or if he was carrying the smaller ladder (Ladder "2") *already* when the main ladder failed (Ladder "1").

In all of the aforementioned authority, it isn't sufficient to simply speculate how the accident could happen, but Defendants must raise some bonda fide issue of fact with respect to Plaintiff's credibility. Whether Plaintiff grabbed the smaller ladder at the time of the accident or was already

holding it, has nothing to do with the proximate cause of his accident which was the use of an improper, unsecured and ultimately unstable ladder which shifted and caused Plaintiff to fall prior to any purported difference in the version of events.

B)   *The Unattributed Statements in the OSHA Report are Inadmissible Hearsay*

Defendant next contends that the OSHA report provides another version of the accident. The OSHA report statements submitted by Home Depot in their opposition are inadmissible hearsay. Home Depot has not provided any exception or rationale for the report itself. However, even if the report were admissible as a record of a public agency pursuant to Federal Rule of Evidence 803(8) or as a business record pursuant to Federal Rule of Evidence 803(6), the unattributed OSHA employee statement specifically stating that "plaintiff was climbing a ladder and carrying a 12 foot section of an aluminum ladder. While he was carrying this ladder to the next level, he struck the overhead power lines, of the home next door" would be inadmissible double hearsay.

This precise issue was addressed in the Labor Law case of <u>Vasquez v. FCE Indus., Ltd.</u>, 07-CV-1211(FB)(JO), 2008 WL 4224396 (E.D.N.Y. 2008) aff'd sub nom. <u>Vasquez v. GMD Shipyard Corp.</u>, 582 F.3d 293 (2d Cir. 2009). In <u>Vasquez</u>, the plaintiff was killed when he moved off a ladder and stepped onto an angle iron that provided structural support and fell to the floor of the tank. The plaintiff submitted an OSHA inspection report which contained certain statements from workers regarding whether workers would ordinarily step on angle irons. The court found the statements were inadmissible double hearsay reasoning:

> Although the OSHA inspection report *itself* is admissible hearsay under Federal Rule of Evidence 803(8) as the report of a public agency, the employee statements *within* these reports are inadmissible double-hearsay. Accordingly, the Court has given these statements no evidentiary weight. In any event, the Court would not credit them over [witness] testimony because the statements are vague and largely unsourced.

In the same fashion as in <u>Vasquez</u>, the OSHA statements regarding the description of the accident are unattributed, vague and completely unsourced. Therefore, such a statement should not be admissible even assuming Defendant Home Depot had made an evidentiary showing that the OSHA report was itself admissible.

Moreover, even assuming arguendo, if this Court were to consider the unattributed statement admissible, such a statement only serves to further support Plaintiff's motion for summary judgment pursuant to Labor Law 240(1). The statement confirms that Home Depot failed to provide a sufficient ladder or any other safety device that protected Plaintiff from suffering an electrical shock. Therefore, once again, this so-called alternate version of the accident does not negate the undeniable fact that Home Depot failed to supply Plaintiff with any adequate safety equipment. Home Depot can continue to attest that there are multiple versions of the accident in vain. For in every single version they have described, they have violated their non-delegable duty of supplying sufficient and adequate safety equipment to perform the work in question.

### III.   HOME DEPOT HAS FAILED TO RAISE AN ISSUE OF FACT WITH RESPECT TO PLAINTIFF'S CLAIM PURSUANT TO LABOR LAW 241(6).

In addition to violating Labor Law 240(1), Home Depot has also violated Labor Law 241(6) failing to provide reasonable and adequate safety protection to workers. Plaintiff alleged three specific violations of the New York Industrial Code which serve as a necessary predicate in proving a claim pursuant to Labor Law 241(6). These code provisions include 12 NYCRR 23-1.21(b)(4)(iv), 12 NYCRR 23-1-13(b)(3) and (4). Defendant Home Depot's failure to supply an adequate, properly placed and secured ladder resulted in Plaintiff being exposed to an electric shock in violation of all three of these code provisions.

A)  *Home Depot has Admitted Violation of 12 NYCRR 23-1.21(b)(4)(iv)*

As previously described in Plaintiff's original motion, this provision requires that work being performed at a height greater than 10 feet requires the ladder to be secured at the bottom and the top. There is no dispute that Plaintiff was working at a height greater than 10 feet. In addition, Plaintiff explicitly testified that the ladder was not secured by any means at the bottom and inadequately secured by his boss at the top, along the metal fence of the balcony area of the flat roof. As Home Depot has failed to submit any opposition to their alleged violation of this section of the Industrial Code, it should be deemed admitted and Plaintiff's motion for summary judgment pursuant to Labor Law 241(6) should be granted as predicated on 12 NYCRR 23-1.21(b)(4)(iv).

B) *Home Depot Violated 12 NYCRR 23-1-13(b)(3) and (4)*

These two Industrial code provisions deal specifically with "investigation and warning" and "protection of employees" with respect to electric shocks. Home Depot admits that the ladder was improperly placed in an area that would expose him to electrical shock. Home Depot's continued attempt to shift the blame is a misunderstanding of the Labor Law's non-delegable duties requirement. In addition to admitting violation of exposing Plaintiff to electrical shock pursuant to 12 NYCRR 23-1.13(b)(4), Home Depot also posits no argument to Plaintiff's claim regarding investigation of the hazards pursuant 12 NYCRR 23-1-13(b)(3). The mere speculation that an investigation *could have occurred* is not sufficient to raise an issue of fact concerning Plaintiff's prima facie case. Pichardo v. Urban Renaissance Collaboration Ltd. Partnership, 51 A.D.3d 472, 473 (2008) (holding mere speculation is not sufficient to raise an issue of fact concerning worker's Labor Law claims pursuant to Labor Law 240(1) and 241(6)). Therefore, Plaintiff's motion for summary judgment pursuant to Labor Law 241(6) should be granted in its entirety.

IV.   **PLAINTIFF CANNOT BE THE SOLE PROXIMATE CAUSE OF HIS ACCIDENT WHERE NO ADEQUATE SAFETY EQUIPMENT WAS PROVIDED.**

In a last effort to avoid the imposition of liability, Home Depot argues there is an issue of fact concerning whether Plaintiff was the sole proximate cause of his accident. It is a fundamental principle of Labor Law that comparative negligence is not a defense. Carlos v. W.H.P. 19, LLC, 280 A.D.2d 419, 720 N.Y.S.2d 496 (1st. Dept. 2001). The case law is also abundantly clear with respect to a sole proximate cause defense.  In order to raise an issue of fact that Plaintiff was the sole proximate cause of the accident, a defendant must demonstrate *that the plaintiff knew adequate safety devices were readily available, knew he or she was supposed to utilize said device and deliberately refused to use such a device for no good reason*. See Gallagher v. New York Post, 14 N.Y.3d 83,  923 N.E.2d 1120 (2010).

The only evidence before this Court is that Plaintiff was expressly ordered by his boss to use the main ladder (Ladder "1") which was an improper type, improperly placed and not adequately secured. Plaintiff cannot be the sole proximate cause of his accident when he followed the explicit instructions of his employer. Moreover, it is also functionally impossible as a matter of law for Plaintiff to be the sole proximate cause of his accident where Home Depot admitted it did not provide adequate safety equipment. In Blake v. Neighborhood Housing Services of New York City, Inc., 1 N.Y.3d 280, 287 (2003), the Court of Appeals expressly stated that the Plaintiff cannot possibly be the sole proximate cause of his accident where Defendants fail to provide adequate safety equipment. Therefore, whereas here, the proximate cause of the accident is the failure to supply an appropriate safety device for the performance of the work, it is conceptually impossible for Plaintiff to have been the sole proximate cause of his accident.

## Conclusion

For the all of the foregoing reasons, Plaintiff's motion for partial summary judgment against Defendant Home Depot, Inc. pursuant to Labor Law 240(1) and Labor Law 241(6) should be granted in its entirety.

/s/Steve R. Payne (SRP8013)

-------------------------

**GINARTE GALLARDO GONZALEZ
WINOGRAD, LLP.**

By:     Steven R. Payne

Attorneys for Plaintiff
**DANIEL RIVERA**
225 Broadway, 13th Floor
New York, New York 10007-3772
(212) 601-9700

**D'AMATO & LYNCH, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**HOME DEPOT U.S.A., INC.**
225 Liberty Street
New York, New York 10281
(212) 269-0927


**CONNORS & CONNORS, P.C.**
Attorneys for Third-Party Defendant
**BRYAN'S HOME IMPROVEMENT CORP.**
766 Castleton Avenue
Staten Island, New York 10310
(718) 442-1700