# THE LAW FIRM OF
# CONNORS & CONNORS
## PC
766 CASTLETON AVENUE
STATEN ISLAND, NEW YORK 10310-9003
TEL: 718-442-1700 FAX: 718-442-1717

John P. Connors (1955-2003)
John P. Connors, Jr.*

Susan E. O'Shaughnessy
Robert J. Pfuhler**

Michael P. DeCarlo
Tara P. Mandelbaum
Irwin D. Miller
Gavin C. Fields
Erik J. McKenna
Michael J. Hemway**
Anthony R. Maddaluno**

600 Third Avenue
New York, New York 10016

New Jersey Office
Morris Brook Commons
Suite 6
422 Morris Avenue
Long Branch, New Jersey 07740

Of Counsel
William J. Russo

February 27, 2018

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007-1312

    Re:    Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement
            Docket No.: 16cv7552
            Our File No.: SIF 26263

Hon. Judge Forrest:

      I am associated with Connors & Connors, P.C., attorneys for third-party defendant, Bryan's Home Improvement Corp. I am responding to the February 21, 2018 letter motion of plaintiff's counsel to strike the report of Dr. Lechtenberg from third-party defendant's submission in reply and in further support of third-party defendant's motion for summary judgment dismissing Home Depot's claims for common law contribution and indemnification.

      Pursuant to Aktas v. JMC Dev Co., 877 F. Supp.2d 1 (N.D. New York 2012] and Brewer v. Dodson Aviation, 2006 U.S. Dist. Lexis 81528, 2006 WL 323 1974 [E.D. Wash 2006], the plaintiff has no standing to oppose Bryan's Home Improvement Corp.'s motion for summary judgment. Consequently, plaintiff has no standing to move to strike the report of Dr. Lechtenberg from third-party defendant's submission in reply and in further support of third-party defendant's motion for summary judgment.

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
Re:   <u>Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement</u>
February 26, 2018
Page 2

     As the Court was previously advised, following the second deposition of the plaintiff on September 28, 2017, Henry C. Dieudonne, Jr., Esq., of D'Amato & Lynch, counsel for Home Depot, and I agreed that D'Amato & Lynch would schedule and conduct an orthopedic and neurological examination of the plaintiff, with the costs to be shared by our respective clients.

     Upon information and belief, at some time after October 10, 2017, Mr. Dieudonne left the firm of D'Amato & Lynch. I spoke with Mr. Boutin, of D'Amato & Lynch, and advised him of my agreement with Mr. Dieudonne regarding the physical examinations of the plaintiff.

     At a settlement conference conducted on January 9, 2018 before Magistrate Judge Andrew J. Peck, the fact that physical examinations of the plaintiff had not yet been conducted was discussed by counsel for all sides. Mr. Payne, for the plaintiff, indicated that he had no objection to producing the plaintiff for examinations. Mr. Boutin, of D'Amato & Lynch, indicated that he would make the necessary arrangements for the examinations.

     I called Mr. Boutin at least three times prior to February 19, 2018, the Court imposed deadline for third-party defendant's reply submission, to request a copy of the examining neurologist's report. It was not until Mr. Boutin's February 19, 2018 e-mail, at 10:17 p.m., that Connors & Connors, P.C. learned that a neurological examination of the plaintiff had, in fact, been conducted on January 17, 2019 and was provided a copy of Dr. Lechtenberg's report.

     As Judge Alvin K. Hellerstein aptly stated in <u>In Re September 11th Liability Ins. Coverage Cases</u>, 243 F.F.D. 114, 2007 U.S. Dist. Lexis 437 34 [SD New York 2007]:

> "Discovery is run largely by attorneys, and the Court and the judicial process depend upon honesty and fair dealing among attorneys."

     Although in failing to timely make the necessary arrangements for the physical examinations of the plaintiff Home Depot's counsel did not violate an explicit discovery order, and there has not been a qualifying failure by Home Depot to disclose under Rule 37(c), as between Bryan's Home Improvement Corp. and Home Depot, the sanction of striking Dr. Lechtenberg's report from Bryan's Home Improvement Corp.'s reply submission would permit Home Depot to benefit from the failure of it's counsel to timely comply with the agreement made to schedule and conduct physical examinations of the plaintiff.

     Under the circumstances of this case, the Court "may impose sanctions on a party for misconduct in discovery under it's inherent power to manage it's own affairs" (<u>Residential Funding Corp. v. De George Fin Corp.</u>, 306 F3d 99, 106-07 [2d Cir. 2002]). It is therefore requested that Bryan's Home Improvement Corp. be permitted to include Dr. Lechtenberg's

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
Re:   Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement
February 26, 2018
Page 3

report in it's submission in reply and in further support of it's motion for summary judgment dismissing Home depot's claims for common law contribution and indemnification.

Respectfully submitted,

CONNORS & CONNORS, P.C.

By: _____
Michael P. De Carlo (9119)
mdecarlo@connorslaw.com

MPD/mr

cc:   Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
(Via Fax No.: 212-267-4262)

D'Amato & Lynch, LLP
(Via Fax No.: 212-269-3559)