UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DANIEL RIVERA,

                Plaintiff,

      -v-

HOME DEPOT U.S.A. INC.,

    Defendant and Third-Party Plaintiff,

      -v-

BRYAN'S HOME IMPROVEMENT CORP.,

            Third-Party Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 27, 2018

16-cv-7552 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On August 22, 2015, Daniel Rivera ("Rivera" or "plaintiff") fell from a ladder during the course of his employment in Yonkers, New York. This action concerns whether and to what extent either of the contracting entities involved in Rivera's employment—Home Depot U.S.A. Inc. ("Home Depot") and Bryan's Home Improvement Corp. ("BHIC")—are liable for his resulting injuries.

Currently before the Court is BHIC's motion for summary judgment filed January 22, 2018. (ECF No. 50.) BHIC seeks, inter alia, a declaratory judgment that Rivera did not suffer a "grave injury" as that term is defined by New York law, and an order dismissing Home Depot's indemnification claims as a result. Rivera opposed that motion on February 2, 2018 (ECF No. 52), Home Depot opposed on

February 12, 2018 (ECF No. 55), and BHIC replied on February 20, 2018 (ECF No. 65.)

The New York State Workers' Compensation Law contains an exhaustive list of injuries that qualify as "grave injuries" for purposes of contribution or indemnity:

> a "grave injury" . . . shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability

N.Y. Workers' Comp. Law § 11.  BHIC argues, in sum, that the Workers' Compensation Law must be read narrowly and literally, and that Rivera has failed to create a triable fact as to whether he suffered a "grave injury" when he fell from a ladder on August 22, 2015.  (See Mem. of Law ("BHIC Mem.") at 5-7, ECF No. 50-2.) The Court disagrees.

BHIC has effectively assumed[1] for purposes of this motion that Rivera suffered at least the following injuries as a result of his fall: "weakness and paralysis of left hand"; "neurocognitive dysfunction due to electric shock exposure"; "traumatic brain injury as result of electric shock exposure"; "significant dysregulated electrical brain activities . . . reduced functional connectivity and slowed processing"; "diffuse cortical slowing of brain activity"; and "100% visual

---

[1] The list of injuries contained in BHIC's Rule 56.1 Statement is drawn from multiple sources, including Rivera's interrogatory responses in this litigation.  BHIC does not actually dispute any of those alleged injuries in the 56.1 Statement, and has not yet successfully provided any affirmative medical evidence tending to undermine any of Rivera's allegations.  On the contrary, Rivera has made numerous expert disclosures tending to support his alleged injuries.

disability of the left eye which is permanent." (See BHIC Rule 56.1 Statement ¶ 14, ECF No. 50-3.) Those allegations (which Rivera has supported and BHIC has not affirmatively contradicted or disputed at this point in the litigation[2]) clearly create a triable issue of fact as to whether Rivera has suffered a "grave injury" under N.Y. Workers' Comp. Law § 11.

Put simply, it is clear based on the evidence currently in the record that BHIC's motion for summary judgment must be DENIED. The Clerk of Court is directed to close the open motion at ECF No. 50.

SO ORDERED.

Dated: New York, New York
February 27, 2018

_____
KATHERINE B. FORREST
United States District Judge

---

[2] For purposes of the present motion, the Court has not considered the expert report of Dr. Richard Lechtenberg (ECF No. 65-12), the timeliness of which is disputed. However, the Court notes that even if it were to consider the Lechtenberg report, it would still deny BHIC's motion for summary judgment for failure to sufficiently establish a lack of triable issues.

3