USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 28, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DANIEL RIVERA, :
:
      Plaintiff, :
:
  -v- :
:
HOME DEPOT U.S.A. INC., :  16-cv-7552 (KBF)
:
 Defendant and Third-Party Plaintiff, :  OPINION & ORDER
:
:
  -v- :
:
BRYAN'S HOME IMPROVEMENT CORP., :
:
     Third-Party Defendant. :
:
------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

  On August 22, 2015, Daniel Rivera ("Rivera" or "plaintiff") fell from a ladder during the course of his employment in Yonkers, New York. This action concerns whether and to what extent either of the contracting entities involved in Rivera's employment—Home Depot U.S.A. Inc. ("Home Depot") and Bryan's Home Improvement Corp. ("BHIC")—are liable for his resulting injuries.

  By Memorandum Decision & Order dated February 27, 2018, the Court denied BHIC's motion for summary judgment, concluding that BHIC had failed to demonstrate that Rivera did not suffer a "grave injury" as a matter of law. (ECF No. 69.) Currently before the Court is Rivera's affirmative motion for partial summary judgment filed January 8, 2018. (ECF No. 44.) Rivera argues, in sum,

that Home Depot violated New York Labor Law §§ 240(1) and 241(6) by failing to adequately ensure the safety of Rivera's elevated worksite, and is therefore liable for his resulting injuries. (See generally Mem. of Law ("Rivera Mem."), ECF No. 45.) Home Depot opposed Rivera's motion on February 15, 2018 (ECF No. 61), and Rivera replied on February 17, 2018 (ECF No. 64).

It is rare for a personal injury plaintiff to prevail on a motion for summary judgment; typically, there are numerous issues of material fact that necessitate trial. The plaintiff in this case, however, has succeeded in demonstrating that no material facts are sufficiently disputed. Accordingly, Rivera's motion must be GRANTED.[1]

I.  LEGAL PRINCIPLES

It is well established that summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the Court must construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor, Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

The statutes at issue here are New York Labor Law §§ 240(1) and 241(6). Section 240(1), referred to by the parties as the "Scaffold Law," imposes absolute

---

[1] The issue of damages remains to be decided.

liability on contractors for failure to adequately protect workers in elevated worksites:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as <u>to give proper protection</u> to a person so employed.

N.Y. Lab. Law § 240(1) (emphasis added). The "core premise" of § 240(1) is "that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability." <u>Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.</u>, 18 N.Y.3d 1, 7 (2011). To prevail on a § 240(1) claim, plaintiff must demonstrate (1) that defendant failed to adequately secure an elevated worksite within the meaning of the statute, and (2) that failure proximately caused some injury. <u>Id.</u>; <u>see also</u> <u>Rocovich v. Consol. Edison Co.</u>, 78 N.Y.2d 509, 513 (1991).

Section 241(6), which relates to "[a]ll areas in which construction, excavation or demolition work is being performed," provides that such areas "shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to <u>provide reasonable and adequate protection and safety</u> to the persons employed therein or lawfully frequenting such places." N.Y. Lab. Law § 241(6) (emphasis added). The statute further provides that "[t]he commissioner may make rules to carry into effect the provisions of this subdivision," and that covered entities "shall comply therewith." <u>Id.</u>

3

The New York Court of Appeals has held that § 241(6) thus requires general contractors to "comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." Ross v. Curtis-Palmer Hydro Electric Co., 81 N.Y.2d 494, 501-02 (1993). To prevail on a § 241(6) claim, plaintiff must demonstrate that defendant breached a "concrete specification[]" of the relevant Industrial Code as opposed to general common-law principles, which are better left to § 200(1) or some other statute. Id. at 503-04. Here, plaintiff has alleged that Home Depot violated 12 NYCRR §§ 23-1.21(b)(4)(iv), 1.13(b)(3), and 1.13(b)(4), all of which are reproduced in relevant part below:

- 12 NYCRR § 23-1.21(b)(4)(iv): "When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means. When work is being performed from rungs higher than 10 feet above the ladder footing, mechanical means for securing the upper end of such ladder against side slip are required and the lower end of such ladder shall be held in place by a person unless such lower end is tied to a secure anchorage or safety feet are used."

- 12 NYCRR § 23-1.13(b)(3): "Investigation and Warning. Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. The employer shall post and maintain proper warning signs where such a circuit exists. He shall advise his employees of the locations of such lines, the hazards involved and the protective measures to be taken."

- 12 NYCRR § 23-1.13(b)(4): "Protection of employees. No employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means."

4

As relevant here, a general contractor's obligations pursuant to §§ 240(1) and 241(6) are non-delegable.  See Ross, 81 N.Y.2d at 500, 502.  Accordingly, plaintiff need not demonstrate that Home Depot exercised any control or supervision over the worksite in order to establish liability or prevail at the summary judgment stage.

II.     DISCUSSION

Having reviewed the parties' respective submissions, the cited evidence, and the applicable law, the Court concludes that Rivera's motion for partial summary judgment must be GRANTED for the reasons stated below.

A.     § 240(1)

It is undisputed that on August 22, 2015, Rivera was electrocuted when the metal ladder he was carrying came into contact with electrical wires connected to an adjacent home.  It is also undisputed that Home Depot was the general contractor on the construction site, and that Rivera was directly employed through BHIC, which was serving as a subcontractor on the project.  The sole factual issues are why Rivera fell off the ladder, and how he came into contact with the electrical wires; both questions are important in determining Home Depot's liability.

Home Depot has conceded that it was not at the worksite at the time of the incident.  (Home Depot 56.1 Counterstatement ¶ 3, ECF No. 54.1.)  Accordingly, Home Depot has no independent recollection of how or why Rivera came into contact with electrical wires.  Instead, Home Depot presents three potential versions of events revealed during discovery as evidence that there is a triable issue

5

of fact. Those three versions of events are as follows (and are numbered for purposes of this Opinion & Order):

- Situation 1: Rivera "was climbing a ladder and carrying a 12' section of an aluminum extension ladder. While he was carrying this ladder to the next level, he struck the overhead power lines, of the home next door." (Decl. of Laurie Beatus Ex. D ("OSHA Inspection Report"), ECF No. 55-6 at 18.)

- Situation 2: "[T]he ladder [that Rivera] was climbing shifted to the right and [Rivera] fell seven feet onto a second-floor roof. As [Rivera] fell, he was electrocuted when the ladder he was carrying came into contact with an electrical wire attached to an adjacent home." (Home Depot 56.1 Counterstatement ¶ 1.)

- Situation 3: Rivera "was in the process of dismounting from an unsecured 32-foot extension ladder to the second-floor balcony level . . . of the Premises when the ladder he was on shifted, causing him to fall. [Rivera] reached out with his hand to grab onto another ladder (a 12-foot section of an aluminum extension ladder) that was by the balcony. The ladder he grabbed came into contact with energized power lines by the home and he was shocked, causing him to fall backwards onto the flat roof." (Id.)

Situations 2 and 3, both of which reflect Rivera's own account of events (from a deposition and interrogatory response, respectively)[2], establish Home Depot's liability under § 240(1) as a matter of law. Both indicate that Rivera was (1) climbing a ladder which (2) shifted and (3) caused him to fall, thereby coming into contact with electrical wires. New York courts have repeatedly held that when an elevated structure such as a ladder shifts during use, a plaintiff is presumptively entitled to summary judgment on his § 240(1) claim (assuming the shift proximately caused injuries). See, e.g., Hart v. Turner Const. Co., 30 A.D.3d 213, 214 (1st Dept.

---

[2] At one point, Home Depot argues that Rivera "has no idea how the accident occurred," and that his account "is based on an unidentified co-worker's claim to having witnessed the alleged accident." (Home Depot. 56.1 Counterstatement ¶ 5.) If true, this would create evidentiary issues for purposes of summary judgment. But it is clear based on a reading of Rivera's deposition testimony (Decl. of Laurie Beatus Ex. A, ECF No. 55-3) that he remembers all material parts of the incident—e.g., that he was climbing an unsecured ladder when it shifted, causing him to fall and be electrocuted.

6

2006). Home Depot has not proffered any evidence tending to suggest that the ladder Rivera was using was secured or that Rivera was otherwise protected against a fall of the type alleged here. Accordingly, neither situation, if true, is helpful to Home Depot in attempting to defeat summary judgment.[3] Home Depot's argument that the <u>electrical wires</u>, and not the unsecured ladder, actually caused Rivera's injuries (Home Depot Opp'n at 5) is unavailing; it is clear that the shifting/unsecured ladder need only be the <u>proximate cause</u> of resulting injuries. Here, that standard is easily met.

Situation 1 is distinct in the sense that it does not indicate Rivera actually <u>fell off</u> a ladder. This is important because if Rivera simply struck the electrical wires while climbing the ladder, that is arguably not a "gravity-related accident" cognizable under § 240(1). It therefore becomes necessary to examine exactly where that version of events comes from, and whether it is sufficient to create a triable issue of material fact.

Situation 1 is derived from an OSHA Inspection Report (the "Report") written weeks after the incident occurred. But it is unclear from the face of the Report precisely how the author came to the conclusion listed in "Accident Investigation Summary & Findings." (OSHA Inspection Report at 18.) The Report only includes reference to a single interview, with BHIC President Alonzo Loja ("Loja"), who was

---

[3] Home Depot relies heavily on the argument that these two versions of events are "different" (Mem. of Law in Opp'n ("Home Depot Opp'n") at 3, ECF No. 61) and therefore Rivera's allegations are not credible enough to support summary judgment. But that argument makes no sense; not only is the Court of the opinion that the two versions of events are roughly equivalent, both suffice to establish that Rivera fell off an unsecured ladder when it shifted during use. See <u>John v. Baharestani</u>, 281 A.D.2d 114 (1st Dept. 2001). The relevant point is that Home Depot failed to contradict <u>either</u> account, not that there are non-material differences between them.

7

present at the time of the incident. But the Report does not explicitly state or make clear that Loja himself testified that Rivera struck the electrical wires "on his way up" the ladder.[4] And even if the Court were to assume that Loja made that statement, the Report does not make clear whether Loja himself was a percipient witness or whether his statement was based on a third-party account (or pure speculation). Put simply, it is entirely unclear how the author came to believe that Rivera struck the electrical wires while climbing up the ladder (and not, as Rivera has testified, when he fell off the ladder). And if the author's conclusion is based upon Loja or some other employee's statement, the Report includes double and perhaps even triple-hearsay.

In Celotex Corp., the Supreme Court held that "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." 477 U.S. at 324. But it is also true that "any evidence considered on summary judgment must be reducible to admissible form," otherwise it would be insufficient to create a triable issue of material fact. Figueroa v. Mazza, 825 F.3d 89, 98 n.8 (2d Cir. 2016). Here, Home Depot has not done anything to suggest there is potentially admissible evidence to support the Report's conclusion. And it must do so to defeat summary judgment—it is not enough to point to hypothetical evidence or rely on the Court to think of evidence that might someday be collected. See Grabin v. Marymount Manhattan Coll., 659 F. App'x 7, 9 (2d Cir.

---

[4] Where the Report is incorporating Loja's statements, it clearly recites "Mr. Loja stated . . . ." (OSHA Inspection Report at 21.) At no point does the Report indicate that Loja stated Rivera was electrocuted while climbing up the ladder.

8

2016) (sustaining grant of summary judgment after district court "ruled that [plaintiff] could not introduce the medical evidence through her own testimony, and [plaintiff] did not demonstrate an alternative way to introduce that evidence." (emphasis added).)

To deny summary judgment on Rivera's § 240(1) claim, the Court would have to speculate that Home Depot could someday marshal admissible evidence to contradict Rivera's version of events at trial. But if Home Depot could do so, it presumably would have done so on summary judgment. The reality is that Home Depot has done nothing to actually contradict Rivera's allegation that he fell and was electrocuted when the unsecured ladder he was using shifted during use. There are many ways Home Depot might have done so, for instance by introducing an affidavit or deposition testimony from Loja or some other percipient witness, or perhaps even an affidavit from an attorney stating that such testimony would be available at trial. But it has not, and because Rivera's account is effectively undisputed, the Court must GRANT Rivera's motion for summary judgment as to his § 240(1) claim.

B. §241(6)

For similar reasons, the Court must GRANT Rivera's motion for summary judgment with regards to § 241(6). As an initial matter, New York courts have held that all three regulations at issue here (12 NYCRR §§ 23-1.21(b)(4)(iv), 1.13(b)(3), and 1.13(b)(4)) contain sufficiently "concrete" specifications to sustain a violation of § 241(6). See, e.g., Deshields v. Carey, 69 A.D.3d 1191 (3d Dept. 2010)

9

(§ 1.21(b)(4)(iv)); <u>DelRosario v. United Nations Federal Credit Union</u>, 104 A.D.3d 515, 516 (1st Dept. 2013) (§§ 1.13(b)(3) and 1.13(b)(4)). Therefore, if Rivera's undisputed version of events establishes a violation of any one of those regulations, Rivera is entitled to summary judgment pursuant to § 241(6).

Here, it is clear that Rivera's version of events establishes a violation certain regulations. First, § 1.21(b)(4)(iv) provides that when work is being performed on a ladder six to ten feet above the ground, the ladder "shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip." Further, if work is being performed higher than ten feet, both precautions are required "unless such lower end is tied to a secure anchorage or safety feet are used." Rivera has testified that the ladder he fell off was unsecured, and there is absolutely no indication that anyone was stationed at the foot of the ladder. As such, the undisputed evidence clearly establishes a violation of § 1.21(b)(4)(iv). <u>See, e.g.</u>, <u>Grant v. New York</u>, 109 A.D.3d 961, 972 (2d Dept. 2013).

Second, §§ 1.13(b)(3) and 1.13(b)(4) require covered parties to take certain precautions against "electrical hazards." Section 1.13(b)(3) requires, <u>inter alia</u>, that an employer "post and maintain proper warning signs" whenever an electrical circuit is "so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith." And § 1.13(b)(4) requires, <u>inter alia</u>, that "[n]o employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit" that he may contact "unless the

10

employee is protected . . . by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means." Rivera was clearly exposed to live electrical wires in the course of his work—this action would likely not exist if he wasn't. Thus, Home Depot's unsupported assertion that "[i]t is disputable that plaintiff was subjected to the exposed power lines" is not entitled to any weight on summary judgment. It is also clear that the circuit was not de-energized or grounded, because Rivera unquestionably received a severe electric shock. Therefore, regardless of whether Home Depot engaged in an investigation regarding potential risks (there is no indication that it did) or posted warning signs (same), there is sufficient basis to find at least a violation of § 1.13(b)(4).

In sum, the undisputed evidence clearly establishes a violation of at least §§ 1.21(b)(4)(iv) and 1.13(b)(4). And even though Home Depot was not exercising supervisory authority at the construction site, its obligations under §241(6) are non-delegable. See Ross, 81 N.Y.2d at 502. Accordingly, Rivera is entitled to summary judgment with regards to § 241(6).

III. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Rivera's motion for partial summary judgment at ECF No. 44.

A separate Order will follow clarifying the remaining issues for trial and the schedule for resolution.

The Clerk of Court is directed to close the open motion at ECF No. 44.

SO ORDERED.

Dated: New York, New York
February 28, 2018

                                                        KATHERINE B. FORREST
                                                        United States District Judge