# REQUEST TO CHARGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RIVERA,

            Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

            Defendant,

HOME DEPOT U.S.A., INC.,

            Third-Party Plaintiff,

-against-

BRYAN'S HOME IMPROVEMENT CORP.,

            Third-Party Defendant.

Civil No.: 16cv7552

**Hon. Katherine B. Forrest**

**PLAINTIFF'S REQUEST TO CHARGE**

Plaintiff DANIEL RIVERA hereby requests the following jury charges:

### Instruction 71-1 Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.
It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

### Instruction 71-2 Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty

to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be - or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law that that which I give you..

### Instruction 71-3 Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion, I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are, expressly to understand that the court has no opinion as to the verdict you should render in this case. As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### Instruction 71-9 Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

### Instruction 73-2 Burden of Proof—Preponderance of the Evidence

The party with the burden of proof on any given issue has the, burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. This is because the party bearing this burden must prove more than simple equality of evidence - he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip however slightly, in favor of the party with this burden of proof that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your minds.

### Instruction 74-2 Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with an umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact, but on the combination of facts which I have asked you to assume it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense

from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

### 76-1 Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony. It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

### 76-2 Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

### 76-3 Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

### 76-9 Expert Witnesses—Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

### Instruction 74-13    Interrogatories

You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

**Instruction 74-14     Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Instruction 77-3: Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**PJI 2:216 Injured Employee—Statutory Negligence—Safe Place to Work**

Plaintiff Daniel Rivera ("Plaintiff") has brought a cause of action pursuant to Labor Law § 200 against the general contractor, Defendant Home Depot USA, Inc. ("Home Depot"). Labor Law § 200 claims fall into two broad categories: those involving injuries arising from the manner in which the work is performed and those arising defective or dangerous premises conditions. In the

former class of cases, general contractors may be held liable if it exercised supervision or control of the work that led to the injury. In the latter class of cases concerning allegedly unsafe premises conditions, general contractors are liable if they created or had actual or constructive notice of the condition and also had control of the place where the injury occurred. Therefore, in a case arising from defective or dangerous premises, Plaintiff will not need to demonstrate supervision over the Plaintiff and his work. Rather, Plaintiff will only need to demonstrate that Home Depot possessed actual or constructive notice of the dangerous condition. *Urban v. No. 5 Times Sq. Dev., LLC*, 62 A.D.3d 553, 556, 879 N.Y.S.2d 122 (1st Dept. 2009); *Murphy v. Columbia University*, 4 A.D.3d 200, 773 N.Y.S.2d 10 (1st Dept. 2004). In this case Plaintiff has alleged claims pursuant to Labor Law § 200 only with respect to a dangerous condition which general contractor, Home Depot either created or had actual or constructive notice of such condition.

### Plaintiff's Dangerous Condition Claim

As you have heard, the Plaintiff Daniel Rivera claims that Home Depot, the general contractor of the construction site, violated section 200 of the New York State Labor Law and thereby caused injury to Plaintiff. Under section 200 of the Labor Law, the workplace where Plaintiff was working was required to be "so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places." Plaintiff claims that Home Depot failed to provide a safe working environment as Plaintiff was forced to work on a conductive metal ladder placed on the left side, between the two houses in a narrow space in close proximity to live power lines. Home Depot claims that the narrow space between the houses was adequate for Plaintiff to complete his work or that it had no notice of this potentially dangerous condition.

As general contractor, Home Depot owed a duty to workers to use reasonable care to make the parts of the workplace that were under its control reasonably safe. This duty extended to the ways of getting to and from the workplace that were within Home Depot's control.

Home Depot's duty included an obligation to correct any unsafe condition that Home Depot created or that existed in areas within Home Depot's control and that were known to Home Depot or to any of Home Depot's employees. Home Depot also had a duty to conduct reasonable inspections of the work areas within its control, to detect any unsafe conditions and to correct any unsafe conditions that could have been discovered through such inspections. Finally, Home Depot had an obligation to correct any unsafe condition in the areas within its control that existed for so long that, in the use of reasonable care, Home Depot or its employees should have known of its existence.

In deciding whether Home Depot violated section 200 of the Labor Law, you will first consider whether the workplace was unsafe and, if so, whether the unsafe condition was in an area that was within Home Depot's control and resulted from Home Depot's failure to use reasonable care to keep the workplace safe, to correct the unsafe condition Home Depot or its employee knew or, in the use of reasonable care, should have known of that condition.

If you decide that the workplace was not unsafe or that the unsafe condition was not created by Home Depot or in an area that was within Home Depot's control, then you will find for Home Depot on this issue.

If you decide that the workplace was unsafe and that the unsafe condition was created by Home Depot or in an area of the workplace that was within Home Depot's control, then you will go on to consider whether the unsafe condition resulted from Home Depot's failure to use reasonable care in making or keeping the workplace safe, and whether such failure was a substantial factor in causing Plaintiff's injury.

If you decide that the unsafe condition did not result from Home Depot's failure to use reasonable care in making or keeping the workplace safe or that such failure was not a substantial factor in causing Plaintiff's injury, then you will find for the defendant.

If you decide that the unsafe condition did result from Home Depot's failure to use reasonable care in making or keeping the workplace safe and that such failure was a substantial factor in causing Plaintiff's injury, then you will find for Plaintiff on this issue.

**PJI 2:216A Injured Employee—Violation of Industrial Rule—Vicarious Liability—Nondelegable Duty of General Contractor—Labor Law § 241(6)**

Plaintiff claims that Home Depot, the general contractor of the site, is liable for his, his injuries under Section 241(6) of the New York State Labor Law. Section 241(6) requires that all "areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein …." The State Commissioner of Labor is authorized to make rules to give effect to this law. In this case, plaintiff claims *12 NYCRR 23-1.21(b)(4)(iv)* was violated. That Rule reads as follows:

When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means. When work is being performed from rungs higher than 10 feet above the ladder footing, mechanical means for securing the upper end of such ladder against side slip are required and the lower end of such ladder shall be held in place by a person unless such lower end is tied to a secure anchorage or safety feet are used.

Under Labor Law § 241(6), the general contractor of an area where construction, excavation or demolition is taking place are liable for injury to a worker in that area caused by the failure of a subcontractor to use reasonable care in constructing, shoring, equipping, or guarding the site or in arranging, operating or conducting the work in that area. The general contractor is liable for an injury due to the failure of a subcontractor to use reasonable care even though the general contractor did not control or supervise the area or the work being done there and did not or could not know of any danger to plaintiff.

In this case, plaintiff claims that Home Depot the general contractor is liable to him for his injury because of the failure of Bryan's Home Improvement Corp, the subcontractor and plaintiff's employer to use reasonable care. The only evidence of Bryan's Home Improvement Corp failure to use reasonable care that you may consider in connection with the liability of Home Depot to plaintiff, is evidence relating to the claimed violation of 12 NYCRR 23-1.21(b)(4)(iv) by Bryan's.

Plaintiff further claims that Bryan's failed to properly secure the ladder he was on from slipping to the side. Plaintiff claims that the Rule was violated because the work involving the ladder was being performed at a rung higher than 10 feet above the ladder footing and the mechanical means for securing the upper end of such ladder against side slip are required and the lower end of such ladder was not held in place by either a person nor was it tied to a secure anchorage nor were safety feet are used.

In deciding whether Home Depot, the general contractor is liable to plaintiff because of the claimed failure of Bryan to use reasonable care, you must consider all of the evidence submitted in connection with the charged violation of 12 NYCRR 23-1.21(b)(4)(iv). If you find that there was a violation of the Rule and that such violation constituted a failure to use reasonable care and that the failure to use reasonable care was a substantial factor causing plaintiff's injuries, you will find for plaintiff against defendant Home Depot.

If you find that Bryan's did not violate the Rule or that even though there was a violation it did not constitute a failure to use reasonable care, or, if there was a failure to use reasonable care, it was not a substantial factor in causing plaintiff's injuries, you will find for Home Depot.

**PJI 2:216A Injured Employee—Violation of Industrial Rule—Vicarious Liability—Nondelegable Duty of General Contractor—Labor Law § 241(6)**

Plaintiff also claims that defendant Home Depot, the general contractor of the site, is liable for his, his injuries under Section 241(6) of the New York State Labor Law. Section 241(6) requires that all "areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein ...." The State Commissioner of Labor is authorized to make rules to give effect to this law. In this case, plaintiff claims *12 NYCRR 1-13(b)(3) and (4)* were violated. Those Rules read as follows:

> **(3): Investigation and warning.** Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. The employer shall post and maintain proper warning signs where such a circuit exists. He shall advise his employees of the locations of such lines, the hazards involved and the protective measures to be taken.

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP


In this case, plaintiff claims that Home Depot the general contractor is liable to him for his injury because of the failure of Bryan's Home Improvement Corp, the subcontractor and plaintiff's employer to use reasonable care. The only evidence of Bryan's Home Improvement Corp failure to use reasonable care that you may consider in connection with the liability of Home Depot to plaintiff, is evidence relating to the claimed violation of 12 NYCRR 23-1.21(b)(4)(iv) by Bryan's.

Plaintiff further claims that Bryan's failed to properly secure the ladder he was on from slipping to the side. Plaintiff claims that the Rule was violated because the work involving the ladder was being performed at a rung higher than 10 feet above the ladder footing and the mechanical means for securing the upper end of such ladder against side slip are required and the lower end of such ladder was not held in place by either a person nor was it tied to a secure anchorage nor were safety feet are used.

In deciding whether Home Depot, the general contractor is liable to plaintiff because of the claimed failure of Bryan to use reasonable care, you must consider all of the evidence submitted in connection with the charged violation of 12 NYCRR 23-1.21(b)(4)(iv). If you find that there was a violation of the Rule and that such violation constituted a failure to use reasonable care and that the failure to use reasonable care was a substantial factor causing plaintiff's injuries, you will find for plaintiff against defendant Home Depot.

If you find that Bryan's did not violate the Rule or that even though there was a violation it did not constitute a failure to use reasonable care, or, if there was a failure to use reasonable care, it was not a substantial factor in causing plaintiff's injuries, you will find for Home Depot.

**PJI 2:216A Injured Employee—Violation of Industrial Rule—Vicarious Liability—Nondelegable Duty of General Contractor—Labor Law § 241(6)**

Plaintiff also claims that defendant Home Depot, the general contractor of the site, is liable for his, his injuries under Section 241(6) of the New York State Labor Law. Section 241(6) requires that all "areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein ...." The State Commissioner of Labor is authorized to make rules to give effect to this law. In this case, plaintiff claims *12 NYCRR 1-13(b)(3) and (4)* were violated. Those Rules read as follows:

> **(3): Investigation and warning.** Before work is begun the employer shall ascertain by inquiry or direct observation, or by instruments, whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. The employer shall post and maintain proper warning signs where such a circuit exists. He shall advise his employees of the locations of such lines, the hazards involved and the protective measures to be taken.

> **(4): Protection of employees.** No employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means. In work areas where the exact locations of underground electric power lines are unknown, persons using jack hammers, bars or other hand tools which may contact such power lines shall be provided with insulated protective gloves, body aprons and footwear.

Under Labor Law § 241(6), the general contractor of an area where construction, excavation or demolition is taking place is liable for injury to a worker in that area caused by the failure of a subcontractor to use reasonable care in constructing, shoring, equipping, or guarding the site or in arranging, operating or conducting the work in that area. The general contractor is liable for an injury due to the failure of a subcontractor to use reasonable care even though the general contractor did not control or supervise the area or the work being done there and did not or could not know of any danger to plaintiff.

In this case, plaintiff claims that Home Depot the general contractor is liable to him for his injury because of the failure of Bryan's Home Improvement Corp, the subcontractor and plaintiff's employer to use reasonable care. The only evidence of Bryan's Home Improvement Corp failure to use reasonable care that you may consider in connection with the liability of Home Depot to plaintiff, is evidence relating to the claimed violation of 12 NYCRR 1-13(b)(3) and (4) by Bryan's.

Plaintiff further claims that Bryan failed to ascertain by inquiry or direct observation whether any part of an electric power circuit, exposed or concealed, is so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith. Bryan did not post and maintain proper warning signs and did not advise his employees of the locations of such lines, the hazards involved and the protective measures to be taken. **Third-party defendant objects. Plaintiff has no claims against Bryan's.**

Plaintiff further claims that Bryan permitted him to work in such proximity to any part of an electric power circuit that he came into contact with in the course of his work notwithstanding that he was not protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means. **Third-party defendant objects. Plaintiff has no claims against Bryan's.**

In deciding whether Home Depot, the general contractor is liable to plaintiff because of the claimed failure of Bryan to use reasonable care, you must consider all of the evidence submitted in connection with the charged violation of 12 NYCRR 1-13(b)(3) and (4). If you find that there was a violation of the Rule and that such violation constituted a failure to use reasonable care and that the failure to use reasonable care was a substantial factor causing plaintiff's injuries, you will find for plaintiff against defendant Home Depot. If you find that Bryan did not violate the Rule or that even though there was a violation it did not constitute a failure to use reasonable

care, or, if there was a failure to use reasonable care, it was not a substantial factor in causing plaintiff's injuries, you will find for Home Depot.

**PJI 2:217 Injured Employee—Action Under Statute Imposing Absolute Liability**

Section 240 of the Labor Law requires all contractors in the repairing of a building to furnish or erect for the performance of the work as in this case, the roofing of a building, elevation related devices such as scaffolding, hoists, ladders, pulleys, ropes or other devices which shall be so placed and secured as to give proper protection to the person performing the work.

Plaintiff was engaged in carrying a portion of a metal extension ladder up to a second story roof when the ladder he was climbing slipped to the right side and he fell off the ladder to the left.

If defendant Home Depot breached this statutory duty and such breach was a substantial factor in causing plaintiff's injuries, the statute imposes liability whether or not defendant Home Depot was at fault and whether or not there was any fault on the part of plaintiff that contributed to the injury.

The statute was designed to place the responsibility for a worker's safety squarely on the contractor rather than on the worker, Felker v Corning Inc., 90 NY2d 219, 660 NYS2d 349, 682 NE2d 950 (1997); Zimmer v Chemung County Performing Arts, Inc., 65 NY2d 513, 493 NYS2d 102, 482 NE2d 898 (1985). While one significant line of cases has stated that the statute is to be liberally construed to achieve its objectives, Saint v Syracuse Supply Co., 25 NY3d 117, 8 NYS3d 229, 30 NE3d 872 (2015); Blake v Neighborhood Housing Services of New York City, Inc., 1 NY3d 280, 771 NYS2d 484, 803 NE2d 757 (2003); Panek v Albany, 99 NY2d 452, 758 NYS2d 267, 788 NE2d 616 (2003); Zimmer v Chemung County Performing Arts, Inc., supra; see O'Brien v Port Authority of New York and New Jersey, 29 NY3d 27, 52 NYS3d 68, 74 NE3d 307 (2017),

If you find that the ladder and other elevation related devices being used by plaintiff were so placed and secured as to give proper protection to plaintiff, you will find for defendant on this issue.

If you find that the ladder and other elevation related devices were not so placed and secured or were absent, and failed to give proper protection to plaintiff in the performance of the work, and that the failure to properly place and secure the ladder or other elevation related device was a substantial factor in causing plaintiff's injury, you will find for plaintiff on this issue.

*Rieger v. 303 East 37 Owners Corp.*, 49 A.D.3d 347, 852 N.Y.S.2d 768 (1st Dept., 2008) (Plaintiff injured when he fell from the defendant's unsecured ladder); *Boe v. Gammarati*, 26 A.D.3d 351, 809 N.Y.S.2d 550 (2d Dept., 2006) (Plaintiff fell while descending an unsecured ladder); *Torres v. Monroe College*, 12 A.D.3d 261 2004 (It is apparent that the A-frame provided plaintiff did not properly protect him from an elevation related hazard.)

Under the "absolute" or "strict" liability principle, the plaintiff need prove only that the statute was violated and that the violation was a proximate cause of the injury sustained, *Blake v Neighborhood Housing Services of New York City, Inc.*, 1 NY3d 280, 771 NYS2d 484, 803 NE2d 757 (2003); *Bland v Manocherian*, 66 NY2d 452, 497 NYS2d 880, 488 NE2d 810 (1985); *Limauro v City of New York Dept. of Environmental Protection*, 202 AD2d 170, 608 NYS2d 196 (1st Dept 1994); *Figueroa v Manhattanville College*, 193 AD2d 778, 598 NYS2d 77 (2d Dept 1993); see *Barreto v Metropolitan Transp. Authority*, 25 NY3d 426, 13 NYS3d 305, 34 NE3d 815 (2015); *Boshart v Buffalo*, 185 AD2d 706, 586 NYS2d 844 (4th Dept 1992); see also *Doucoure v Atlantic Development Group, LLC*, 18 AD3d 337, 796 NYS2d 48 (1st Dept 2005) (Labor Law § 241-a); *Santos v Sure Iron Works*, 166 AD2d 571, 560 NYS2d 857 (2d Dept 1990). Thus, it is sufficient for the purposes of liability under the statute that adequate safety devices to prevent the ladder from slipping or to protect the plaintiff from falling were absent, *Orellano v 29 East 37th Street Realty Corp.*, 292 AD2d 289, 740 NYS2d 16 (1st Dept 2002).

Control, direction, or supervision of the work by the general contractor is not a necessary condition of liability under Labor Law § 240(1), *Gordon v Eastern Ry. Supply, Inc.*, 82 NY2d 555, 606 NYS2d 127, 626 NE2d 912 (1993); *Lombardi v Stout*, 80 NY2d 290, 590 NYS2d 55, 604 NE2d 117 (1992); *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 577 NYS2d 219, 583 NE2d 932 (1991); *Haimes v New York Telephone Co.*, 46 NY2d 132, 412 NYS2d 863, 385 NE2d 601 (1978); see *Barreto v Metropolitan Transp. Authority*, 25 NY3d 426, 13 NYS3d 305, 34 NE3d 815 (2015)

**PJI 2:275.4 Comparative Fault—Apportionment of Fault Between Defendants (CPLR 1602(4)—grave injury—acquired brain injury)**

The defendant-third-party plaintiff Home Depot USA, Inc. claims that the Plaintiff Daniel Rivera sustained a brain injury resulting in permanent and total disability. <u>Permanent and total disability means inability to engage in any employment. It does not require that Plaintiff lack all capacity to perform personal or household activities. You must consider whether the evidence establishes that Plaintiff is unable to return to, or engage in, any employment.</u> Third Party Plaintiff Home Depot USA, Inc. has the burden of proving by a preponderance of the evidence that Plaintiff sustained a brain injury resulting in permanent and total disability. **Third-party defendant objects to underlined language.**

**Left Hand-Grave Injury Charge**

Defendant-Third Party Plaintiff Home Depot USA, Inc. further claims that the Plaintiff Daniel Rivera sustained an injury to his left hand resulting in a grave injury to his left hand. Proving a grave injury to the left hand requires <u>Plaintiff show that he has no "functional use of his left hand." See *Mustafa v. Halkin Tool, Ltd.*, (2004 WL 2011384 [E.D.N. Y. Sept. 7, 2004]). Loss of the functional use of his left hand does not mean no movement at all in the left hand. Plaintiff may retain some "passive use" of the left hand and still maintain a grave injury. *Balaskonis v. HRH Construction Corp.*, 1 A.D., 120, 767 N.Y.S.2d 9 (1st Dep't. 2003). Slight movement alone does not mean Plaintiff did not suffer a grave injury. Instead you need to consider whether</u>

<u>Plaintiff is able to use his left hand functionally for any type of grasp, prehension, dexterity or bimanual tasks. *Mustafa v. Halkin Tool, Ltd.*, (2004 WL 2011384 [E.D.N.Y. Sept. 7, 2004]). If you find based on a considerations of these factors, Plaintiff has no "functional use" of his left hand, you will find he did suffer a grave injury.</u> **Third-party defendant objects to underlined language and requests adding "A showing of a permanent and total loss of use of the left hand" after "Proving a grave injury to the left hand requires"**

### PJI 2:70 Proximate Cause—In General

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

### PJI 2:71 Proximate Cause—Concurrent Causes

There may be more than one cause of an injury. Where the independent and negligent acts or omissions of two or more parties cause injury to another, each of those negligent acts or omissions is regarded as a cause of that injury provided that it was a substantial factor in bringing about that injury.

### PJI 1:75 General Instruction—Evidence—Failure to Produce Witness—In General

The plaintiff, Daniel Rivera respectfully submits that this Charge be provided to the jury in the event the Court does permit Dr. Richard Lechtenberg to serve as an expert for the defendants in this case.

A party is not required to call any particular person as a witness. However, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness. For example, in this case the defendants, Home Depot and Bryan's Home Improvement, did not call a physician they hired to examine the plaintiff, Dr. Richard Lechtenberg, to testify on the questions of the plaintiff's medical condition, causation, permanent extent of injuries, and the nature of sustaining a 'grave' injury. The defendants have not offered an explanation for not calling Dr. Richard Lechtenberg as a witness in this case.

Accordingly, you may, although you are not required to, conclude that the testimony of Dr. Richard Lecthenberg would not support the defendants' positions on the questions of the plaintiff's medical injuries and conditions, and would not contradict the evidence offered by the plaintiff on these questions and you may, although you are not required to, draw the strongest inference against the defendants on those questions, that opposing evidence permits.

*From Defendant Home Depot*

**Effect of Inference on Burden of Proof et al., Modern Federal Jury Instructions—Civil, ¶ 75.01, Instruction 75-2)**

**Party's Failure to Testify L. Sand, et al., Modern Federal Jury Instructions—Civil, Instruction 75-6 Instruction**

**Compensatory Damages, Modern Federal Jury Instructions-Civil, Instruction 77-3**

**Calculation of Past and Future Damages, Modern Federal Jury Instructions 77-4**

**Nominal Damages, Modern Federal Jury Instructions 77-6**

**Mitigation of Damages, Modern Federal Jury Instructions 77-7**

Dated: February 26, 2018

Steven R. Payne, Esq. (SRP8013)