THE LAW FIRM OF

# CONNORS & CONNORS
## PC
766 CASTLETON AVENUE
STATEN ISLAND, NEW YORK 10310-9003
TEL: 718-442-1700 FAX: 718-442-1717

John P. Connors (1955-2003)
John P. Connors, Jr.*

Susan E. O'Shaughnessy
Robert J. Pfuhler**

Michael P. DeCarlo
Tara P. Mandelbaum
Irwin D. Miller
Gavin C. Fields
Erik J. McKenna
Michael J. Hemway**
Anthony R. Maddaluno**

600 Third Avenue
New York, New York 10016

New Jersey Office
Morris Brook Commons
Suite 6
422 Morris Avenue
Long Branch, New Jersey 07740

Of Counsel
William J. Russo

March 6, 2018

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007-1312

      Re:    Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement
              Docket No.:  16cv7552
              Our File No.:  SIF 26263

Honorable Judge Forrest:

      Pursuant to the Court's March 6, 2018 directive, third-party defendant, Bryan's Home Improvement Corp. respectfully submits this motion for reconsideration of the Court's Order determining the motion by defendant/third-party plaintiff, Home Depot, for summary judgment on Home Depot's common Law claims against Bryan's Home Improvement Corp.

      Home Depot, as the general contractor on the job, had a common-law duty to provide the plaintiff with a **safe** place to work.

      Home Depot, in its motion, asserts that the accident is solely the result of the means and methods used by plaintiff's employer to do the work.  However, the evidence indicates that the accident is also the result of a dangerous condition at the site.  There are two distinct standards applicable to this case because the accident is the result of both the means and methods used by the plaintiff's employer to do its work and a dangerous condition (see McLoed v. Cooperation of Presiding Bishop of church of Jesus Christ of Latter Day Sts., 41 A.D.3d 796 [2d Dept. 2007]).

      Where, as in this case, an existing dangerous condition (electrical hazard) causes the injury, liability attaches to Home Depot if Home Depot had actual or constructive notice of it.

THE LAW FIRM OF
## CONNORS & CONNORS
PC

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
Re:    Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement
March 6, 2018
Page 2

The Court's grant of summary judgment to the plaintiff on his Labor Law Section 241 (6) claim is recognition of the existence of the electrical hazard present at the scene and Home Depot's failure to take proper precautions (see Coppabianca v. Stauska USA Bldg. Inc., 99 A.D.3d 139 [1st Dept. 2010]; Murphy v. Columbia Univ., 4 A.D.3d 200 [1st Dept. 2004]).

It is not necessary to prove Home Depot's supervision and control over plaintiff's work to support a finding of negligence against Home Depot because the injury in this case arose, in part, from the condition of the workplace known to Home Depot in addition to the method of the work being performed.

It is respectfully submitted that Home Depot's knowledge of the electrical hazards and it's failure to take precautions against them, at the very least, raise a question of fact as to Home Depot's negligence.

Respectfully submitted,

CONNORS & CONNORS, P.C.

By: _____
Michael P. De Carlo
mdecarlo@connorslaw.com

MPD/mr