UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL RIVERA,

                         Plaintiff,

         -v-

HOME DEPOT U.S.A. INC.,

    Defendant and Third-Party Plaintiff,

         -v-

BRYAN'S HOME IMPROVEMENT CORP.,

                 Third-Party Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 8, 2018

16-cv-7552 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

The Court is in receipt of Bryan's Home Improvement Corp.'s ("BHIC") motion for reconsideration. (ECF No. 80.) Bryan's seeks reconsideration of the Court's oral grant of Home Depot's motion for summary judgment on the issue of common-law indemnification. (ECF No. 79.) For the reasons stated below, BHIC's motion is DENIED.

I.    DISCUSSION

As an initial matter, the question of common-law indemnification is largely academic. During a conference held on March 6, 2018, the Court held that Home Depot is entitled to <u>contractual</u> indemnification from BHIC for any and all damages suffered by plaintiff as a result of his fall and electrocution. (ECF No. 79.) Accordingly, it makes no difference to the outcome of this case whether Home Depot

is <u>additionally</u> entitled to common-law indemnification—in any event BHIC is the responsible party here.

Additionally, BHIC has not persuaded the Court that its oral ruling was incorrect in any respect. It is true that in the absence of "supervision and control" over the work being performed at a construction site, a general contractor can only be held liable for common-law negligence under New York Labor Law § 200[1] if it had "actual or constructive notice of [a] dangerous condition" at the worksite. <u>See Keating v. Nanuet Bd. Of Educ.</u>, 40 A.D.3d 706 (2d Dep't 2007). Based on the deposition testimony of Jorge Palacios, it appears as though Home Depot was at least constructively aware of the fact that the construction site was close to adjacent homes. (Decl. of Michael P. DeCarlo Ex. E ("Palacios Dep.") at 49:3-5, ECF No. 50-8.) But there is nothing in the record to suggest that Home Depot was aware—actually or constructively—of the risk posed by <u>electrical wires</u> connected to those adjacent houses, or the potential that any of BHIC's workers would come into contact with them. That is not to suggest that such evidence does not exist, but merely that BHIC has not done enough to defeat summary judgment on this issue.

Second, even if there was record evidence that Home Depot was specifically aware of the risk posed by the electrical wires, the Court is not persuaded that constitutes a "dangerous condition" as a matter of law. As set forth on the record on March 6, 2018, there is a clear difference between conditions that are inherently

---

[1] The Court notes that, based on consent of the plaintiff, all § 200 claims in this action were dismissed on March 6, 2018. (ECF No. 79.) However, the Court understands BHIC's position that Home Depot's alleged negligence is relevant to the issue of common-law indemnification for the remaining § 240(1) and § 241(6) claims, and that the same standard applies.

dangerous (e.g., because they are faulty or unusual, like sparking outlets in a house or a large pit on the site), and those that construction workers must deal with in the routine course of their work.  The reality is that electrical wires are attached to nearly every house, and are therefore present at nearly every construction site.  If the Court were to hold that such wires per se constitute a "dangerous condition," it is difficult to imagine a single case in which the general contractor would not be found comparatively negligent.  Additionally, there is absolutely no reason to believe that plaintiff would have come into contact with the electrical wires if not for the manner in which BHIC asked him to complete his work—by carrying a metal ladder up an illegally unsecured metal ladder.  See Keating, 40 A.D.3d at 708.  There is thus a clear difference between this case and one in which electrical wires pose an inherent "dangerous condition."

In its Opinion & Order granting plaintiff's motion for partial summary judgment, the Court held that Home Depot had violated 12 NYCRR § 23-1.13(b)(3) by failing to "post and maintain proper warning signs" whenever an electrical circuit is "so located that the performance of the work may bring any person, tool or machine into physical or electrical contact therewith."  (ECF No. 70 at 10.)  BHIC points to this holding as clear evidence that Home Depot was aware of a "dangerous condition" at the worksite for purposes of common-law negligence.  But the "dangerous condition" standard does not map perfectly onto the § 1.13(b)(3) inquiry; an electrical circuit may be "so located that the performance of the work" may pose a risk without being a "dangerous condition" as a matter of law.  And as previously

3

noted, the case law makes clear that there is a distinction between inherently "dangerous conditions" and situations where the accident arises from the "manner in which the work was being performed." Keating, 40 A.D.3d at 708. Nonetheless, to avoid unnecessary confusion, and because Home Depot's alleged violation of § 1.13(b)(3) is not necessary to sustain the Court's holding that Home Depot violated § 241(6)[2], the Court hereby VACATES that portion of its February 28, 2018 Opinion & Order regarding § 1.13(b)(3).

## II. CONCLUSION

For the reasons stated above, the Court hereby:

- VACATES the portion of its Opinion & Order at ECF No. 70 holding that Home Depot violated 12 NYCRR § 23-1.13(b)(3); and

- DENIES BHIC's motion for reconsideration of the Court's holding as to common-law indemnification.

As previously noted at ECF No. 79, the only remaining issue in this action is the quantum of damages that plaintiff is entitled to recover. **Accordingly, the parties are hereby directed to meet with Magistrate Judge Ona T. Wang at her earliest convenience for a settlement conference on the issue of damages.** The parties are directed to inform the Court as soon as a settlement conference is scheduled, and shall file a joint status update at the conclusion of such conference. A separate order of referral will follow this Memorandum Decision & Order.

---

[2] The Court additionally found that Home Depot violated 12 NYCRR § 23-1.21(b)(4)(iv), which concerns the proper means of securing a ladder. (ECF No. 70 at 10.)

4

All currently scheduled deadlines and hearings in this action—including the final pretrial conference currently scheduled for March 8, 2018 at 1:00 p.m.—are hereby ADJOURNED pending that settlement conference.

The Clerk of Court is directed to close the open motion at ECF No. 80.

SO ORDERED.

Dated:   New York, New York
         March 8, 2018

_____
KATHERINE B. FORREST
United States District Judge

5