UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL RIVERA,

      Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

      Defendant,

---

HOME DEPOT U.S.A., INC.,

      Third-Party Plaintiff,

-against-

BRYAN'S HOME IMPROVEMENT CORP.,

      Third-Party Defendant.

---

Civil No.: 16cv7552

**Hon. Katherine B. Forrest**

**PLAINTIFF'S REQUEST
TO CHARGE**

---

Plaintiff DANIEL RIVERA hereby requests the following jury charges:

**Instruction 71-1 Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.
It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Instruction 71-2 Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be - or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law that that which I give you..

### Instruction 71-3 Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion, I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are, expressly to understand that the court has no opinion as to the verdict you should render in this case. As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### Instruction 71-9 Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

### Instruction 73-2 Burden of Proof—Preponderance of the Evidence

The party with the burden of proof on any given issue has the, burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. This is because the party bearing this burden must prove more than simple equality of evidence - he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip however slightly, in favor of the party with this burden of proof that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your minds.

### Instruction 74-2 Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with an umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact, but on the combination of facts which I have asked you to assume it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense

from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

### 76-1 Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony. It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

### 76-2 Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

### 76-3 Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

### 76-9 Expert Witnesses—Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

### Instruction 74-13     Interrogatories

You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.
In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP

**Instruction 74-14      Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Instruction 77-3: Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**PJI 1:65.1**
The fact that the plaintiff has received workers' compensation benefits has no bearing on any other issue in the case than the weight you will give to the plaintiff's testimony. Compensation benefits were paid to the plaintiff because he was an employee of Bryan's at the time of the accident. These payments are made without determining fault with respect to the happening of the accident. If, but only if, the plaintiff is successful in this action, the payments made by Bryan's will have to be refunded by the plaintiff to Bryan's.

**PJI 2:280 Damages—Personal Injury—Injury and Pain and Suffering**
As the defendants have been found liable for causing this accident, plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for any injury, disability and conscious pain and suffering to date caused by defendants.

The term "pain and suffering" has been utilized to encompass all items of general, non-economic damages, see CPLR 4111(d), (e), (f); *McDougald v Garber*, 73 NY2d 246, 538 NYS2d 937, 536 NE2d 372 (1989); *Lamot v Gondek*, 163 AD2d 678, 558 NYS2d 284 (3d Dept 1990).

In determining the amount to be awarded plaintiff for non-economic damages, the jury may properly consider the effect of the injuries on plaintiff's capacity to lead a normal life, *McDougald v Garber*, supra. However, while the loss of the enjoyment of life may be considered in fixing the amount awarded plaintiff for pain and suffering, the loss of enjoyment of life does not, by itself, constitute a separate and distinct item of damages, *McDougald v Garber*, supra.

**PJI 2:280.1 Damages—Personal Injury—Injury and Pain and Suffering [Supplemental Instruction]**
In determining the amount, if any, to be awarded plaintiff for pain and suffering, you may take into consideration the effect that plaintiff's injuries have had on plaintiff's ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. However, a person suffers the loss of enjoyment of life only if the person is aware, at some level, of the loss that he has suffered.

If you find that plaintiff, as a result of his injuries, suffered some loss of the ability to enjoy life and that plaintiff was aware, at some level, of a loss, you may take that loss into consideration in determining the amount to be awarded to plaintiff for pain and suffering.

**PJI 2:281 Damages—Personal Injury—Future—Permanence—Life Expectancy Tables**
With respect to any of the plaintiff's injuries or disabilities, the plaintiff is entitled to recover for future pain, suffering and disability and the loss of his ability to enjoy life. In this regard you should take into consideration the period of time that the injuries or disabilities are expected to continue. If you find that the injuries or disabilities are permanent, you should take into consideration the period of time that the plaintiff can be expected to live. In accordance with statistical life expectancy tables, plaintiff has a life expectancy of 78 years. Such a table, however, provides nothing more than a statistical average. It neither guarantees that plaintiff will live an additional 78 years or means that he will not live for a longer period. The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, his habits, employment and activities in deciding what plaintiff's present life expectancy is.

**PJI 2:285 Damages—Personal Injury—Expenses Incurred**
As the defendants have been found liable for causing this accident, plaintiff will be entitled to recover the amount of reasonable expenditures for medical services and medicines, including

physician's charges, nursing charges, hospital expenses, diagnostic expenses and X-ray charges. Thus, you will include in your verdict the amount that you find from the evidence to be the fair and reasonable amount of the medical expenses necessarily incurred as a result of plaintiff's injuries. If you find that plaintiff will need medical, hospital or nursing expenses in the future, you will include in your verdict an amount for those anticipated medical, hospital and nursing expenses which are reasonably certain to be incurred in the future and that were necessitated by plaintiff's injuries. If you find that plaintiff is entitled to an award for medical expenses to be incurred in the future, you will fix the dollar amount of expenses over the entire period that you find plaintiff will incur such expenses and include that amount in your verdict. In your verdict you will state separately the amount awarded for medical expenses to date, if any, and, if you make an award for future medical, you will state in your verdict the amount awarded and the period of years over which such award is intended to provide compensation. Do not state an amount per year but only a total amount for the entire period.

**PJI 2:301 Damages—Personal Injury—Collateral Sources—Itemized Verdict**
As the defendants have been found liable for causing this accident, you must include in your verdict an award for past and future pain and suffering. That amount must include the amount for the injury suffered and for the future effect of the injury, if any. Based upon the evidence you may also include an award for each of the following items, separately divided into amounts intended to compensate the plaintiff for damages incurred before your verdict and amounts intended to compensate the plaintiff for damages to be incurred in the future: medical expenses, custodial care, rehabilitation services. If you make an award for any item of damages to be incurred in the future, then for each such item, you must state the period of years over which the amount awarded is intended to provide compensation and the amount you fix must represent the full amount awarded to plaintiff for that item of damage for that future period without reduction to present value.

Your verdict will include answers to the following questions which will be submitted to you in writing:
(1) State separately the amount awarded for the following items of damages, if any, from the time of the occurrence up to the date of your verdict:
(a) Medical expenses;
(b) Custodial care;
(c) Rehabilitation services;
(d) Pain and suffering up to the date of your verdict.

If you decide not to make an award as to any item, you will insert the word "none" as to that item.

(2) State separately the amount awarded for the following items of damages, if any, to be incurred in the future:
(a) Medical expenses;
(b) Custodial care;
(c) Rehabilitation services;
(d) Pain and suffering, including the permanent effect of the injury, from the time of verdict to the time that plaintiff could be expected to live.

(3) If you do decide to award any amounts intended to compensate the plaintiff for damages to be incurred in the future, then for each item for which an award is made, state the period of years over which such amounts are intended to provide compensation. For any item for which an award is not made, you will insert the word "none" as to that item.

Dated: March 30, 2018

                                             Steven R. Payne, Esq. (SRP8013)

**\*\*See also the *attached* Third-Party Defendant, Bryan's Home Improvement's Objection to Plaintiff's PJI 1:75 Charge**.

Plaintiff asserts that this charge was included in the 'draft' of the initial Pre-Trial Order drafted earlier this month but is no longer included by Plaintiff in the final version of the Joint Order submitted herewith. Moreover, Plaintiff respectfully asserts that this issue is moot given the Court's ruling that Dr. Lechtenberg is not permitted to testify at the trial.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL RIVERA,

                    Plaintiff,

-against-

HOME DEPOT U.S.A, INC.,
                    Defendant.

Civil No.: 16cv7552

**THIRD-PARTY DEFENDANT BRYAN'S HOME IMPROVEMENT CORP.'S OBJECTION TO PLAINTIFF'S PJI 1:75 CHARGE**

---

HOME DEPOT U.S.A., INC.,

                      Third-Party Plaintiff,

-against-

BRYAN'S HOME IMPROVEMENT CORP.,

                      Third-Party Defendant.

---

**PJI 1:75 General Instruction-Evidence-Failure to Produce Witness-In General**

Third-Party Defendant, Bryan's Home Improvement Corp., objects to the Court presenting this charge to the jury, in view of the Court's ruling that Dr. Richard Lechtenberg, who third-party defendant, Bryan's Home Improvement, Corp., was prepared to call to present testimony at the trial of this action, was precluded from testifying based upon the fact that Dr. Lechtenberg was exchanged outside of the parameters of the expert discovery exchange order issued by the Court. We reiterate our willingness to call Dr. Lechtenberg as an expert witness at trial to refute the claims of injury asserted by plaintiff's attorneys in their response to defendant's interrogatories.

                          Respectfully submitted,

                          CONNORS & CONNORS, P.C.

                          Irwin D. Miller, Esq. (3673)
                          Attorneys for Third-Party Defendant
                          BRYAN'S HOME IMPROVEMENT CORP.
                          766 Castleton Avenue
                          Staten Island, NY 10310
                          Tel. 718.442.1700
                          Our File No.: SIF 26263