THE LAW FIRM OF

# CONNORS & CONNORS
## PC

766 CASTLETON AVENUE
STATEN ISLAND, NEW YORK 10310-9003
TEL: 718-442-1700 FAX: 718-442-1717

John P. Connors (1955-2003)
John P. Connors, Jr.*

Susan E. O'Shaughnessy
Robert J. Pfuhler**

Michael P. DeCarlo
Tara P. Mandelbaum
Irwin D. Miller
Gavin C. Fields
Erik J. McKenna
Michael J. Hemway**
Anthony R. Maddaluno**

600 Third Avenue
New York, New York 10016

New Jersey Office
Morris Brook Commons
Suite 6
422 Morris Avenue
Long Branch, New Jersey 07740

Of Counsel
William J. Russo

April 2, 2018

**Via Email: forrestnysdchambers@nysd.uscourts.gov**
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007-1312

      Re:    <u>Daniel Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement, et al.</u>
            Docket No.: 16cv7552
           Our File No.: SIF 26263

Honorable Judge Forrest:

      Pursuant to my telephone conversation with Steve, one of your Court attorneys, on Friday, March 30, 2018, attached are two (2) Judicial Subpoenas to produce documents in the above-named case, which is scheduled for trial on April 9, 2018, before this Honorable Court.

      One subpoena is directed to the New York State Board for Professional Medical Conduct with respect to a consent agreement involving one of plaintiff's primary treating physician's, Dr. Paul Ratzker, a neurologist, based upon two specifications of professional misconduct.

      The second subpoena is directed to the State of New Jersey, Department of Law and Public Safety, Division of Consumer Affairs, Board of Medical Examiners, with respect to a Final Consent Order and Settlement Agreement filed on December 28, 2011, relating to Dr. Paul Ratzker, in the matter of the suspension of his license to practice medicine, based upon professional misconduct.

      We have attached these Consent Orders and related documents to the Joint Pre-Trial Order that was filed on Friday, March 30, 2018, pursuant to the Court's guidelines.

* Member NY, NJ & DC Bars           ** Member NY, NJ Bars

THE LAW FIRM OF
# CONNORS & CONNORS
PC

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
Re:   Rivera v. Home Depot USA, Inc. v. Bryan's Home Improvement
April 2, 2018
Page 2

     It is respectfully requested that the Court "So Order" the attached subpoena's and kindly advise us on today's date when the subpoena's are available to be picked up.

     Based upon the unexpectedly inclement weather, it is respectfully requested that our investigator, Chris Harris, of Beirne Associates, Inc., the investigative firm that is assisting us in preparing the case for trial, be authorized to pick up the subpoenas, once they have been "So Ordered" by the Court.

     In the event that you wish to discuss any aspect of this case in greater detail, we are available via phone conference.

     We thank the Court for its anticipated cooperation in this matter.

Respectfully submitted,

CONNORS & CONNORS, P.C.

By: _____
Irwin D. Miller
Attorneys for Third-Party Defendant
Bryan's Home Improvement Corp.
imiller@connorslaw.com

IDM/lb
Encl.

cc:
**Via Email: medelman@ginartelaw.com**
Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
225 Broadway, 13th Floor
New York, NY 10007

**Via Email: ABoutin@Damato-Lynch.com; LBeatus@Damato-Lynch.com**
D'Amato & Lynch, LLP
225 Liberty Street
New York, NY 10281

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Southern District of New York

Daniel F. Rivera )
    *Plaintiff* )
    v. ) Civil Action No. 16 CV 7552 KBF
Home Depot U.S.A., Inc. v. Bryan's Home Improvement )
    *Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New Jersey Dept of Law & Public Safety; Division of Consumer Affairs; Board of Medical Examiners; 140 Front Street; Trenton, NJ 08608-2104

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The complete, Unredacted, Stamped And Certified Final Consent Order and Settlement Agreement; Docket No. BDS 02346-2011N # 13-163, dated 6/3/13, between State of New Jersey Board of Medical Examiners and Paul Ratzker, M.D.; License # 25MA06464600

| Place: US District Court<br>500 Pearl Street; NY, NY 10007 | Date and Time:<br>April 5, 2018; 9:30 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

    *CLERK OF COURT*

    _____    OR    [signature]
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bryan's Home Improvement , who issues or requests this subpoena, are:
Irwin D. Miller; Connors & Connors; 766 Castleton Ave.; Staten Island, NY 10310. 718-442-1700. imiller@connorslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Division of Law - 5th floor
124 Halsey Street
P.O.B. 45029
Newark, New Jersey 07101
By: Joan D. Gelber
    Sr. Deputy Attorney General
    Tel. 973-648-2972
    Joan.Gelber@dol.lps.state.nj.us

**FILED**
DECEMBER 28, 2011
NEW JERSEY STATE BOARD
OF MEDICAL EXAMINERS

STATE OF NEW JERSEY
DEPT OF LAW & PUBLIC SAFETY
DIVISION OF CONSUMER AFFAIRS
BOARD OF MEDICAL EXAMINERS
DOCKET NO. BDS 02346-2011N

IN THE MATTER OF THE SUSPENSION
OR REVOCATION OF LICENSE OF

PAUL K. RATZKER, M.D.
LICENSE NO. 25MA06464600

TO PRACTICE MEDICINE AND SURGERY
IN THE STATE OF NEW JERSEY

ADMINISTRATIVE ACTION

FINAL CONSENT ORDER
AND SETTLEMENT AGREEMENT

This matter was presented to the State Board of Medical Examiners by the Attorney General of New Jersey by way of a Six-Count Administrative Complaint filed January 3, 2011. The conduct, as set forth in detail in the Complaint, was alleged to constitute, variously, violations of the cited administrative rules and of N.J.S.A. 45:1-21(b), (c) and/or (d), (e), (h) and (n), and 45:9-22.4 *et seq.*

Respondent Dr. Ratzker, in his Answer, filed on February 18, 2011, denied each and every allegation contained in the Complaint. Respondent has primary offices currently at "The Back Institute, P.C." (the "Back Institute"), 700 Rahway Avenue, Union, NJ 07083, and is represented by Walter F. Timpone, Esq. The contested case was transmitted by the Board to the Office of Administrative Law, for hearings before the Hon. Jesse H. Strauss, A.L.J. Thereafter, with Respondent's consent, the case was consolidated for hearings with Administrative Complaints filed

1696729-1

CERTIFIED TRUE COPY

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 CV 7552 KBF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Daniel F. Rivera | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16 CV 7552 KBF |
| Home Depot U.S.A., Inc. v. Bryan's Home Improvement | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NYS Board for Professional Medical conduct; 90 Church Street; NY< NY 10007

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The complete, Unredacted, Stamped And Certified Final Consent Order and Settlement Agreement; Dated 6/3/13 between NYSW Board of Professional Medical Conduct and Dr. Paul Ratzker02346-2011N # 13-163, dated 6/3/13, between State of New Jersey Board of Medical Examiners and Paul Ratzker, M.D.; License # 25MA06464600

| Place: US District Court<br>500 Pearl Street; NY, NY 10007 | Date and Time:<br>April 5, 2018; 9:30 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bryan's Home Improvement _____, who issues or requests this subpoena, are:
Irwin D. Miller; Connors & Connors; 766 Castleton Ave.; Staten Island, NY 10310. 718-442-1700. imiller@connorslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

STATE OF NEW YORK: DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| | |
|---|---|
| IN THE MATTER | CONSENT |
| OF | AGREEMENT |
| PAUL RATZKER, M.D. | |
| CO-12-03-1024-A | |

PAUL RATZKER, M.D., (Respondent), representing that all of the following statements are true, deposes and says:

That on or about July 3, 1989, I was licensed to practice medicine in the State of New York and issued license number 178791 by the New York State Education Department.

My current address is REDACTED and I will advise the Director (Director) of the Office of Professional Medical Conduct (OPMC) of any change of my address within thirty (30) days, thereof.

I understand that the New York State Board for Professional Medical Conduct (Board) has charged me with two (2) Specifications of professional misconduct.

A copy of the Statement of Charges, marked as Exhibit A, is attached to and part of this Consent Agreement.

I do not contest the two (2) Specifications in that some of the conduct resulting in the New Jersey disciplinary action would constitute misconduct under the laws of New York State, and agree to the following sanction:

Censure and Reprimand;

Respondent shall pay a $2,000.00 fine, to be paid within thirty (30) days of the effective date of the Consent Order to the NYS Department of Health, Bureau of Accounts Management, Revenue Unit, Empire State Plaza, Corning Tower, Room 1717, Albany, NY 12237-0016.

Respondent shall remain in continuous compliance with all requirements of New York Education Law § 6502 including, but not limited to, the requirements that a licensee shall register and continue to be registered with the New York State Education

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 CV 7522 KBF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Daniel F. Rivera <br> *Plaintiff* <br> v. <br> Home Depot U.S.A., Inc. v. Bryan's Home Improvement <br> *Defendant* | Civil Action No. 16 CV 7552 KBF |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NYS Board for Professional Medical conduct; 150 Broadway; Suite 355; Albany, NY 1120408608-2104

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The complete, Unredacted, Stamped And Certified Final Consent Order and Settlement Agreement; Dated 6/3/13 between NYSW Board of Professional Medical Conduct and Dr. Paul Ratzker02346-2011N # 13-163, dated 6/3/13, between State of New Jersey Board of Medical Examiners and Paul Ratzker, M.D.; License # 25MA06464600

| Place: US District Court <br> 500 Pearl Street; NY, NY 10007 | Date and Time: <br> April 5, 2018; 9:30 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____  OR  *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bryan's Home Improvement _____, who issues or requests this subpoena, are:
Irwin D. Miller; Connors & Connors; 766 Castleton Ave.; Staten Island, NY 10310. 718-442-1700. imiller@connorslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

STATE OF NEW YORK: DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

---

|  |  |
|---|---|
| IN THE MATTER | CONSENT |
| OF | AGREEMENT |
| PAUL RATZKER, M.D. CO-12-03-1024-A |  |

---

PAUL RATZKER, M.D., (Respondent), representing that all of the following statements are true, deposes and says:

That on or about July 3, 1989, I was licensed to practice medicine in the State of New York and issued license number 178791 by the New York State Education Department.

My current address is REDACTED and I will advise the Director (Director) of the Office of Professional Medical Conduct (OPMC) of any change of my address within thirty (30) days, thereof.

I understand that the New York State Board for Professional Medical Conduct (Board) has charged me with two (2) Specifications of professional misconduct.

A copy of the Statement of Charges, marked as Exhibit A, is attached to and part of this Consent Agreement.

I do not contest the two (2) Specifications in that some of the conduct resulting in the New Jersey disciplinary action would constitute misconduct under the laws of New York State, and agree to the following sanction:

Censure and Reprimand;

Respondent shall pay a $2,000.00 fine, to be paid within thirty (30) days of the effective date of the Consent Order to the NYS Department of Health, Bureau of Accounts Management, Revenue Unit, Empire State Plaza, Corning Tower, Room 1717, Albany, NY 12237-0016.

Respondent shall remain in continuous compliance with all requirements of New York Education Law § 6502 including, but not limited to, the requirements that a licensee shall register and continue to be registered with the New York State Education

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 CV 7522 KBF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).