UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DANIEL RIVERA,

                Plaintiff,

        -against-

HOME DEPOT U.S.A., INC.,

                Defendant.
------------------------------------------------------------- X
HOME DEPOT U.S.A., INC.,

                Third-Party Plaintiff,

        -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                Third-Party Defendant.
------------------------------------------------------------- X

Index No.: 16-CV-7552 (KBF)

Justice Katherine B. Forrest

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A STAY OF EXECUTION OR ANY PROCEEDINGS TO ENFORCE THE JUDGMENT PURSUANT TO FRCP RULE 62

#1672989v1

## **PRELIMINARY STATEMENT**

Defendant/third-party plaintiff Home Depot U.S.A., Inc. ("Home Depot") moves this Court for an order staying execution of the final judgment in plaintiff's favor entered against Home Depot on May 4, 2018 (Doc. No. 151, "Judgment #1") without the need to obtain a supersedeas bond. Judgment #1 was entered in conjunction with a final judgment (Doc. No. 152, "Judgment #2") that Home Depot obtained as against third party defendant Bryan's Home Improvement, Corp. ("Bryan's"), for the same amount as Judgment #1, on the basis of contractual and common law indemnification owed by Bryan's to Home Depot. Alternatively, we request that the Court order that Home Depot be permitted to post a bond for less than the Judgment amount.

### I.    PLAINTIFF'S JUDGMENT AGAINST HOME DEPOT (DOC. NO. 151) SHOULD BE STAYED PENDING BRYAN'S APPEAL.

On May 15, 2018, Bryan's filed notice of its intent to appeal both judgments in this case. (*See* Doc. No. 155.)

Pursuant to Rule 62, a court may stay enforcement of a judgment pending appeal. "In deciding whether to order a stay of judgment pending appeal, a court must consider (1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." *Morgan Guaranty Trust v. Republic of Palau*, 702 F. Supp. 60, 65 (SDNY 1988).

Here, each of these factors weighs in favor of a stay:

1.    **Likelihood of success:** With nothing yet filed, it's too early to opine on how likely Bryan's is to prevail on appeal. But regardless of the merits of that appeal, Home Depot – as a

mere pass-through debtor – should not be caught between Bryan's appeal on the one hand and Plaintiff's judgment on the other.

2. **Harm to Home Depot**: If a stay is not granted, Home Depot faces a high risk of irreparable harm: If Plaintiff is not stayed from collecting his judgment during the pendency of Bryan's appeal, Home Depot could be forced to pay a sum now that is later reversed or reduced on appeal. In that event, Home Depot will have no way to recoup its overpaid funds: Plaintiff is unemployed, with high medical expenses and limited means beyond the judgment amount, and he has stated his desire to return to his native Ecuador. Thus, by the time Home Depot may be entitled to recover any or all of its payment, the funds would likely be spent and/or beyond Home Depot's and this Court's reach.

3. **Harm to other parties**: Conversely, a stay poses no risk to Plaintiff, because there is no risk that Home Depot will be unable to pay the judgment once an appeal is concluded. Home Depot is a publicly-traded Fortune 50 company; in its most recent fiscal year, the company reported sales of $100.9 billion and posted earnings of $8.6 billion. *See* http://ir.homedepot.com; *see also* Affd. of Paul J. Kaplan, filed contemporaneously herewith. Moreover, Home Depot holds a judgment in an identical amount against Bryan's, whose insurer, the New York State Insurance Fund, has stated in open court that it has "unlimited funds" to satisfy Plaintiff's judgment. Finally, post-judgment interest will continue to accrue and exists to compensate Plaintiff for the additional time taken by Bryan's appeal.

4. **Public interest**: The public interest would be ill-served by the inefficiency and duplication that the parties and the courts would have to redress if Home Depot is required to pay a judgment now that is inconsistent with the eventual outcome of Bryan's appeal. Rule 62

therefore recognizes that judgments are best paid only once, and only after there has been a full and final adjudication of the parties' claims.

## II.   GIVEN HOME DEPOT'S CONSIDERABLE RESOURCES, A SUPERSEDEAS BOND SHOULD NOT BE REQUIRED.

It is well established that "the district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *Morgan Guaranty Trust v. Republic of Palau*, 702 F. Supp. 60, 65 (SDNY 1988).

Here, Plaintiff's ability to recover his judgment will in no way be endangered pending Bryan's appeal. As noted above, Home Depot has resources vastly in excess of the judgment amount. Moreover, Home Depot is merely a pass-through for a judgment of an equal amount against Bryan's. (Doc. No. 152.) In its most recent annual report, Bryan's insurer, the New York State Insurance Fund, reported that it had a total of $16.4 billion in assets under management, *see* http://www.nysif.com/Flipbook/Annual/AR2016/mobile/index.html#p=8, and it represented in open court that it had effectively "unlimited funds" to pay any judgment in this case.

A supersedeas bond is therefore unnecessary in this case: It would impose additional time and cost on Home Depot while providing no greater security to Plaintiff. Home Depot therefore requests that bond not be required during the pendency of a stay.[1]

---

[1] In the alternative, the Court also has discretion to order bond be posted in an amount far less than the judgment. *See Morgan Guaranty* at 65 (citing examples).

4

## CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that Plaintiff's judgment against Home Depot (Doc. No. 151) be stayed during the pendency of Bryan's appeal, and that no supersedeas bond be required.

_____
ARTURO M. BOUTIN