UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

DANIEL RIVERA,

                       Plaintiff,           **Index No.: 16-CV-7552**

      -against-

HOME DEPOT U.S.A., INC.,

                       Defendant.
--------------------------------------------------------------- X

HOME DEPOT U.S.A., INC.,

                       Third-Party Plaintiff,

      -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                       Third-Party Defendant.
--------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF HOME DEPOT U.S.A., INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

                                                    D'AMATO & LYNCH, LLP
                                                    *Attorneys for Defendant/Third-Party Plaintiff*
                                                      *HOME DEPOT U.S.A., INC.*
                                                      225 Liberty Street
                                                      New York, New York  10281
                                                      (212) 269-0927

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 1

   I. HOME DEPOT IS CONTRACTUALLY ENTITILED TO ATTORNEY'S
   FEES AND COSTS UNDER THE MASTER SERVICE AGREEMENT ......................... 1

   II. THE FEES AND COSTS SOUGHT BY HOME DEPOT ARE REASONABLE ......... 3

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,*
522 F.3d 182 (2d Cir. 2007) ................................................................................. 3

*Briarpatch Ltd. v. Geisler Roberdeau, Inc.,*
No. 99 Civ. 9623, 2009 WL 4276966 (S.D.N.Y. Nov. 30, 2009) ......................... 2

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
632 U.S. 598 (2001) .............................................................................................. 3

*Canal Image UK Ltd. v. Lutvak,*
792 F. Supp.2d 675 (S.D.N.Y. 2011) .................................................................. 2

*Fogerty v. Fantasy, Inc.,*
510 U.S. 517 (1994) .............................................................................................. 2

*Gierlinger v. Gleason,*
160 F.3d 858 (2d Cir. 1998) ................................................................................. 3

*Hensley v. Eckerhardt,*
461 U.S. 424 (1983) ......................................................................................... 3, 4

*McGuire v. Russell Miller, Inc.,*
1 F.3d 1306 (2d Cir. 1993) ................................................................................... 2

*Ritchie v. Gano,*
754 F. Supp.2d 605 (S.D.N.Y. 2010) .................................................................. 3

*U.S. Football League v. National Football League,*
887 F.2d 408 (2d Cir. 1989) ................................................................................. 4

## Statutes

New York Labor Law Sections 240 and 241(6) ............................................................ 3

## Other Authorities

Rule 54 of the Federal Rules of Civil Procedure ......................................................... 1

## PRELIMINARY STATEMENT

Defendant/Third-Party Plaintiff HOME DEPOT USA, INC. (hereinafter "Home Depot") submits this memorandum of law in support of its motion for an award of attorney's fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure under its right for such relief in its Master Service Provider Agreement with third-party defendant Bryan's Home Improvement Corp. ("Bryan's"), and any other applicable statutes and rules.

## ARGUMENT

### I. HOME DEPOT IS CONTRACTUALLY ENTITILED TO ATTORNEY'S FEES AND COSTS UNDER THE MASTER SERVICE AGREEMENT

Article 10 of the Master Service Provider Agreement between Home Depot and Bryan's, a copy of which is annexed hereto as Exhibit "A", allows Home Depot to contractually recover its attorney's fees and costs incurred in defense of plaintiff's claims against Home Depot and Home Depot's prosecution of its contractual and common law indemnification claims against Bryan's:

> 10. Indemnification
>
> 10.1 TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAWS, SERVICE PROVIDER SHALL DEFEND, INDEMNIFY, AND HOLD THE HOME DEPOT AND THE CUSTOMER, AND ANY OF THEIR RESPECTIVE PAST AND PRESENT OWNERS, OFFICERS, SHAREHOLDERS, AFFILIATES, PARENTS, SUBSIDIARIES, ASSOCIATES, DIRECTORS, EMPLOYEES, SUBCONTRACTORS, AND AGENTS (COLECTIVELY "INDEMNITEES") HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, ALLEGATIONS, LOSSESS, LIABILITIES, CAUSES OF ACTIONS, LAWSUITS, PROCEEDINGS, JUDGMENTS, FINES, PENALTIES, DAMAGES, COSTS, AND EXPENSES, **INCLUDING ATTORNEY, EXPERT, AND CONSULTANT FEES AND LEGAL EXPENSES** FOR PERSONAL INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE RELATING TO OR ARISING OUT OF ANY SERVICES PROVIDED BY SERVICE PROVIDER OR ANY OF ITS SUBCONTRACTORS, EMPLOYEES, OFFICERS, AGENTS,

>
> OR REPRESENTATIVES (THE "INDEMNITORS"); PROVIDED, HOWEVER, THE INDEMNITORS SHALL HAVE NO OBLIGATION TO INDEMNIFY, DEFEND OR HOLD HARMLESS THE INDEMNITEES IN THE EVENT THAT SUCH CLAIMS, DAMAGES, LOSSES, AND EXPENSES ARE CAUSED BY THE SOLE ACTIVE NEGLIGENCE OF AN INDEMNITEE.

(Emphasis added.)

The Court, per its Order dated March 6, 2018, not only granted Home Depot summary judgment as against Bryan's on its contractual and common law indemnification claims, but reaffirmed such relief in Home Depot's favor by denying Bryan's motion for reconsideration. (See annexed Exhibits "B" and "C"). Simply put, Bryan's has no argument, as there is none, to contest Home Depot's contractual entitlement to recover its attorney's fees and costs in this litigation. Consequently, Home Depot is entitled to satisfaction of its judgment through Bryan's assets, which includes its Worker's Compensation insurance policy issued by the State Insurance Fund.

Although attorney's fees are usually awarded at the court's discretion (*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)), parties may agree by contract to permit recovery of attorney's fees, and a federal court will enforce contractual rights to attorney's fees if the contract is valid under applicable state law. Where a contract authorizes an award of attorney's fees, such an award becomes the rule rather than the exception. *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir. 1993).

In this case, the Court found the Master Service Provider Agreement to be an enforceable contract between Home Depot and Bryan's thereby summarily granting Home Depot's claims for contractual and common law indemnification. Home Depot, as the prevailing party on its claims as against Bryan's, namely one who "secure[s] a judgment on the merits or a court-

ordered consent decree" is entitled to recover its attorney's fees and costs from Bryan's. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 632 U.S. 598, 600 (2001), *see also Ritchie v. Gano*, 754 F. Supp.2d 605, 607 (S.D.N.Y. 2010).

It is now the law of the case that Home Depot's sole role in this litigation was that of a statutory defendant. Consequently, upon the granting of summary judgment to plaintiff on his statutory New York Labor Law Sections 240 and 241(6) claims and the granting of Home Depot's contractual and common law indemnification claims as against Bryan's, the trial of this matter was solely for past and future pain and suffering. There never was, as none existed, any issue concerning any active negligence by Home Depot in this matter. The unequivocal indemnification terms of the Master Service Provider Agreement therefore entitles Home Depot to contractually recover its attorney's fees and costs incurred during the course of this litigation.

## II.  THE FEES AND COSTS SOUGHT BY HOME DEPOT ARE REASONABLE

The amount of attorney's fees sought by Home Depot is reasonable, to wit: $175/hr (partner); $130/hr (associate); $75/hr (paralegal). In the Second Circuit, attorney's fees awards are computed by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. The product of this multiplication is known as the "presumptively reasonable fee". *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2d Cir. 2007).

When calculating a "presumptively reasonable fee", a court should determine "what a reasonable, paying client would be willing to pay" by applying the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998). The most critical factor is the degree of success obtained by the prevailing party. *Hensley v. Eckerhardt*, 461 U.S. 424, 436

(1983). Here, Home Depot prevailed on its third-party contractual and common law indemnification claims against Bryan's and, as result, was awarded a final judgment as against Bryan's for the full judgment that plaintiff obtained as against Home Depot plus allowable interests and costs.

Home Depot seeks to recover fees and costs from Bryan's for $93,415.02 ($82,130.42 in attorney's fees and $11,284.60 in costs) in billable hours and costs worked by D'Amato & Lynch, LLP attorneys and legal assistants, as set forth in the Billing Summary, which is annexed hereto as Exhibit "E". The hours accrued at the billing rates charged were both necessary and reasonable to fully litigate this case.

The amount of costs sought by Home Depot were also reasonable in defense of plaintiff's claims against Home Depot and in the prosecution of its third-party claims against Bryan's. The costs and expenses include fees for court reports, translators, obtaining deposition and trial transcripts, telephone and conference services, postage, messenger and overnight delivery services, word processing, duplicating and reproduction, supplies, electronic data acquisition (including obtaining court documents from Pacer). These costs are reasonable because they are not associated with routine office overhead, but are out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *U.S. Football League v. National Football League*, 887 F.2d 408 (2d Cir. 1989).

## CONCLUSION

For the all of the foregoing reasons, Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. respectfully requests that its motion for award of attorney fees and costs be granted in its entirety.

Date:   New York, New York
        May 18, 2018

Respectfully submitted,

*[signature]*

Arturo M. Boutin, Esq.

D'AMATO & LYNCH, LLP
*Attorneys for Defendant/Third-Party Plaintiff*
*HOME DEPOT U.S.A., INC.*
225 Liberty Street
New York, New York  10281
(212) 269-0927

TO:   Steven R. Payne, Esq.
      GINARTE GALLARDO GONZALEZ WINOGRAD LLP
      *Attorneys for Plaintiff*
      *DANIEL RIVERA*
      225 Broadway, 13th Floor
      New York, New York  10007-3772
      (212) 601-9700

      Miriam Skolnik, Esq.
      HERZFELD & RUBIN, P.C.
      *Attorneys for Third-Party Defendant*
      *BRYAN'S HOME IMPROVEMENT CORP.*
      125 Broad Street
      New York, New York  10004
      (212) 471-5500