UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DANIEL RIVERA,

        Plaintiff,

  -against-

HOME DEPOT U.S.A., INC.,

        Defendant.
------------------------------------------------------------------ X
HOME DEPOT U.S.A., INC.,

        Third-Party Plaintiff,

  -against-

BRYAN'S HOME IMPROVEMENT CORP.,

        Third-Party Defendant.
------------------------------------------------------------------ X

**Case No.:  16 CV 7552**

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF HOME DEPOT U.S.A., INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

                **D'AMATO & LYNCH, LLP**
                **Attorneys for Defendant/Third-Party Plaintiff**
                **HOME DEPOT U.S.A., INC.**
                **225 Liberty Street**
                **New York, New York 10281**
                **(212) 269-0927**

## TABLE OF CONTENTS

Pages

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I. Home Depot is not seeking to recover "fees on fees" ............................................ 2

    II. Home Depot did not violate the N.Y. General Obligations Law ............................ 4

    III. Home Depot does not seek an award of
         attorneys' fees under the theory of common law indemnification ........................... 4

CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*546-552 West 146th Street v. Arfa,*
   99 A.D. 3d 117 950 N.Y.S. 2d 24 (1st Dept. 2012)............................................................. 3

*Bridgestone/Firestone v. Recovery Credit Services, Inc.,*
   98 F. 3d 13 (2d Cir. 1996).................................................................................................. 2

*Exxon Mobile v. Tredegar Corp.*
   891 F. Supp. 2d 559 (S.D.N.Y. 2012) ............................................................................... 3

*Gotham Partners, L.P. v. High River Limited Partnership,*
   76 A.D.3d 203, 907 N.Y.S.2d 205 (1st Dept. 2010)......................................................... 2

*Hooper Associates, Ltd v. AGS Computers, Inc.*
   74 N.Y.2d 487, 547 N.Y.S.2d 365 (1989) ........................................................................ 2

*Sequa Corp. v. Gelmin,*
   851 F. Supp. 106 (S.D.N.Y. 1994) .................................................................................... 2

*Thor 725 8th Avenue LLC v. Goonetilleke,*
   138 F. Supp.3d 497 (2015)................................................................................................ 3

**Statutes**

N.Y. General Obligations Law ............................................................................................... 4

New York's Labor Law. .......................................................................................................... 4

**Other Authorities**

FRCP §54 ................................................................................................................................ 1

GOL §5-322.1 ......................................................................................................................... 4

## PRELIMINARY STATEMENT

Defendant/Third Party Plaintiff Home Depot U.S.A. Inc. ("Home Depot") submits this memorandum of law in further support of its motion for an award of attorney's fees and costs pursuant to FRCP §54 from third-party defendant Bryan's Home Improvement Corp. ("Bryan's"). The Court, per its Order dated March 6, 2018, not only granted Home Depot summary judgment as against Bryan's on its contractual and common law indemnification claims, but reaffirmed such relief in Home Depot's favor by denying Bryan's motion for reconsideration. (See Exhibits "B" and "C" annexed to the memorandum of law in support of the motion for attorney's fees). Simply put, Bryan's opposition fails to show that Home Depot is not entitled to recover its attorney's fees and costs in this litigation.

Bryan's opposition to Home Depot's motion asserts many arguments without any support, including that its pending appeal warrants the denial Home Depot's motion in the first instance. Bryan's further argues that Home Depot should not be permitted to recover "fees on fees." Bryan's argument is meritless as the primary defense of this matter concerned plaintiff's claims against Home Depot. Moreover, its wrongful refusal to accept Home Depot's tender forced Home Depot to defend itself against plaintiff's claims and enforce its contractual rights against Bryan's. Simply put, Home Depot did not choose to incur these expenses, it was forced to by Bryan's. Home Depot is therefore entitled to recover its attorney's fees and costs.

1

## ARGUMENT

I. Home Depot is not seeking to recover "fees on fees".

New York State recognizes that parties can contract for recoveries for attorneys' fees, and Bryan's seemingly recognizes this theory. *See Hooper Associates, Ltd v. AGS Computers, Inc.* 74 N.Y.2d 487, 491, 547 N.Y.S.2d 365 (1989). In *Hooper,* the Court found that plaintiff could not recover from defendant in an action between the parties under the terms of the agreement between plaintiff and defendant. Home Depot herein seeks an award for fees incurred in defending an action commenced by Daniel Rivera, or a "third party". *See, Hooper* at 493. As such Home Depot is not seeking to recover for fees incurred as against Bryan's.

The *Hooper* case cited by Bryan's establishes an exacting test of unmistaken intention in the terms of the indemnity agreement. *See, Gotham Partners, L.P. v. High River Limited Partnership,* 76 A.D.3d 203, 204, 907 N.Y.S.2d 205 (1st Dept. 2010). The issue in *Hooper* was whether pursuant to the terms of the indemnity agreement, attorneys' fees were recoverable between contracting parties for actions between the contracting parties. Again, this is not relevant herein since the action for which fees are sought is an action commenced by Daniel Rivera - - or a third party. This Court recognized the effectiveness of the indemnity agreement toward the suit commenced by third parties (or in this case Daniel Rivera). Bryan's citations of cases are not relevant to what Home Depot seeks. The *Gotham Partners* case cites various federal cases where the indemnity language is not clear that the parties intended to cover fees in an action between the parties. (*Bridgestone/Firestone v. Recovery Credit Services, Inc.,* 98 F.3d 13, 21 (2d Cir. 1996), *Sequa Corp. v. Gelmin,* 851 F. Supp. 106, 110-111 (S.D.N.Y. 1994).) Home Depot seeks

recovery for fees in connection with the action commenced by Daniel Rivera   Again, these citations are irrelevant to the recovery which Home Depot seeks herein.

In *Exxon Mobile v. Tredegar Corp.* 891 F. Supp. 2d 559 (S.D.N.Y. 2012) the Court dismissed in part a request for an award of indemnity because of the specific language of the agreement.  The *Exxon* case is inappropriate to this case where the language of the indemnity agreement executed by Bryan's is clear.  This Court has already found that Home Depot is entitled to indemnification from Bryan's pursuant to the terms of the indemnity agreement.

Bryan's also cites *546-552 West 146th Street v. Arfa,* 99 A.D.3d 117, 950 N.Y.S.2d 24 (1st Dept. 2012) for the proposition that in order to recover fees on fees that contract must contain unambiguous language.  However, Home Depot does not seek to recover for fees on fees herein. It seeks to recover fees incurred in defense of claims brought against it and enforce its contractual rights all due to Bryan's wrongful actions.  Bryan's also cites *Thor 725 8th Avenue LLC v. Goonetilleke,* 138 F. Supp.3d 497 (2015) for the 2nd Circuit's holdings in "this area" and again noted that fees in inter-party actions are not recoverable unless the provisions specifically provide for such.  Bryan's concludes that Home Depot cannot rebut that the indemnity agreement does not cover fees on fees.  This case seeks recovery for attorneys' fees and costs incurred in defending an action by brought by Bryan's employee, not Bryan's.  Indeed, Home Depot would not have incurred such expenses had Bryan's fulfilled its contractual obligation to Home Depot. Accordingly, Bryan's arguments are not relevant herein.

It should be noted that pursuant to the terms of the Home Depot Master Service Provider Agreement with Bryan's, which the Court has found was in effect on the day of loss, disputes between Bryan's and Home Depot are governed by Section 17. Sections 17.1-17.3 states that the

parties have to mediate and then arbitrate disputes, but Section 17.4 states that those provisions do not apply where dispute with Bryan's arises out of a third-party claim, i.e. plaintiff's claim against Home Dept. Therefore, under Section 17.5, in any dispute between Home Depot and Bryan's, the losing party pays the winner's fees. Here, it is indisputable that Home Depot is the winning party, as evidence by its Judgment against Bryan's for the full amount of plaintiff's Judgment against Home Depot. Home Depot has fully complied with the terms of its Master Service Provider Agreement and they should be enforced against Bryan's.

II.     Home Depot did not violate the N.Y. General Obligations Law

Bryan's claims that the indemnity agreement violates the N.Y. GOL § 5-322.1 which prohibits a general contractor being indemnified for its own negligence. Bryan's argument is meritless, as the Court already determined that Home Depot's liability was strictly statutory under New York's Labor Law. Consequently, Home Depot was not only entitled to contractual indemnification from Bryan's, but also common law indemnification based on plaintiff sustaining a grave injury.

III.    Home Depot does not seek an award of attorneys' fees under the theory of common law indemnification

Bryan's asserts that Home Depot seeks to recover for attorneys' fees under the theory of common law indemnification. Bryan's opposition concedes that a party is entitled to recover fees if provided under an agreement. The Court has already held that Home Depot's Master Service provider Agreement was in effect on the day of loss and, under its specific terms, entitled Home Depot to indemnification from Bryan's. The contractual terms specifically call for Home Depot to recover its attorney's fees and costs.

Although Bryan's claims that Home Depot cannot recover for fees in connection with prosecuting its third-party action against Bryan's, it conveniently omits the fact that any discovery involving Bryan's was, at best, minimal, as it could not locate its owner. Indeed Bryan's failed to produce a deposition witness and therefore left Home Depot to defend itself against plaintiff's claims without such material discovery. A careful review of the bills (which the Court has, not redacted) demonstrates that Home Depot's fees were in connection with defending against plaintiff's claims. As for Bryan's claim that Home Depot should not recover for Dr. Richard Lechtenberg's Independent Medical Examination of plaintiff because it initially did not exchange the report, Bryan's fails to show how such an expense was not related to Home Depot's defense of plaintiff's claims against Home Depot.

Home Depot has shown that, solely due to Bryan's breach of its contractual and common law duty to defend Home Depot against claims brought by its employee for injuries caused solely by Bryan's, it is entitled to recover its attorney's fees and costs. Indeed, those were the only issues that in essence was defended in the main and third-party action.

## CONCLUSION

For the all of the foregoing reasons, Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. respectfully requests that its motion for award of attorney fees and costs be granted in its entirety.

Date:   New York, New York
        May 18, 2018

5

Respectfully submitted,

*/s/ Arturo M. Boutin*

Arturo M. Boutin, Esq.
D'AMATO & LYNCH, LLP
Attorneys for Defendant/Third-Party Plaintiff
HOME DEPOT U.S.A., INC.
225 Liberty Street
New York, New York  10281
(212) 269-0927

#1675855v1

TO:    Steven R. Payne, Esq.
GINARTE GALLARDO GONZALEZ WINOGRAD LLP
Attorneys for Plaintiff
DANIEL RIVERA
225 Broadway, 13th Floor
New York, New York 10007-3772
(212) 601-9700

Miriam Skolnik, Esq.
HERZFELD & RUBIN, P.C.
Attorneys for Third-Party Defendant
BRYAN'S HOME IMPROVEMENT CORP.
125 Broad Street
New York, New York 10004
(212) 471-5500

7