UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RIVERA,                                    **Civil No.: 16cv7552**

                              Plaintiff,

                                                  **Hon. Katherine B. Forrest**

        -against-
HOME DEPOT U.S.A., INC.,

                              Defendant.

HOME DEPOT U.S.A., INC.,

                              Third-Party Plaintiff,

        -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                              Third-Party Defendant.


**MEMORANDUM OF LAW IN OPPOSITION TO HOME DEPOT USA, INC.'S
MOTION FOR A STAY OF EXECUTION OR ANY PROCEEDINGS TO ENCORCE
THE JUDGEMENT PURSUANT TO FRCP RULE 62**

1

## PRELIMINARY STATEMENT

Home Depot USA, Inc.'s request to stay the judgment must be denied. Final judgment in favor of Plaintiff was signed and entered by this Court against Home Depot (hereafter) on May 4, 2018. Home Depot has failed to appeal to the judgment this Court has entered. Therefore, Home Depot has no standing and cannot receive the benefit of Rule 62 which explicitly articulates that an "appellant" may obtain stay by posting a bond to help secure Plaintiff's interest. Moreover, in the alternative as is described in more detail below, if this Court were to deem the stay appropriate, Home Depot should post a bond in the amount of the outstanding judgment with costs and interests to help secure Plaintiff's right to the judgment.

## APPLICABLE LAW

The standard of law applicable to a motion to stay the enforcement of a monetary judgment pending an appeal is well-settled. Pursuant to Rule 62(d), **an appellant** may obtain such a stay as a matter of right by posting a supersedeas bond to secure the amount of that judgment. Fed. R. Civ. P. 62(d). "[T]he supersedeas bond contemplated by Rule 62 must secure not only the total judgment, with costs and interest, but also any damages that may arise from the consequent delay in executing the judgment." Kazazian v. Bartlett & Bartlett LLP, No. 03 Civ. 7699 (LAP), 2008 WL 2477467 (S.D.N.Y. June 19, 2008) (Preska, J.).

In determining whether to stay a judgment without posting a supersedeas bond, a court must consider (i) whether the stay **applicant** has made a strong showing that he is likely to prevail on the merits of his appeal; (ii) whether, without a stay, the **applicant** will be irreparably injured; (iii) whether issuance of the stay will substantially harm other parties interested in the proceedings; and (iv) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Arctic

Ocean Int'l Ltd. v. High Seas Shipping Ltd., No. 06 Civ. 1056 (LAP), 2009 WL 5103283 (S.D.N.Y. Dec. 28, 2009) (Preska, J.) (listing same factors). "Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." De la Fuente v. DCI Telecomms., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003), aff'd, 82 F. App'x 723 (2d Cir. 2003). **"The bond requirement should not be eliminated or reduced unless doing so does not unduly endanger the judgment creditor's interest in ultimate recovery."** Id. (inner quotations and citation omitted; emphasis added).

## Argument

### I.  HOME DEPOT IS NOT AN APPELLANT AND THEREFORE NOT SUBJECT TO THE BENEFITS OF FEDERAL RULE OF CIVIL PROCEDURE 62.

Home Depot does not have standing to pursue a stay from the enforcement of the judgment as they are not an "appellant" in this matter. Rule 62(d) states in its applicable part that

> If an appeal is taken, the ***appellant*** may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond. (emphasis added).

Rule 62(d) permits an appellant to obtain a stay by giving a supersedeas bond. The appellant must comply with the requirements of Appellate Rule 3 as to taking an appeal and with the provisions of Appellate Rule 8(b) as to the bond § 2905 Stay Upon Appeal, 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.); See Federal Prescription Services, Inc. v. American Pharmaceutical Association, 636 F.2d 755 (D.C.Cir.1980) (holding that a full security supersedeas bond entitles the **appealing party** to a stay of judgment "as a matter of right" and will only waive the

requirement of the bond in unusual circumstances); Poplar Grove Planting and Refining Co., v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir 1979) (noting that deviation from the standard bond requirement is appropriate only if the **appealing party** "demonstrates reasons for such a departure").

Home Depot has not filed any appeal in this matter. Therefore, it did not comply with Appellate Rule 3 which is a perquisite to making an application for a stay of enforcement of a judgment. The only appeals filed in this matter were by **Third Party Defendant Bryan's Home Improvement Corp.** The language in these decisions expressly indicate Rule 62 governs application for a stay for an **appealing party.** It is anticipated that at least one portion of Bryan's appeal, concerning the finding of common law and contractual indemnification will render Home Depot the exclusive Respondent in the pending appeal. Home Depot has not cited any authority extending the benefits of Rule 62 to a non-appealing party, especially where the party requesting the stay is the "Respondent." As this renders Home Depot's interests, directly opposite of the appealing party, they are not entitled to a stay in accordance with the aforementioned rules.

Home Depot had the opportunity to appeal this Court's liability determination which found Home Depot violated its non-delegable duty pursuant to New York Labor Law 240(1) and 241(6). They chose not to do so. By forfeiting their right to appeal, Home Depot effectively forfeited their ability to receive a stay pursuant to Rule 62. To allow Home Depot to escape enforcement of the judgment by piggy backing off another party's appeal would only serve to significantly delay Plaintiff's recovery in this matter without any protection of his rights. Therefore, Home Depot's motion should be denied in its entirety and Plaintiff should be entitled to enforce the judgment against Home Depot as a non-appealing party. The pending appeal solely concerns defendant and third party defendant indemnification issues. The only matter being appealed that could remotely

relate to Plaintiff was the Court's grant of summary judgment with respect to economic damages. However, Home Depot did not oppose this motion and therefore essentially stipulated to Plaintiff's quantifiable economic damages. Hence, Home Depot has no standing in this appeal and forfeited any right to a stay of the enforcement.

## II.   HOME DEPOT MUST PROVIDE A SUPERSEDEAS BOND TO ADEQUATELY ENSURE PLAINTIFF'S INTEREST.

Even if this Court finds Rule 62 applicable to a non-appealing party like Home Depot, a supersedeas bond is necessary to adequately protect Plaintiff's interest. The four factor test applied in the federal courts when interpreting Rule 62 weighs heavily against granting a stay.

### A) HOME DEPOT HAS MADE NO ARGUMENT THAT THERE IS ANY LIKELIHOOD OF SUCCESS REGARDING THE APPEAL.

The first factor to be considered when assessing whether a party should be entitled to stay without a supersedeas bond is the likelihood of success of the appeal. Home Depot has not made any attempt to suggest that the appeal of Third Party Defendant Bryan's has any likelihood of success. Instead, Home Depot suggests only that there is *potentially a possibility of success* that is indeterminate at this time. This is not sufficient to meet the requirements of granting a stay. Rather, the relevant authority requires that Home Depot "make a showing that the appeal has a strong likelihood of success." De la Fuente v. DCI Telecomms., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003), aff'd, 82 F. App'x 723 (2d Cir. 2003) (citing SDF9 Cobk, LLC v. AF & AR, LLC, No. 12-CV-3078 (ENV)(RML), 2015 WL 3440259, at *2 (E.D.N.Y. May 27, 2015) ("district court must consider ... whether the stay applicant has made a strong showing that he is likely to success on the merits") and Morgan Guar. Trust Co. of N. Y. v. Republic of Palau, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) ("a court must consider ... whether the petitioner is likely to prevail on the merits" and if the other factors strongly favor a stay, must demonstrate "a substantial case on the merits")

In a further illustration of the inapplicability Rule 62, Home Depot is not an appellant and in fact is directly adverse to the actual appellant. Bryan's Home Improvement Corp. Therefore, Home Depot has not and cannot adequately illustrate a strong showing that the appeal is likely to be successful because to do so undermines their own position on appeal. This prong strongly favors this Court's outright denial of the request to stay the judgment or at the very least to require the posting of supersedeas bond in the amount at least equivalent to the judgment plus interests and associated costs.

### B) HOME DEPOT WILL NOT BE IRREPERABLY INJURED IF A STAY IS DENIED.

The next factor considers whether Home Depot will be irreparably injured if a stay is denied. Home Depot contends that if it is forced to pay a sum now that is later reversed or reduced on appeal, it will have suffered harm. It is well established that quantifiable money damages cannot be qualify as irreparable harm. See Harris v. Butler, 9661 F. Supp. 61 (S.D.N.Y. 1997); (rejecting defendant's argument that irreparable harm would occur because of concern that an incarcerated plaintiff would be unable to refund the judgment if defendants succeed on appeal and subsequently at another trial). It is a "well-established principle that quantifiable money damages cannot be deemed irreparable harm." See Harris, citing Tucker Anthony Realty Crop. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989); Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Circ. 1979) ("Irreparable injury means injury for which a monetary award cannot be adequate compensation."); General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp., 862 F. Supp. 1070, 1075 (S.D.N.Y. 1994). As Home Depot has only alleged quantifiable monetary damages, this fact further militates against granting Defendant's request for a stay of judgment.

### C) PLAINTIFF AND THE PUBLIC INTEREST FURTHER MILITATE AGAINST THE GRANTING OF STAY.

If this Court grants a stay, it will further prolong Plaintiff's recovery. This action was commenced in September, 2016. By the time this appeal is perfected and argued, Plaintiff will be forced to wait a significant amount of time. Therefore, if a stay is granted, Plaintiff would be prevented from recovery for what will likely amount to close to four years from the start of his litigation. While the public has no direct interest in the dispute between these parties, it is well established that "every citizen derivatively benefits from swift resolution of all litigation." See Harris, supra. Therefore, this factor also weighs in favor of denying Home Depot's request for a stay of judgment.

<b>Conclusion</b>

For the all of the foregoing reasons, Home Depot's motion for a stay of the enforcement of the judgment should be denied in its entirety.

New York, New York

Dated:

June 4, 2018                                    /s/Steve R. Payne

                                               --------------------------

                                               **GINARTE GALLARDO GONZALEZ
                                               WINOGRAD, LLP.**

                                      By:      Steven R. Payne (SRP 8013)

                                               Attorneys for Plaintiff
                                               **DANIEL RIVERA**
                                               225 Broadway, 13th Floor
                                               New York, New York 10007-3772
                                               (212) 601-9700

                                               **D'AMATO & LYNCH, LLP**
                                               Attorneys for Defendant/Third-Party Plaintiff
                                               **HOME DEPOT U.S.A., INC.**
                                               225 Liberty Street
                                               New York, New York 10281
                                               (212) 269-0927

7

**CONNORS & CONNORS, P.C.**
Attorneys for Third-Party Defendant
**BRYAN'S HOME IMPROVEMENT CORP.**
766 Castleton Avenue
Staten Island, New York 10310
(718) 442-1700