UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL RIVERA,

                          Plaintiff,

         - against -

HOME DEPOT U.S.A., INC.,

                         Defendant.
------------------------------------------------------------X
HOME DEPOT U.S.A., INC.,

                         Third-Party Plaintiff,

        -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                         Third-Party Defendant.
------------------------------------------------------------X

16-cv-7552 (KBF)

**DECLARATION OF HOWARD S. EDINBURGH OBJECTING TO HOME DEPOT'S APPLICATION FOR COSTS AGAINST BHIC**

      Howard S. Edinburgh, declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury that:

      1.    I am a member of the firm Herzfeld & Rubin, P.C., attorneys for third-party defendant Bryan's Home Improvement Corp (BHIC) and I am fully familiar with the facts and circumstances set forth herein.

      2.    I submit this Declaration in Opposition to defendant/third-party plaintiff Home Depot U.S.A. Inc's. ("Home Depot") application for an award of costs against BHIC.[1] This Declaration constitutes BHIC's objections to Home Depot's submitted Bill of Costs.

---

[1] The supporting Declaration for Home Depot captions the application as seeking costs from plaintiff, but it is clear from the supporting Declaration that Home Depot's application is addressed to BHIC.

1

3. Home Depot has a companion motion pending for an award of attorney fees and expenses against BHIC. BHIC's Memorandum of Law in Opposition to Home Depot's Motion is annexed hereto as Exhibit "A". The Court and Clerk of the Court are respectfully referred to Exhibit "A" for BHIC's objections to (and reasons for objecting to) an award of expenses to Home Depot concerning physician Dr. Richard Lechtenberg, retained by Home Depot to examine plaintiff. Dr. Lechtenberg's bill for that examination on January 17, 2018 (including review of plaintiff's medical records) in the sum of $1,150.00 is part of the exhibits submitted herein by Home Depot. Yet, as we set forth in our Memorandum of Law, Home Depot concealed and refused to timely disclose Dr. Lechtenberg's report because Dr. Lechtenberg would have testified, as per the report, there was no "grave injury" suffered by plaintiff thereby substantially jeopardizing Home Depot's third-party claims against BHIC. This unseemly delaying tactic resulted in Dr. Lechtenberg being precluded from testifying at trial. It would be a travesty, unfair and unjust for Home Depot to be rewarded for its questionable conduct concerning Dr. Lechtenberg.

4. Also the expenses incurred for retaining and consulting with a medical expert and the expense of that expert's records review and medical examination are not enumerated taxable costs under either 28 U.S.C.§ 1920 or Local Civil Rule 54.1 (c). There is no witness fee for Dr. Lechtenberg because he did not testify. The decision as to whether Home Depot is entitled to be reimbursed for its expenses concerning Dr. Lechtenberg is one to be made by Judge Forrest as part of Home Depot's motion for attorney fees and "related costs" [Local Civil Rule 54.1 (c) (7)] and not by the Clerk of the Court as part of Home Depot's application here, as this expenditure for a doctor's examination of a party and review of medical records is simply not an enumerated taxable cost.

5. For different reasons, Home Depot's request herein for an award of costs for its share of a private mediation by National Arbitration and Mediation ("NAM") in the amount of $1,767.29 should be denied because it is not a taxable cost. Neither 28 U.S.C. § 1920[2] nor Local Civil Rule 54.1 (c) list mediation expenses as a taxable cost. The Federal Courts have held that mediation fees and expenses are not taxable under federal statutes and rules. *Nicolas v. Allianceone Receivables Mgmt,* 450 Fed. Appx 887, 2012 U.S. App. LEXIS 642 (11th Cir. 2012); *Scott v. Niagra Credit Solutions, Inc,* 2012 US. Dist. LEXIS 29897 (W.D.N.Y. 2012). Accordingly, Home Depot's application for payment of its NAM expenses in the sum of $1,767.29 must also be denied as it is not a taxable cost under federal law.

WHEREFORE, for the reasons and objections stated herein, Home Depot's application for costs should be denied to the extent that expenses for Dr. Lechtenberg and NAM are inappropriate or excluded and not taxable in this action.

Dated: New York, New York
       June 6, 2018

HERZFELD & RUBIN, P.C.

By: _____
Howard S. Edinburgh (4427)
hedinburgh@herzfeld-rubin.com
Attorneys for Third-Party Defendant
Bryan's Home Improvement Corp
125 Broad Street
New York, New York 10004
(212) 471-8500

---

[2] For some inexplicable reason Home Depot refers to 28 U.S.C. § 1928 (which concerns patent litigation) as authority for awarding mediation costs (it does not) (Boutin Declaration, p.5, para. 19).