*EXHIBIT A*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL RIVERA,

                                                                    16-cv-7552 (KBF)
                           Plaintiff,

                - against -

HOME DEPOT U.S.A., INC.,

                           Defendant.
------------------------------------------------------------------X
HOME DEPOT U.S.A., INC.,

                           Third-Party Plaintiff,

              -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                           Third-Party Defendant.
------------------------------------------------------------------X

## BHIC MEMORANDUM OF LAW IN OPPOSITION TO HOME DEPOT'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Herzfeld & Rubin, P.C.
125 Broad Street, 12th Floor
New York, New York 10004
(212) 471-8500

-and-

Connors & Connor, P.C.
766 Castleton Avenue
Staten Island, New York 10310
(718) 442-1700

Attorneys for Third-Party Defendant
Bryan's Home Improvement Corp

## PRELIMINARY STATEMENT

Third-Party defendant Bryan's Home Improvement Corp. ("BHIC") submits this Memorandum of Law in Opposition to defendant/third-party plaintiff Home Depot USA, Inc.'s ("Home Depot") motion for an award of attorney's fees and costs pursuant to FRCP 54 and Home Depot's Master Service Provider Agreement ("Agreement") signed by BHIC.[1]

## ARGUMENT

### UNDER NEW YORK LAW HOME DEPOT IS NOT ENTITLED TO CONTRACTUAL INDEMNIFICATION FOR THOSE ATTORNEY'S FEES AND COSTS INCURRED IN ESTABLISHING ITS RIGHTS TO INDEMNIFICATION AGAINST BHIC.

#### A

The history of this litigation is fresh, vivid and well known to the Court and will not be repeated herein. Home Depot relies on its form Agreement which it drafted and which BHIC signed, as well as this Court's earlier Order granting Home Depot contractual indemnification based on the Agreement. Initially, the Court is well aware a judgment in favor of Home Depot and against BHIC has already been entered and a Notice of Appeal filed by BHIC with respect to that judgment. Accordingly, as this Court recently held in denying (ECF No. 156) plaintiff's motion to amend his judgment against Home Depot to add "allowable interest and costs", any amendment to the judgment must await resolution of the appeal. Therefore, for this reason alone Home Depot's motion should similarly be denied with leave to refile pending resolution of the appeal.

However, we will address the merits of Home Depot's motion in the event the Court does not deny the motion at this time because of the pendency of the appeal.

---

[1] Home Depot also moves under "any other applicable statutes and rules" which are never identified and therefore cannot be responded to in this Memorandum.

## B

There is no language in the "Indemnification" section of the Agreement (sections 10.1 to 10.10), or in any other section of the Agreement, which meet the exacting standards under New York Law to allow Home Depot to recover herein its attorney's fees incurred ("fees on fees") in enforcing its contractual right for indemnification against BHIC.

The New York Court of Appeals has long held that "under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement of the parties, statute or court rule". *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491, 547 N.Y.S.2d 365 (1989) ("*Hooper*"); *J. Leonard Spodek v. Neiss*, 86 A.D.3d 561, 926 N.Y.S.2d 904 (2d Dep't 2011) ("*Spodek*"). "In this state, and indeed, the rest of the country, the long-standing 'American Rule' precludes the prevailing party from recouping legal fees from the losing party 'except where authorized by statute, agreement or court rule'". *Gotham Partners, L.P. v. High River Limited Partnership*, 76 A.D.3d 203, 906 N.Y.S.2d 205 (1st Dep't 2010) ("*Gotham Partners*"); *BLT Steak LLC v. The 57th Street Dorchester, Inc.*, 93 A.D.3d 554, 940 N.Y.S.2d 603 (1st Dep't 2012); *Hicks & Warren, LLC v. Liberty Mutual Ins. Co.*, 2011 U.S. Dist. LEXIS 64200 (S.D.N.Y. 2011) ("*Hicks*").

> The Court of Appeals in *Hooper, supra,* held (74 N.Y. 2d at 491-492):
>
> "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed…the promise should not be found unless it can clearly be implied from the language and purpose of the entire agreement and the surrounding facts and circumstances".
>
> The *Hooper* Court continued (74 N.Y.2d at 492):

2

> "Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the Court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is *unmistakably clear* from the language of the promise". (emphasis supplied) (citations omitted)

With respect to the contract before the Court in *Hooper*, a contract between defendant computer manufacturer/designer and plaintiff, the *Hooper* Court held (74 N.Y.2d at 492):

> "The clause in this agreement does not contain language clearly permitting plaintiff to recover from the defendant the attorney's fees incurred in a suit against defendant. On the contrary, it is typical of those which contemplate reimbursement when the indemnitee is required to pay damages on a third-party claim. It obligates defendant to 'indemnify...from any and all claims, damages, liabilities...' arising out of breach of warranty claims, the performance of any services to be performed...and the like. All these subjects are susceptible to third-party claims... None are exclusively or unequivocally referable to claims between the parties themselves...Construing the indemnification clause as pertaining only to third-party suits affords a fair meaning to all of the language employed by the parties..."

*Gotham Partners*, *supra*, citing *Hooper*, stated "the *Hooper* court held, indemnification clause herein could not properly be interpreted to cover costs arising out of litigation between the parties". 76 A.D.3d at 206. The *Gotham Partners* Court held as to the contract before it, "the indemnification clause at issue here, like the one considered in *Hooper*, is framed in language 'typical of those which contemplate reimbursement when indemnitee is required to pay damages on a third-party claim' (74 N.Y.2d at 492)". In response to plaintiff's argument that its contract allowed for reimbursement of attorney fees expended in a direct action against defendant, the First Department held "for an indemnification clause to serve as an attorney's fees provision with respect to disputes between the parties to the contract, the

3

provision must *unequivocally* be meant to cover claims between the contracting parties rather than third-party claims". 76 A.D.3d at 208 (emphasis in opinion). The Appellate Division (76 A.D.3d at 209) summarized New York law as follows:

> "The bottom line is that a contract provision employing the language of third-party claim indemnification may not be read broadly to encompass an award of attorney's fees to the prevailing party based on the other party's breach of the contract; the provision must explicitly so state. The *Hooper* standard requires more than merely an arguable inference of what the parties must have meant; the intention to authorize an award of fees to the prevailing party in such circumstances must be virtually inescapable."

Here, the Home Depot Agreement is, as in *Hooper* and *Gotham Partners*, an agreement "employing the language of third-party claim indemnification" which "may not be read broadly to encompass an award of attorney's fees" in Home Depot's third-party action against BHIC for breach of that contract provision. The "intention to authorize" such fees is not "unmistakably clear", "unequivocal" [*Hooper*] and "inescapable" [*Gotham Partners*] from the language of the indemnity provision. Therefore, to the extent Home Depot herein seeks from BHIC, based on contractual indemnification, reimbursement of Home Depot's attorneys' fees in prosecuting their third-party action against BHIC, such fees are prohibited under New York Law.

The *Hick's* Court, held (citing *Gotham Partners*), invoking the "American Rule", that "when interpreting contractual fee-shifting provisions, New York Courts are 'distinctly inhospitable'. Under the existing 'unmistakable intention" standard established by the Court of Appeals in *Hooper*, the Court shall award attorneys' fees to the prevailing party under a contractual fee-shifting provision only when the intention to do so is 'unmistakably clear from the language of the promise'". See, *Exxon Mobile Corp. v. Tredegar Corp.*, 2012 U.S. Dist. LEXIS 130995 (S.D.N.Y. 2012) (Applying New York law, dismissing on the pleadings a

4

contractual indemnification claim, the court held "when a party claims that a duty to indemnify is imposed by contract, that contract must be 'strictly construed'... If indemnification is not the unmistakable intent of the parties, the claim must be dismissed.").

As held in *546-552 West 146th Street LLC v. Arfa*, 99 A.D. 3d 117, 950 N.Y.S.2d 24 (1st Dep't 2012) ("*Arfa*"):

> "New York's general policy [is] that a party is not entitled to contractual indemnification for those attorney's fees and costs incurred in establishing its right to indemnification".

Accordingly, the *Arfa* court held that to recover "fees on fees", the contractual indemnification provision must contain "unambiguous language providing for the recovery of fees on fees", must "specifically authorize [recovery of] expenses or legal fees incurred in obtaining indemnification", and contractual provisions must be "'unmistakably clear' that fees on fees were contemplated". There is no such unambiguous, unmistakably clear language in the Home Depot Agreement specifically authorizing the recovery of legal fees and expenses incurred in obtaining indemnification.

## C

As shown, the Federal Courts in this Circuit follow *Hooper, supra*, and *Gotham Partners, supra*. A concise summary of the Second Circuit federal Courts' holdings in this area is found in *Thor 725 8th Avenue LLC v. Goonetilleke*, 2015 U.S. Dist. LEXIS 167642 (S.D.N.Y. 2015) where the Court, in relevant part, held:

> Under New York Law, attorneys' fees are treated as "the ordinary incidents of litigation[,] and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) (collecting cases). This "American Rule", *Summit Valley Indus. Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 721, 102 S. Ct. 2112, 72 L. Ed.2d 511(1982), "provides freer and more equal access to the courts...[and] promotes democratic and libertarian principles." *Hollander*, 337 F.3d 186, 199 (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 22, 389 N.E. 2d 559 (1979). Accordingly, while parties may agree that one will indemnify the other for attorneys' fees in litigation between them, such contracts must

5

be "strictly construed to avoid inferring duties that the parties did not intend to create." Id. (citing *Hooper Assoc., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491, 548 N.E. 2d 903, 549 N.Y.S. 2d 365 (1989)). "[T]he court should not infer a party's intention to waive the benefit of the [American Rule] unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Assoc.*, 74 N.Y. 2d at 492 (emphasis added).

Courts in this Circuit have articulated various principles to assist in determining whether an agreement provides with "unmistakable clarity" for the shifting of attorneys' fees incurred in litigation between the contracting parties.

First, there is a rebuttable presumption that an agreement does not cover such attorneys' fees. *In re Refco sec. Litig.*, 890 F. Supp. 2d 332, 341 (S.D.N.Y. 2012); see also U.S. *Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F. 3d 34, 78 (2d Cir. 2004) ("In the final analysis, it is the Obligees who bear the heavy burden of persuading us to depart from the American Rule."). Indemnification provisions will not be construed to cover fees in the inter-party actions "if the contractual language does not expressly refer to explicity contemplate such circumstances and the context does not suggest that the contracting parties were specifically concerned with prospective litigation between themselves." *Luna v. Am. Airlines*, 769 F. Supp. 2d 231, 244 (S.D.N.Y.2011).

Second, where suits involving third parties are conceivable, a provision containing only broad language of indemnity (i.e., clause that promises indemnification of "all claims, damages, liabilities, costs and expenses, including reasonable counsel fees") will generally not support a claim for indemnity for fees incurred litigating inter-party claims. See, e.g., *Hooper Assoc.*, 74 N.Y.2d at 492; *Broadhurt Invs., LP v. Bank of N.Y. Mellon*, No. 09 Civ. 1154 (PKC), 2009 U.S. Dist. LEXIS 117590, 2009 WL 4906096, at *3 (S.D.N.Y. Dec. 14, 2009).

Here, Home Depot cannot rebut the presumption that its Agreement does not cover such fees on fees. Here, the Home Depot Agreement specifically contemplates third-party actions against Home Depot (indeed that is the primary reason for the Indemnification provision). Therefore, as the *Thor 725* Court held where, as here, the indemnity provision contains only broad language of indemnity, the provision will generally not support a claim for indemnity for fees incurred litigating inter-party disputes.

### D

In its motion, Home Depot relies on the opening phrase in the Agreement's Indemnification provision, "To the fullest extent allowed by applicable laws", to somehow

6

justify its request here for attorney fees. First, as we have shown, under applicable New York law Home Depot is not entitled to recover its "fees on fees". Second, Home Depot misconstrues the import of this phrase. The phrase "to the fullest extent allowed by applicable law", in the context of a construction agreement indemnification provision between an owner or general contractor and a subcontractor, allows the owner/general contractor to be indemnified by the subcontractor to the extent the owner/general contractor is not negligent ("partial indemnification") without violating or running afoul of New York General Obligation Law Section 5-322.1 (which prohibits an owner/general contractor being indemnified for its own negligence). *Lesisz v. Salvation Army*, 40 A.D. 3d 1050, 837 N.Y.S. 2d 238 (2d Dep't 2007); *Dutton v. Charles Pankow Builders*, Ltd., 296 A.D. 2d 321, 745 N.Y.S. 2d 520 (1st Dep't 2002). This phrase simply has no relevance in determining the nature or scope of, or even the right to, recoverable attorney's fees.

The New York public policy against recovery of "fees on fees" includes expert and consultant fees. *Spodek, supra.*

### E

While Home Depot has moved for recovery of its attorney's fees based on its Agreement with BHIC, it is anticipated that in reply Home Depot may argue that it is entitled to "fees on fees" based on its entitlement to common-law indemnification from BHIC. However, New York does not allow recovery for "fees on fees" under a common-law indemnification theory. In *Chapel v. Mitchell*, 84 N.Y. 2d 345, 618 N.Y.S. 2d 626 (1994), the Court of Appeals held, in pertinent part (84 N.Y. 2d at 348-349):

> "We find no authority for the proposition that the legal expenses of pursuing a common-law indemnification claim are recoverable when such claim is incidental to another action. Moreover, we could not adopt such a rule without simultaneously disparaging the

7

> fundamental principle that 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser'.
>
> * * *
>
> We thus conclude that in the absence of any pertinent contractual or statutory provision with respect to the recovery of amounts expended in the successful prosecution or defense of an action, each party is responsible for its own legal fees. Consequently, defendant is entitled to attorneys' fees, costs and disbursements incurred in defense of the main action only".

*Accord, Hernandez v. Ten Ten Company*, 26 Misc. 2d 1201A, 906 N.Y.S.2d 780 (Sup. Ct. N.Y. Co. 2009) ("At common-law in a third-party action, each party is responsible for its own attorney's fees, as the Court of Appeals is unwilling to modify the American Rule that each side is responsible for its own attorney's fees in a third-party action").

### F

Therefore, Home Depot cannot recover its legal fees incurred in commencing or prosecuting its third-party action against BHIC to enforce its indemnification claims. This means that Home Depot must withdraw from its current application, all attorney fees and costs related to or concerning its third-party action against BHIC, including moving for contractual and common-law indemnification from BHIC, opposing BHIC's motion for summary judgment that there was no "grave injury" as a matter of law, and then moving affirmatively on the "grave injury" issue. In effect, once plaintiff was granted summary judgment on his Labor Law 240 claim against Home Depot, Home Depot was no longer defending as against plaintiff, but was, from that point, engaged exclusively in seeking indemnity from BHIC. Also, it would, in effect add insult to injury, if Home Depot is allowed to recover expenses associated with Dr. Lechtenberg, whose medical report of his examination of plaintiff was withheld until after the court imposed deadline for disclosure, because that report supported BHIC's defense that plaintiff did not sustain a "grave injury".

Home Depot's law firm has submitted over 200 pages of billing records. The Court should direct Home Depot to resubmit its attorneys' invoices removing and eliminating all invoices and time entries associated with prosecuting its third-party action for indemnification against BHIC. Otherwise, the parties and the Court will have to engage in a wasteful, time consuming and unnecessary examination and pruning of Home Depot's legal bills and a "fee" hearing which may be avoided if Home Depot culls from its billing records the unrecoverable invoices.

## CONCLUSION

For the above reasons and to the above extent, Home Depot's motion should be denied.

Dated: New York, New York
　　　　May 25, 2018

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　HERZFELD & RUBIN, P.C.

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Howard S. Edinburgh (4427)
　　　　　　　　　　　　　　　　　　　　125 Broad Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　　　　　　(212) 471-8500

　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　Connors & Connor, P.C.
　　　　　　　　　　　　　　　　　　　　766 Castleton Avenue
　　　　　　　　　　　　　　　　　　　　Staten Island, New York 10310
　　　　　　　　　　　　　　　　　　　　(718) 442-1700

　　　　　　　　　　　　　　　　　　　　Attorneys for Third-Party Defendant
　　　　　　　　　　　　　　　　　　　　Bryan's Home Improvement Corp