UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DANIEL RIVERA,

                        Plaintiff,       :   **Index No.: 16-CV-7552 (KBF)**

       -against-      :   **Justice Katherine B. Forrest**

HOME DEPOT U.S.A., INC.,

                        Defendant.
------------------------------------------------------------- X

HOME DEPOT U.S.A., INC.,

                    Third-Party Plaintiff,

       -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                  Third-Party Defendant.
------------------------------------------------------------- X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT/THIRD-PARTY PLAINTIFF HOME DEPOT U.S.A. INC.'S
MOTION FOR A STAY OF EXECUTION
OR ANY PROCEEDINGS TO ENFORCE THE JUDGMENT**

#1678386v1

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................1
ARGUMENT.................................................................................................................................2
    I.    ENFORCEMENT OF PLAINTIFF'S JUDGMENT SHOULD BE STAYED
        PENDING BRYAN'S APPEAL ..................................................................................2
        A.    Home Depot Does Not Need to be the Appellant to Seek a Stay..................................2
        B.    Home Depot is Entitled to a Stay .................................................................................3
    II    HOME DEPOT SHOULD NOT BE REQUIRED TO POST A BOND. .............................4
CONCLUSION.............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Federal Prescription Service, Inc. v. American Pharmaceutical Association,*
  636 F.2d 755 (D.C. Cir. 1980) ............................................................................ 2, 4

*Harris v. Butler,* 961 F.Supp. 61 (S.D.N.Y. 1977) ............................................................ 3

*Hizam v. Clinton,*
  2012 WL 3116026 (S.D.N.Y. 2012) ........................................................................ 2

*In re Nassau County Strip Search Cases,*
  783 F.3d 414, 417-18 (2d Cir. 2015) ..................................................................... 2, 5

*Morgan Guaranty Trust Company of New York v. Republic of Palau,*
  702 F.Supp. 60 (S.D.N.Y. 1988) ........................................................................ 3, 4, 6, 7

*Poplar Grove Plating & Refining Co. v. Bache Halsey Stuart, Inc.,*
  600 F.2d 1189 (4th Cir. 1979) .............................................................................. 2

*Olympia Equipment Leasing Co. v. Western Union Telephone Co.,*
  824 F.Supp.2d 358 (E.D.N.Y. 2011) ...................................................................... 6

**Rules**

Rule 8 of the Federal Rules of Appellate Procedure .......................................................... 2

Rule 62 of the Federal Rules of Civil Procedure ............................................................. 1, 7

Rule 62(d) of the Federal Rules of Civil Procedure ......................................................... 2, 3, 4

#1678386v1

## **PRELIMINARY STATEMENT**

Plaintiff's opposition to defendant/third-party plaintiff Home Depot U.S.A. Inc.'s ("Home Depot") motion for a stay pursuant to FRCP 62 is, in essence, no opposition at all, as it is solely in the court's discretion to grant a stay with or without a pending appeal. Moreover, plaintiff has failed to show any risk to his ultimate recovery if a stay is issued without the posting of a supersedeas bond. Indeed, the facts here are crystal clear that the granting of Home Depot's motion poses no risk of harm to plaintiff's ultimate recovery after the Second Circuit decides third-party defendant Bryan's Home Improvement Corp.'s ("Bryan's") appeal.

## ARGUMENT

### I.  ENFORCEMENT OF PLAINTIFF'S JUDGMENT SHOULD BE STAYED PENDING BRYAN'S APPEAL

#### A.  Home Depot Does Not Need to be the Appellant to Seek a Stay

Plaintiff argues that Home Depot lacks standing to seek a stay because it's not an appellant. (Plf. Opp. at pp.3-4.) Plaintiff's cases don't say that, and it is not the law.

Neither of the cases that Plaintiff cites says or even suggests that a defendant and third-party plaintiff cannot seek a stay when the judgment against it is being appealed by another party. Indeed, the cases on which Plaintiff relies don't address this scenario at all – rather, they deal only with disputes between a single plaintiff and single defendant. *See generally Fed. Prescription Svcs. Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 75 (D.C. Cir. 1980) *and Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979) (cited in Plf. Opp. at 3-4.)

To the contrary, the law is clear that as long as the judgment to be stayed is being appealed by someone, those subject to the judgment are entitled to request a stay. For example, the Second Circuit has stated that the "primary purpose" of a stay under Rule 62(d) is "to protect ***the judgment debtor*** from the risk of losing the money if the decision is reversed." *In re Nassau County Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015) (emphasis added).  Likewise, the Federal Rules of Appellate Procedure, which also address a stay pending appeal, specifically note that a stay is available to any "party." *See* Fed. R. App. P. 8.

There is no dispute that Home Depot is a judgment debtor with respect to Plaintiff. (Doc. No. 151.)  And likewise there is no dispute that the judgment for which Home Depot is liable is being appealed. (Doc. No. 155.)  Thus, there can be no dispute that Home Depot has standing to seek a stay.

### B. Home Depot is Entitled to a Stay

As noted in Home Depot's initial brief, whether to grant a stay is governed by a four-factor test that is concerned mainly with weighing the risks to either party. *See Morgan Guaranty Trust Co. v. Republic of Palau*, 702 F.Supp. 60 (S.D.N.Y. 1988). Without a stay, Home Depot faces certain and irreparable harm; with stay, Plaintiff faces none.

Plaintiff argues that where a party can be made whole by money damages, they cannot allege irreparable harm. (Plf. Opp. at 6.) However, that assumes the opposing party can actually pay the damages sought. In the case on which Plaintiff principally relies, the court denied the motion for stay in part because there was "no evidence on the record as to plaintiff's financial status that directly supports defendants' claim that he would be unable to refund the judgment should defendants succeed on appeal[.]" *Harris v. Butler*, 961 F.Supp. 61, 63 (S.D.N.Y. 1997). The same cannot be said here. Here, Plaintiff does not deny that he is unemployed, with high medical expenses and limited means beyond the judgment amount. (*Cf.* Home Depot's Mot. at 3.) More importantly, Plaintiff does not deny that once the judgment is paid, he plans to return to his native El Salvador. (*Id.*) Thus, there is no dispute that if Home Depot is forced to pay Plaintiff's judgment pending appeal, it likely will never see that money (or Plaintiff) again.

Plaintiff next argues that *he* will be harmed by a stay, because it will delay his receipt of the judgment amount. (Plf. Opp. at 7.) But that's true of every case; if it were sufficient grounds to deny a stay, no stay would ever be granted, and Rule 62(d) would not exist. The test under *Morgan Guaranty* thus is not whether a stay will delay a judgment, but rather whether it will endanger Plaintiff's right to recover at all. *See Morgan Guaranty*, 702 F. Supp. at 66 (discussing not delay, but plaintiff's "ability to recover any ultimate judgment").

#1678386v1

Here, staying enforcement while the judgment is appealed poses no risk to Plaintiff at all: Plaintiff does not dispute that Home Depot is a publicly-traded Fortune 50 company with posted earnings of $8.6 billion, and he does not dispute the assurance of Bryan's insurer, the New York State Insurance Fund, that it has "unlimited funds" to satisfy any judgment. (*Cf.* Home Depot's Mot. at 3.)

Thus, under the *Morgan Guaranty* test, Home Depot respectfully submits that its request for a stay of Plaintiff's judgment (Doc. 151) should be granted.

## II. HOME DEPOT SHOULD NOT BE REQUIRED TO POST A BOND

Rule 62(d) authorizes, but does not require, a stay to be conditioned on the posting of a bond. As noted above, Plaintiff faces no risk of recovery during the pendency of Bryan's appeal. Accordingly, a supersedeas bond need not be required in this case.

It is well-settled law that the granting of a stay without the posting of a supersedeas bond is within the discretion of the trial court. *See Federal Prescription Services, Inc. v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. Cir. 1980), the seminal case concerning the right of a trial court's discretion to grant or deny a stay in the absence of a bond. As explained therein, the purpose of a supersedeas bond is to ensure that a stay of execution pending an appeal does not damage the appellee. *Id.* at 760. Consistent with that objective, the Court went on to hold that, when the judgment debtor's net worth "was more than 47 times the amount of the damages award", and the judgment debtor was a long-time resident of the district, it was not an abuse of discretion to find that a bond was unnecessary. *Id* at 761. The overriding principle is that the courts will eliminate or reduce the bond requirement only when doing so does "not unduly endanger the judgment creditor's interest in ultimate recovery". *Id* at 760-61.

Here, Home Depot has demonstrated via the Affidavit of Paul J. Kaplan, Esq., an assistant general counsel, that Home Depot is a Fortune 50 Company with assets that well exceed the amount of the Judgment. Moreover, Bryan's Worker's Compensation insurer, the New York State Insurance Fund ("SIF"), per its 2016 Annual Report, had a total of $16 billion in assets under management. Simply put, there is absolutely no risk to plaintiff's ultimate recovery after the Second Circuit decides the pending appeal.

Home Depot has shown that it also met the Second Circuit's balancing test in deciding whether a supersedeas bond would be required[1]: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after an appeal; (3) the defendant's ability to pay the judgment; (4) whether the defendant's ability to pay makes the cost of a bond wasteful; and (5) whether the defendant is in such a precarious financial condition that a bond would harm other creditors. *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015).

There exists in this matter the complexity of not only where plaintiff's ultimate recovery will come from, but also the amount that he will recover. Indeed, plaintiff presently is contesting the amount of his judgment as it does not include allowable interests and costs. As the Court is aware, Home Depot has a judgment against Bryan's for the full amount of plaintiff's judgment against Home Depot. Consequently, until the Second Circuit decides the pending appeal, an issue exists as to who will ultimately pay plaintiff. Moreover, the actual amount that plaintiff will recover at the end of this litigation is presently unknown, as not only is Bryan's appealing the granting of $6,593,495 in economic damages to plaintiff, but also plaintiff seeks to amend his

---

[1] This Court has stayed pending motions as result of the pending appeal, including plaintiff's motion to amend his Judgment.

judgment. If Bryan's is successful on that issue, Plaintiff's ultimate recovery will be less than the present judgment.

Nor is there any risk of Plaintiff being unable to recover or how soon he will recover after the appellate process is completed, as both Home Depot and the SIF are clearly solvent to pay plaintiff's ultimate recovery. Simply put, he faces no risk to his ultimate recovery. Thus, a supersedeas bond is unwarranted.

Although Plaintiff does not dispute the fact that Home Depot and the SIF are fully capable of honoring any ultimate judgment to plaintiff, Home Depot does not have that security as against Plaintiff if his judgment is reduced by the Second Circuit. There is no guarantee that plaintiff, an undocumented individual, will continue to reside in NY, let alone in the country. Even if Plaintiff is still living here, he has no assets to recoup any spent amount that the Second Circuit could decide he was not entitled to in the first instance. Home Depot respectfully submits that the facts make it clear that it is the only party at risk if a stay is not granted without posting a supersedeas bond.

Simply put, there is absolutely no evidence, as none exists, that Plaintiff's ultimate recovery would be put in danger absent the posting of a supersedeas bond.

A related and pertinent issue calling for the granting of Home Depot's request for a stay without the posting of a supersedeas bond is the prevention of needless and undue expenditures and costs. Indeed, as noted above, this is a material reason underlying the propriety of not requiring a bond when it is evident that a party clearly can satisfy the judgment. Under such circumstances, which exist here, posting a bond would simply be a needless waste of money. *See Olympia Equipment Leasing Co. v. Western Union Telephone Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *Morgan Guaranty Trust Company of New York v. Republic of Palau*, 702 F. Supp. 60, 65

(S.D.N.Y. 1988), also cited by Plaintiff, held that an inflexible requirement for impressment of a lien and a denial of a stay of execution unless a supersedeas bond in the full amount of the judgment is posted can in some circumstances be irrational, unnecessary and self-defeating, amounting to a confiscation of the judgment debtor's property without due process. Home Depot has demonstrated, without any evidence to the contrary, that it and Bryan's are more than capable of timely paying plaintiff what he ultimately will recover.

Further, in addition to wasting money by posting a supersedeas bond, Home Depot (and Bryan's) would be exposed to the risk of Plaintiff recovering an amount that the Second Circuit may deem Plaintiff not entitled to recover, *i.e.* the $6,593,495 economic award granted on summary judgment.

If the Court deems that a supersedeas bond is merited, Home Depot respectfully requests that it be based on a percentage of no more than what the jury awarded plaintiff at trial, namely $1,845,000.00.

## CONCLUSION

WHEREFORE, it is respectfully requested that Home Depot's motion per FRCP 62 for a stay of Plaintiff's judgment (Doc. 151) be granted in its entirety.

_____
ARTURO M. BOUTIN