UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 25, 2018

------------------------------------------------------------X

DANIEL RIVERA,

    Plaintiff,

-v-

HOME DEPOT U.S.A. INC.,
  Defendant and Third-Party Plaintiff,

-v-

BRYAN'S HOME IMPROVEMENT CORP.,
    Third-Party Defendant.

------------------------------------------------------------X

16-cv-7552 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

  Currently pending before the Court is defendant and third-party plaintiff Home Depot U.S.A. Inc.'s ("Home Depot") motion for a stay from the enforcement of the judgments in this action pursuant to Fed. R. Civ. P. 62 ("Rule 62"). (ECF No. 165.) Plaintiff Daniel Rivera ("Rivera" or "plaintiff") opposed that motion on June 4, 2018 (ECF No. 175), and Home Depot replied on June 11, 2018 (ECF No. 179).

  For the reasons stated below, the Court hereby GRANTS Home Depot's motion for a stay of enforcement, and STAYS this action pending resolution of the appeal.

I.  BACKGROUND

  For purposes of the pending motion, the Court assumes the parties' familiarity with the facts underlying this action as well as the Court's various rulings.

On May 4, 2018, the Court entered two judgments in this action.  First, the Court entered judgment in favor of Rivera and against Home Depot in the aggregate amount of $8,669,126.44.  (ECF No. 151.)  Second, the Court entered judgment in favor of Home Depot and against third-party defendant Bryan's Home Improvement Corp. ("BHIC") in the same amount.  (ECF No. 152.)  Those judgments, though technically entered separately, operate in unison pursuant to a series of earlier decisions by the Court concluding that BHIC—not Home Depot—was ultimately liable for plaintiff's injuries.

On May 15, 2018, BHIC filed a notice of appeal from both judgments.  (ECF No. 155.)  That appeal is now before the United States Court of Appeals for the Second Circuit ("Second Circuit").

II.     LEGAL PRINCIPLES

Pursuant to Rule 62(d), a district court may stay enforcement of a final judgment pending appeal.  See Fed. R. Civ. P. 62(d).  In deciding whether to order a stay pending appeal, the court must consider the "traditional" factors, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007).  The Second Circuit has further held that "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of

2

one factor excuses less of the other." In re World Trade Ctr. Disaster Site Litig., 503 F.3d at 170 (internal quotation omitted).

Additionally, although the plain text Rule 62(d) states that "the appellant may obtain a stay by supersedeas bond," the district court has discretion to determine whether a supersedeas bond is, in fact, necessary to secure the stay. See, e.g., In re Nassau Cty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (holding that a district court has discretion to "waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment") (internal quotation omitted); Fed. Prescription Servs., Inc. v. Am. Pharm. Assoc., 636 F.2d 755, 757-760 (D.C. Cir. 1980) (holding that Rule 62(d) allows appellant to obtain a stay as a matter of right by posting a supersedeas bond, but does not prohibit district court from authorizing unsecured stays). In determining whether to waive the supersedeas bond requirement, the district court may consider, inter alia, "the degree of confidence that the district court has in the availability of funds to pay the judgment . . . [and] whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." In re Nassau Cty. Strip Search Cases, 783 F.3d at 417-418 (quoting Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

III. DISCUSSION

Having carefully reviewed the parties' respective submissions, the Court concludes that a stay pending appeal is warranted under the circumstances.

As an initial matter, it makes no difference that BHIC, and not Home Depot, is currently appealing the underlying judgments. Rivera argues that because the

3

text of Rule 62 states that "the <u>appellant</u> may obtain a stay by supersedeas bond," Home Depot lacks standing to pursue a stay. (<u>See</u> Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") at 3-5, ECF No. 175.) But as Home Depot correctly notes, the cases cited by plaintiff do not support that proposition. And the Second Circuit has held that one of the "primary purpose[s]" of a stay under Rule 62(d) is "to protect the judgment debtor from the risk of losing the money if the decision is reversed." <u>In re Nassau county Strip Search Cases</u>, 783 F.3d 414, 418 (2d Cir. 2015). Therefore, the relevant factor is not whether the party seeking a stay is an "appellant," per se, but instead whether they are a judgment debtor or have some other substantial interest in the outcome of the appeal.[1] Holding otherwise would place form over substance, and would conflict with corresponding rules in the Federal Rules of Appellate Procedure. <u>See</u> Fed. R. App. P. 8 (stating that a "party" may move for a stay in the district court).

Here, the Court concludes that a stay is warranted. First, Home Depot faces a high risk of irreparable harm if the Court's judgments are reversed on appeal. Plaintiff has extremely high medical expenses, is currently unemployed, and is not a U.S. citizen. As such, there is a strong possibility that Home Depot would be unable to recoup the majority of funds it would pay if the judgment is reversed down the road. And although quantifiable money damages generally cannot

---

[1] The Court notes that Rule 62 was amended on April 26, 2018 to read that "a party may obtain a stay," rather than an "appellant." Although this change does not take effect until December 1, 2018, it is supportive of a holding that the district court may order a stay of judgment even if the applicant is not technically the party appealing the relevant judgment.

4

constitute irreparable harm, that is not the case when there is real concern that the opposing party would be unable to pay those money damages.

Second, due to the considerable assets of both Home Depot and BHIC, there is virtually no risk that plaintiff would be unable to collect on the judgment if it is ultimately affirmed. Third, it is in the interest of judicial efficiency (and therefore the public) to refrain from enforcing the judgment at this time. In the event that the judgment is reversed or modified, the Court would be called upon to oversee Home Depot's attempts to recoup payment. Those proceedings would be complicated, costly, and would result in potentially devastating disruption to plaintiff's personal life and finances.

For those reasons, the Court concludes that a stay of judgment is warranted here. Although the Court does not believe the underlying judgments will be reversed, three of the four factors weigh heavily in favor of granting a stay, and "more of one factor excuses less of the other." See In re World Trade Ctr. Disaster Site Litig., 503 F.3d at 170 (internal quotation omitted).

Further, the Court concludes that a supersedeas bond is unnecessary. As previously noted, both Home Depot and BHIC—the two judgment debtors in this action—have extremely deep pockets. Plaintiff has not provided any evidence to suggest that Home Depot would be unable or unwilling to satisfy the judgment in the event it is affirmed, and the Court is extremely confident that both Home Depot and BHIC have the requisite funds. Accordingly, a supersedeas bond would be "a waste of money," In re Nassau Cty. Strip Search Cases, 783 F.3d at 418, and the Court will not require it here.

5

IV.     CONCLUSION

For the reasons stated above, the Court hereby STAYS enforcement of the judgments at ECF Nos. 151 and 152 pending resolution of the appeal currently before the Second Circuit. The Court does not require Home Depot to post a supersedeas bond to secure the stay.

The Clerk of Court is directed to close the open motion at ECF No. 165.

SO ORDERED.

Dated:    New York, New York
          June 25, 2018

_____
KATHERINE B. FORREST
United States District Judge