**MANDATE**

N.Y.S.D. Case #
16-cv-7552(KBF)

18-1475-cv
*Rivera v. Home Depot USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> EDGARDO RAMOS,
> > *District Judge*.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 21 2019

DANIEL RIVERA,

> *Plaintiff-Appellee*,

> v.                                                          18-1475-cv

HOME DEPOT USA, INC.,

> *Defendant-Third-Party-Plaintiff-Appellee*,

BRYAN'S HOME IMPROVEMENT CORP.,

> *Third-Party-Defendant-Appellant*.

_____

---

\* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

1

**MANDATE ISSUED ON 06/21/2019**

| | |
|---|---|
| For Plaintiff-Appellee: | CAREN DECTER, Frankfurt Kurnit Klein & Selz, PC, (Steven Robert Payne, Ginart Gallardo Gonzalez Winograd, LLP, *on the brief*), New York, NY. |
| For Defendant-Third-Party-Plaintiff-Appellee: | RONAN P. DOHERTY, Bondurant Mixson & Elmore, LLP, Atlanta, GA, (Alfred A. D'Agostino, Arturo M. Boutin, D'Amato & Lynch, LLP, New York, NY, *on the brief*). |
| For Third-Party-Defendant-Appellant: | MIRIAM SKOLNIK, Herzfeld & Rubin, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Third-Party-Defendant-Appellee Bryan's Home Improvement Corp. ("BHIC") appeals from judgments of the United States District Court for the Southern District of New York, dated May 4, 2018, finding Defendant-Third-Party-Plaintiff-Appellee Home Depot USA, Inc. ("Home Depot") liable to Plaintiff-Appellee Daniel Rivera ("Rivera") for $8,669,126.44 in his personal injury suit, but requiring BHIC to indemnify Home Depot for the entirety of such damage award. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Summary judgment is reviewed by this Court *de novo*. *See Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002). "Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In reviewing a district court decision, this Court is "free to affirm an appealed decision on any ground which finds support in the record,

2

regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

**Indemnification**

BHIC first argues that the district court erred when it entered summary judgment for Home Depot on its claims for common-law and contractual indemnification. Under New York's Workers' Compensation Law § 11, an employer such as BHIC can only be liable to a third party for indemnification when its employee suffers a "grave injury," defined as:

> [D]eath, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

However, this limitation on an employer's liability outside of the worker's compensation regime does not apply if the employer and such third party had a contract in place prior to the employee's accident in which the employer agreed to indemnify the third party. *See id.* ("For purposes of this section the terms 'indemnity' and 'contribution' shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered."); *see also Rodrigues v. N & S Bldg. Contractors, Inc.*, 839 N.E.2d 357, 359 (N.Y. 2005) ("[I]t is clear that, despite the Workers' Compensation Law shield of employers from liability as joint tortfeasors, a third party may recover against an employer pursuant to contract.").

3

BHIC argues that the district court erred when it granted summary judgment for Home Depot on both contractual and common-law theories, as Rivera did not sustain a "grave injury" such that it can be held liable for common-law indemnity, and the Master Service Provider Agreement ("SPA") between it and Home Depot cannot support a claim of contractual indemnity because BHIC did not sign it and Home Depot's third-party complaint pled only that the SPA was entered into by the time Rivera brought his suit against Home Depot. Because we conclude that BHIC is liable to Home Depot on a theory of contractual indemnity, we need not address the district court's findings that Rivera suffered a "grave injury" as a matter of law.

Before the district court, BHIC argued only that the SPA could not support a grant of summary judgment because it required all jobs have a separate purchase order, and no purchase order accompanied the job on which Rivera was injured.[1]  BHIC made no mention before the district court of the lack of a signature or Home Depot's pleadings, and "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted).

This general rule is prudential, rather than jurisdictional. *See id.*  But we see no reason to consider BHIC's new arguments here.  BHIC explicitly mentioned the signature page below, but only to note that *Home Depot* had not signed the SPA; in such a situation, it is thus clear that BHIC was aware of the signature page's contents.  Furthermore, as Home Depot notes, a contract need not be signed in order to be enforceable when a party's conduct is such that it evinces an intent to be bound.  *See Flores v. Lower E. Side Serv. Ctr., Inc.*, 828 N.E.2d 593,

---

[1] As this argument has not been renewed before this Court, it is waived. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

4

596-97 (N.Y. 2005). Here, BHIC performed the job on which Rivera was injured, and it was paid for its work. Subcontractors such as BHIC that did work for Home Depot, moreover, were all required to sign similar SPAs, which contained prominent indemnification clauses, and BHIC had worked for Home Depot for several years. Lastly, the SPA in the record is dated August 21, 2015, meaning that it was *entered into* prior to Rivera's accident. *Rodrigues*, 839 N.E.2d at 360 ("Workers' Compensation Law § 11 requires only that the indemnification claim arise from an indemnification provision in a written contract entered into before the injury.").

Accordingly, we decline to consider on appeal matters not sufficiently raised before the district court. We agree with the district court that summary judgment was properly granted on the record here and that BHIC is required to indemnify Home Depot based on the terms of its contract and regardless whether Rivera sustained a statutorily defined "grave injury."

**Economic Damages**

Second, BHIC argues that the district court erred when it invited and granted Rivera's motion for summary judgment as to economic damages as such a ruling violated BHIC's constitutional right to a jury and also was predicated on an expert report that lacked a foundation in the medical evidence. Again, we disagree.

Damages must be "reasonably certain to be incurred and necessitated by plaintiff's injuries." *Schultz v. Harrison Radiator Div. Gen. Motors Corp.*, 683 N.E.2d 307, 311 (N.Y. 1997); *see also Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 479 (S.D.N.Y. 2003) (observing that "reasonable certainty" under New York law means the damages must merely "closely approximate the medico-economic evidence presented"). The report of Dr. Bialsky, Rivera's life care planner and damages expert, included line-by-line estimates of what Rivera would need going forward based on his review of all of Rivera's medical records. The

5

damage award here was fully consistent with the evidence. The cases cited by BHIC, in contrast, in the main involve jury awards for future medical expenses that directly conflicted with expert testimony as to the damages incurred. *See, e.g., Brewster v. Prince Apartments, Inc.*, 695 N.Y.S2d 315, 322 (1st Dep't 1999) (finding damages award unreasonable when jury awarded almost seven times more than counsel suggested when he multiplied the psychiatrist's rate by the number of months the plaintiff would receive treatment). No such contradictions appear on the record here.

We also disagree with BHIC that questions of damages must *always* be decided by a jury. While BHIC may be correct that "summary judgment is often inappropriate where the evidence bearing on crucial issues of fact is in the form of expert opinion testimony . . . [as] the trier of fact is entitled to evaluate the credibility of witnesses, including experts, and weigh their testimony," *Brown v. Cty. of Nassau*, 736 F. Supp. 2d 602, 620 (E.D.N.Y. 2010) (internal quotation marks omitted), this is not without exception. For example, "when a party opposing summary judgment fails to present evidence sufficient to make an issue of an expert's conclusion—such as contrary opinion evidence or evidence tending to undermine the expert's credibility or qualifications—and when the trier of fact would not be at liberty to disregard arbitrarily the unequivocal, uncontradicted, and unimpeached testimony of an expert testimony, expert testimony may form the basis of summary judgment. *Id.* at 620-21 (internal quotation marks omitted). Before the district court, not only did BHIC fail to retain any expert witness to counter Dr. Bialsky on damages—something it was not required to do—but, more importantly, BHIC *also* failed to pinpoint any reason why Dr. Bialsky's report should be disbelieved, other than its own conclusory statement that there was "insufficient medical evidence in the record to support" it. App'x 1260. As the district court rightly observed, it cannot "fashion potential

6

lines of cross-examination out of whole cloth (and speculate as to their effectiveness) just to help BHIC defeat summary judgment." Special App'x 29. And while BHIC may rely on several more specific arguments on appeal, once again, such arguments come too late and without excuse. *See Bogle-Assegai*, 470 F.3d at 504 (absent compelling reason this Court will not consider new arguments on appeal). Dr. Bialsky's report supports the award of damages granted and BHIC did effectively nothing to contradict it below, so we again agree with the district court's decision to grant summary judgment on this issue.

We have considered BHIC's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk