

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW     125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

Miriam Skolnik, Esq.
Direct Line: (212) 471-8457
mskolnik@herzfeld-rubin.com

July 3, 2019

VIA ECF AND EXPRESS MAIL
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street,
New York, New York 10007

Re: **Rivera v. Home Depot U.S.A., Inc.**
**Civil Action No. 16 CV 7552**

Dear Judge Koeltl:

We represent third-party defendant Bryan's Home Improvement Corp. ("BHIC"). We submit this letter in response to the letter submitted yesterday by counsel for Defendant Home Depot U.S.A., Inc. ("Home Depot"), and to clarify misstatements included in that letter.

Home Depot's letter, and counsel's misunderstanding of BHIC's position with regard to Home Depot's Judgment against it, stem from Home Depot's misapprehension of New York law. In order to clarify the current posture of the case some basic background is required. This is a personal injury action commenced by Daniel Rivera for injuries he sustained while employed by BHIC. Pursuant to New York Workers' Compensation Law §§ 10 and 11, Workers' Compensation Benefits are the exclusive remedy available to Plaintiff as against his employer, BHIC. Accordingly, Plaintiff commenced the instant action against Home Depot, the general contractor that had retained BHIC, seeking recovery for his injuries. Home Depot then commenced a third-party action against BHIC for common law and contractual indemnification. Pursuant to New York Workers' Compensation Law § 11, Home Depot could only recover for common law indemnification upon a showing that Plaintiff had sustained a "grave injury," as defined under New York Workers' Compensation Law § 11.

Ultimately, Judge Forrest granted Home Depot summary judgment based on both contractual and common law indemnification. After the amount of damages was ascertained, Plaintiff asked the district court to enter a single Judgment awarding plaintiff Judgment against Home Depot and requiring that "payment of the plaintiffs' judgment against defendant/third-party

AFFILIATES

LIVINGSTON, NEW JERSEY     BUCHAREST, ROMANIA     LOS ANGELES, CALIFORNIA



HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

July 3, 2019
Page 2

plaintiff Home Depot U.S.A., Inc. be made by third-party defendant Bryan's Home Improvement Corp." (ECF Docket No. 141).

BHIC opposed the entry of Plaintiff's proposed Judgment because it violated New York law. (ECF Docket No. 139) First, as the New York Court of Appeals explained in *Klinger v. Dudley*, 41 N.Y.2d 362 (1977), a plaintiff may not recovery directly from a third-party defendant against which it has no direct claim. In addition, the main defendant (here Home Depot) cannot recover against the third-party defendant (here BHIC) until it pays the Judgment to the Plaintiff. Second, any direct Judgment by Rivera against BHIC would violate the provisions of the Workers' Compensation Law which make Workers' Compensation benefits the sole remedy available by an employee against his employer. *Reich v. Manhattan Boiler & Equipment Corp.*, 91 N.Y.2d 772 (1998).

Ultimately, Judge Forrest entered two separate Judgments. First, a Judgment in favor of Plaintiff against Home Depot (ECF Docket No. 151), and a separate Judgment based on common law and contractual indemnification in favor of Home Depot against BHIC (Docket No. 152). Home Depot did not appeal from the Judgment against it. Judge Forrest nevertheless stayed enforcement of the Judgment against Home Depot pending a resolution of BHIC's appeal from Docket No. 152. No stay was entered with regard to the latter, and BHIC takes no position with regard to whether the stay of enforcement of Docket No. 151 should be continued.

BHIC appealed from the Judgment in favor of Home Depot based on contractual and common law indemnification, seeking reversal of the district court's award of summary judgment on the issue of contractual indemnification as well as its grant of summary judgment on the issue of grave injury, a prerequisite to the court's entry of judgment based on common law indemnification. During the course of oral argument on the appeal, I was asked by the Second Circuit whether a decision that Home Depot was entitled to contractual indemnification would render any issue with regard to common law indemnification moot. I explained to the Court that an affirmance on contractual indemnification only would result in the absence of any insurance coverage for BHIC for the indemnification Judgment. (A position with which counsel for Home Depot and Plaintiff agreed). When Home Depot proclaimed that it was not aware of that fact, I informed the Court that the State Insurance Fund which provides coverage for common-law indemnification only, is, by statute, barred from providing coverage for contractual indemnification claims, citing to New York Workers' Compensation Law § 76(1). In addition, I informed the Court that the insurance company that provided contractual indemnification coverage to BHIC had disclaimed coverage, a fact of which Home Depot was long aware. A copy of the disclaimer letter which was sent to counsel for Home Depot is annexed. We have also been informed that BHIC has no assets.

On May 30, 2019, the Second Circuit affirmed the Judgment appealed from but only with regard to contractual indemnification ("Because we conclude that BHIC is liable to Home Depot on a theory of contractual indemnity, we need not address the district court's findings that Rivera



suffered a 'grave injury' as a matter of law.") (ECF Docket No. 182, p.4)

After the mandate was issued, counsel for Home Depot called me and inquired whether BHIC would pay the Plaintiff directly to satisfy Plaintiff's Judgment against Home Depot. I explained that New York law bars Plaintiff from recovering directly from the third-party defendant, and that Home Depot, as the third-party plaintiff, could not recover from BHIC until it had paid the Plaintiff. I further explained that any payment by BHIC directly to the Plaintiff would violate New York's Workers' Compensation Law. I also reminded counsel that there was no insurance coverage for contractual indemnification.

Under established Second Circuit precedent "if an appellate court considers only one of a lower court's alternative bases for its holding, affirming the judgment without reaching the alternative bases, only the basis that is actually considered can have any preclusive effect." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 754 (2d Cir. 1996). Accordingly, the Second Circuit's affirmance of Home Depot's judgment on contractual indemnification grounds only, and its express determination not to affirm the judgment on the basis of grave injury/common-law indemnification, eliminates any collateral estoppel or res judicata effect of that finding and it is no longer law of the case. *Aviall, Inc. v. Ryder Sys.*, 110 F.3d 892, 897 (2d Cir. 1997); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986).

Respectfully submitted,

/s/ *Miriam Skolnik*
Miriam Skolnik

MS:kl