

February 16, 2017

**CERTIFIED MAIL**
**(7016 2070 0000 5085 3918)**
**AND REGULAR U. S. MAIL**

Bryan's Home Improvement Corporation
2 Franka Place Apt. #9
Spring Valley, NY 10977
Attention: Mr. Jesus Alonso Zoja

|  |  |  |
|---|---|---|
| Re: | Policy Number: | L068018330 |
|  | Claim Number: | 0136NY083839 |
|  | Insured: | Bryan's Home Improvement Corporation |
|  | Claimant: | Daniel Rivera |
|  |  |  |
|  | Case Name: | *Daniel Rivera v. Home Depot U.S.A., Inc.* |
|  |  |  |
|  |  | *Third Party Complaint:  Home Depot U.S.A., Inc. v.* ***Bryan's Home Improvement Corp***. |
|  |  |  |
|  | Case No. | 16 CV 7552 |
|  | Venue: | United States District Court, Southern District of New York |

**DECLINATION OF COVERAGE**

Dear Mr. Zoja:

Atlantic Casualty Insurance Company (ACIC) has received the Original Complaint filed by Daniel Rivera against Home Depot, U.S.A., Inc., and the Third Party Complaint filed by Home Depot U.S.A. Inc., v. Bryan's Home Improvement Corp.  These Complaints arise from injuries claimed by Daniel Rivera, due to a fall from a ladder on August 22, 2015, while in the course and scope of his employment with Bryan's Home Improvement Corp,  ACIC has reviewed the allegations, the ACIC policy and other relevant information, where applicable. Based on this review, ACIC is unable to find coverage for the damages sought against you in the lawsuit.

This matter was tendered to ACIC by the attorney for Home Depot U.S.A., Inc., seeking defense and indemnity under the above referenced policy.  This letter explains certain coverage issues as they relate to you, the named insured, and the tendering party and reserves all of ACIC's rights under this policy.

**400 Commerce Court, Goldsboro, North Carolina 27534**
**Phone 919-759-3319  Toll Free 1-877-222-5522  Fax (919) 751-2502**

The Third Party Complaint was also sent to ACIC by attorney, Michael Miliano, Esq., of NYSIF, the Workers Compensation carrier for Bryan's Home Improvement Corporation.  Mr. Miliano also tendered the defense of Bryan's Home Improvement Corp. for the Third Party Complaint for the allegations of Breach of Contract, and contractual contribution/indemnification.

ACIC will discuss the allegations in the lawsuit but understands that these allegations are unproven and may be untrue, incomplete or embellished.  ACIC does not conclude that any allegation is true.  No statement in this letter should be construed otherwise.

## FACTS AND COVERAGE SUMMARY

The claim tendered to Bryan's Home Improvement Corporation, arises from the claims and lawsuit filed by Daniel Rivera, an employee of Bryan's Home Improvement Corporation.  Mr. Rivera claims that on August 22, 2015, while in the course and scope of his employment with Bryan's Home Improvement Corporation, he was performing construction /remodeling work, was up on a ladder, and sustained an electrical shock, causing him to fall from the ladder.

Mr. Rivera alleges that Home Depot U.S.A., Inc., was the construction manager of the project, located at 58 Cooks Avenue, Yonkers, NY; and failed to maintain a safe work area for the workers on the project.  He claims that the accident was caused by the negligence and carelessness of Home Depot U.S.A., and that Home Depot violated the New York Labor Laws, and caused/permitted an unsafe condition to exist.

In the Third Party Complaint, Home Depot U.S.A., Inc., alleges that any and all injuries sustained by Mr. Rivera were caused by the "negligence, in whole or part", of Bryan's Home Improvement Corp.  If it is found that Home Depot is liable for the injuries sustained by Mr. Rivera, then damages are to be apportioned among the Plaintiff, Home Depot, and Bryan's Home Improvement Corp.  Home Depot U.S.A. also alleges that Bryan's Home Improvement Corporation breached the contract with Home Depot U.S.A., and owes defense and indemnification (payment of any damages) to Home Depot U.S.A. Inc.

The Workers' Compensation carrier for Bryan's Home Improvement Corporation has also submitted the complaint for the sharing of defense costs and the defense of Bryan's Home Improvement Corporation.

The extent and type of injuries being claimed by Mr. Rivera are currently not known.

Policy number L068018330 was issued to Bryan's Home Improvement Corporation for the period of July 14, 2015 to cancellation on February 5, 2016.  The Policy's declaration page indicates the form of the insured's business was an Organization (Other than Partnership or Joint Venture).  The policy contains a limit of liability of $1,000,000.00 for each occurrence limit.

For the reasons stated in this letter, we can find no coverage for the claim and suit under this policy with ACIC. There is no present defense obligation based on the information currently available to ACIC. Accordingly, you should consult an attorney of your choosing and at your expense.

Please note that new or additional allegations and/or facts beyond those presented to ACIC and summarized briefly in this letter could change ACIC's position. Anyone seeking coverage must notify ACIC immediately of any additional lawsuit allegations filed against you so that we may re-evaluate coverage under this policy at that time. ACIC reserves the right to amend, supplement, or modify the information and any resulting coverage changes as further information or allegations develop.

If you have not already done so, you should notify any other primary insurer and any excess or umbrella insurer of this claim as soon as possible. ACIC's analysis of coverage is limited to this policy. If you are aware of any other ACIC policies that may afford coverage for this matter, please inform ACIC immediately.

### RELEVANT POLICY PROVISIONS

The above referenced policy contains the Commercial General Liability Coverage Form CG 00 01 10 01 that has the following language:

### *SECTION I – COVERAGES*

### *COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

    *1. Insuring Agreement*

        *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

            *(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*
            *(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

        *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

        *b. This insurance applies to "bodily injury" and "property damage" only if:*

            *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
            *(2) The "bodily injury" or "property damage" occurs during the policy period; and*

                        * * ***

        *e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at*

*any time from the "bodily injury".*

\* \* \*

**2. Exclusions**

*This insurance does not apply to:*

\* \* \*

**b. Contractual Liability**

*"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

*(1) That the insured would have in the absence of the contract or agreement; or*

*(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

*(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

*(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

\* \* \*

**d. Workers' Compensation And Similar Laws**

*Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.*

\* \* \*

## *COVERAGE C MEDICAL PAYMENTS*

**1. Insuring Agreement**

**a.** *We will pay medical expenses as described below for "bodily injury" caused by an accident:*

*(1) On premises you own or rent;*
*(2) On ways next to premises you own or rent; or*
*(3) Because of your operations;*
*provided that:*
*(1) The accident takes place in the "coverage territory" and during the policy period;*
*(2) The expenses are incurred and reported to us within one year of the date of the accident; and*
*(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.*

**b.** *We will make these payments regardless of fault. These payments will*

4

*not exceed the applicable limit of insurance. We will pay reasonable expenses for:*

    (1) *First aid administered at the time of an accident;*
    (2) *Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and*
    (3) *Necessary ambulance, hospital, professional nursing and funeral services.*

**2. Exclusions**
*We will not pay expenses for "bodily injury":*
**a. Any Insured**
    *To any insured, except "volunteer workers".*
**b. Hired Person**
    *To a person hired to do work for or on behalf of any insured or a tenant of any insured.*
**c. Injury On Normally Occupied Premises**
    *To a person injured on that part of premises you own or rent that the person normally occupies.*
**d. Workers Compensation And Similar Laws**
    *To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.*
**e. Athletics Activities**
    *To a person injured while taking part in athletics.*
**f. Products-Completed Operations Hazard**
    *Included within the "products-completed operations hazard".*
**g. Coverage A Exclusions**
    *Excluded under Coverage A.*
**h. War**
    *Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.*

\* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
\* \* \*
**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    *a.* *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

        (1) *How, when and where the "occurrence" or offense took place;*
        (2) *The names and addresses of any injured persons and witnesses; and*
        (3) *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

    *b.* *If a claim is made or "suit" is brought against any insured, you must:*
        (1) *Immediately record the specifics of the claim or "suit" and the date received; and*
        (2) *Notify us as soon as practicable.*

> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

**c.** *You and any other involved insured must:*
  **(1)** *Immediately send us copies of any demands, notices, summonses legal papers received in connection with the claim or "suit";*
  **(2)** *Authorize us to obtain records and other information;*
  **(3)** *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
  **(4)** *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

**d.** *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*
* * *

## SECTION V – DEFINITIONS
* * *
**3.** *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

**9.** *"Insured contract" means:*

**a.** *A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";*
**b.** *A sidetrack agreement;*
**c.** *Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;*
**d.** *An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;*
**e.** *An elevator maintenance agreement;*
**f.** *That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.*
*Paragraph f. does not include that part of any contract or agreement:*

**(1)** *That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;*

**(2)** *That indemnifies an architect, engineer or surveyor for injury or damage arising out of:*

**(a)** *Preparing, approving, or failing to prepare or approve, maps,*

6

*shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or*

**(b)** *Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or*

**(3)** *Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.*

\* \* \*

**13.** *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

\* \* \*

**18.** *"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:*

**a.** *An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or*

**b.** *Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.*

## THE POLICY INCLUDES THE FOLLOWING ENDORSEMENTS:

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

*Exclusion **e.** **Employer's Liability** of SECTION I – COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:*

*This insurance does not apply to:*

**(i)** *"Bodily injury" to any "employee" of any insured arising out of or in the course of;*

**(a)** *Employment by any insured; or*

**(b)** *Performing duties related to the conduct of any insured's business;*

**(ii)** *"Bodily injury" to any "contractor" for which any insured may become liable in any capacity; or*

**(iii)** *"Bodily injury" sustained by any spouse, child, parent, brother or sister of any "employee" of any insured, or of a "contractor", as a consequence of any injury to any person as set forth in paragraphs **(i)** and **(ii)** of this endorsement.*

*This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.*

*This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.*

*With respect to this endorsement only, the definition of "Employee" in the* **SECTION V - DEFINITIONS** *is replaced by the following:*

*"Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.*

*As used in this endorsement, "contractor" shall include, but is not limited to, any independent contractor or subcontractor of any insured, any general contractor, any developer, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and or providing services and or materials of any kind for these persons or entities mentioned herein.*

**AGL-055A 3/13**

## LIMITATION - DUTY TO DEFEND

*Where there is no coverage under this policy, there is no duty to defend any insured.*

*Our determination regarding a defense obligation under this policy may be made on documentation, evidence, or information extrinsic to any complaint or pleading presented to us, provided such documentation, evidence or information does not contradict a pleaded allegation and provided such documentation, evidence or information relates solely to a discrete coverage issue under this policy.*

*For those qualifying as an additional insured by way of an additional insured endorsement, we have the right, but not the duty, to defend.*

**AGL-056 3/13**

## EXCLUSION – EXPECTED OR INTENDED

*Exclusion* **2. a.** *of* **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** *is deleted and replaced by the following:*

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of any insured.

AGL-068 3/13

## INSURING AGREEMENT AMENDMENT - USE OF EXTRINSIC EVIDENCE - RIGHT TO DEFEND

A. Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend any insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "bodily injury" or "property damage" where there is no coverage under the policy. We will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

    We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

    **(2)** Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **COVERAGES A** or **B** or medical expenses under **COVERAGE C**.

Paragraphs **b. (3), c.** and **d.** under Paragraph **1. Insuring Agreement** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** are deleted.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A and B**.

AGL-077 10-16

## CONDITION – ARBITRATION

9

*If we and any insured do not agree whether coverage is provided under this policy for a claim made against any insured, then either party may make a written demand for arbitration.*

*When this demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.  Each party will:*

    *(1)  Pay the expenses it incurs; and*

    *(2)  Bear the expenses of the third arbitrator equally.*

*Unless both parties agree otherwise, arbitration will take place in the county or parish in which the address shown in the Declarations is located.  Local rules of law as to procedure and evidence will apply.  Any decision agreed to or damages awarded by the arbitrators may be appealed to a court of competent jurisdiction.*
*AGL-096 3/13*

### NEW YORK CHANGES –
### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** *The following is added as Paragraph **e**. to the **Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition (Paragraph 2. of Section IV – Commercial General Liability Conditions):***

  **2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **e.**  *Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.*

**B.** *Paragraph **3**. of **Section IV – Commercial General Liability** Conditions is replaced by the following:*

  **3.  Legal Action Against Us**

    **a.**  *Except as provided in Paragraph **b**., no person or organization has a right under this Coverage Part:*

      **(1)**  *To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or*

      **(2)**  *To sue us on this Coverage Part unless all of its terms have been fully complied with.*

      *A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.*

    **b.**  *With respect to "bodily injury" claims, if we deny coverage or do not admit liability because an insured or the injured person, someone acting for the injured person or other claimant fails to give us written notice as soon as practicable, then the injured person, someone acting for the injured person or other claimant may bring an action against us, provided the sole question is whether the denial of coverage or nonadmission of liability is based on the failure to provide timely notice.*

However, the injured person, someone acting for the injured person or other claimant may not bring an action if within 60 days after we deny coverage or do not admit liability, we or an insured:

(1) *Brings an action to declare the rights of the parties under the policy; and*

(2) *Names the injured person, someone acting for the injured person or other claimant as a party to the action.*

C. *The following provision is added and supersedes any provision to the contrary:*

Failure to give notice to us as required under this Coverage Part shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us. However, no claim made by the insured, injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter.

**AGL-0163NY 1/09**

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION

#### SCHEDULE

| | |
|---|---|
| *Name Of Additional Insured Person(s)* | THD At Home Services, Inc., and the Home Depot |
| *Location(s) of Covered Operations* | Any location(s) as required by a written contract with the Additional Insured, Person(s) or Organization(s) scheduled on this endorsement. |

*Information required to complete this Schedule, if not shown above, will be shown in the Declarations.*

A. *Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:*

1. *Your acts or omissions; or*

2. *The acts or omissions of those acting on your behalf;*

*in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.*

B. *With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:*

*This insurance does not apply to "bodily injury" or "property damage" occurring after:*

1. *All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or*
2. *That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.*

**CG2010B 7/04**

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location And Description Of Completed Operations |
|---|---|
| **THD At Home Services, Inc. And The Home Depot** | *Any location(s) as required by a written contract with the Additional Insured, Person(s) or Organization(s) scheduled on this endorsement.* |
| **Information required to complete this Schedule, if not shown above, will be shown in the Declarations.** | |

*Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".*

**CG2037B 7/04**

## COVERAGE ANALYSIS

This insurance does not apply to "*bodily injury*" or "*property damage*" for which the insured is obligated to pay damages due to breach of contractual obligation.

There is no Medical Payments coverage for *"bodily injury"* for any person hired to do work for or on behalf of any insured.

There is no Medical Payments coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

This insurance does not apply to any obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law.

This policy requires that all occurrences, claims and suits be reported as soon as the insured is aware of an *"occurrence"* or an offense that may result in a claim. You were aware of the occurrence, claim or suit and failed to report it timely. Recent notice of this claim, occurrence and suit is untimely and is a violation of the policy conditions cited above.

This insurance does not provide coverage for *"bodily injury"* to any *"employee"* of any insured arising out of or in the course of employment or performing duties related to the conduct of any insured's business. This insurance does not provide coverage for *"bodily injury"* to any *"contractor"* for which any insured may become liable in any capacity. Because the Plaintiff acted as an "employee", or "contractor" as defined by the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" endorsement or was working for any "contractor", there is no coverage for any party under the policy.

The "Exclusion of Injury to Employees Contractors and Employees of Contractors" applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of *"bodily injury"* to which this exclusion applies, including any obligation assumed by an insured under any contract.

This insurance does not apply to a duty to defend any insured where there is no coverage under the policy. Our determination regarding a defense obligation under this policy may be made on evidence or information outside of any complaint or pleading presented to us. *For those qualifying as an additional insured by way of an additional insured endorsement, we have the right, but not the duty, to defend.*

This insurance does not apply to *"bodily injury"* or *"property damage"* expected or intended from the standpoint of any insured.

If we and any insured do not agree whether coverage is provided under this policy for a claim made against any insured, then either party may make a written demand for arbitration.

Other provisions of the policy may apply.

## DECLINATION OF COVERAGE

Because of, but not limited to, the language of the exclusions and definitions noted above, and in light of the description of the loss, ACIC can find no coverage for the lawsuit under this policy. ACIC will be unable to respond to the litigation associated therewith, either to indemnify you, or to defend your interests in connection with this litigation under this policy.

ACIC declines coverage to all parties to this claim and suit including the plaintiff. Where provisions, exclusions or endorsements preclude coverage to the named insured, there is no coverage for additional insureds or any party seeking a benefit of the policy based on the same provisions. By copy of this letter, ACIC notifies all parties that there is no coverage for them for this occurrence, claim and suit.

This statement of ACIC's position is without prejudice to you or to ACIC. It is based on information provided to date. ACIC reserves its right to supplement this statement of its position with additional grounds for reserving its rights or denying coverage under its referenced policy should any such grounds appear hereafter. Nothing in this letter shall be construed as a waiver, extinguishment, or modification of any rights, remedies, terms, conditions, and/or exclusions contained in the policy and/or provided by applicable law.

ACIC will reconsider its position in light of any additional information you may have or any analysis you may wish to present that, in your opinion, shows that coverage applies to this claim so clearly that ACIC should have no need to deny coverage. If you wish us to re-examine this matter on that basis, please write to the undersigned representative, setting out any such additional information or analysis. If such additional information is included in documents that have not already been supplied to ACIC, please enclose copies of those documents.

Should you wish to take this matter up with Insurance Division of the New York State Department of Financial Services, you may file with the Department either on its website at www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, NYS Department of Financial Services, at: 25 Beaver Street, New York, NY 10004-2319 or One Commerce Plaza, Albany, NY 12257.

Sincerely,

Diana Hammond

Diana Hammond, AIC
Litigation Claims Examiner
Tel: (919) 759-7530
Fax: (919) 759-7597

cc:     Arturo M. Boutin, Esq.
        D'Amato & Lynch, LLP
        225 Liberty Street
        New York, New York 10281

        Home Depot U.S.A. Inc.
        2890 Cumberland Parkway, 3rde Floor
        Atlanta, Georgia 30339

        Home Depot U.S.A. Inc.
        2455 Paces Ferry Road NW, C-20

Atlanta, Georgia 30330

Michael J. Miliano, Esq.
NYSIF Supervising Attorney
199 Church Street
New York, NY 10007

Steven R, Payne, Esq.
Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
225 Broadway, 13th Floor
New York, New York 10007