UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DANIEL RIVERA,

                        Plaintiff,

      - against -

HOME DEPOT U.S.A., INC.,

                        Defendant.
------------------------------------------------------------------x
HOME DEPOT U.S.A., INC.,

                        Third-Party Plaintiff,

      -against-

BRYAN'S HOME IMPROVEMENT CORP.,

                        Third-Party Defendant.
------------------------------------------------------------------x

16-cv-7552 (JGK)(OTW)

**ORAL ARGUMENT
   REQUESTED**

## BHIC SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO HOME DEPOT'S MOTION FOR ATTORNEYS' FEES

Herzfeld & Rubin, P.C.
125 Broad Street, 12th Floor
New York, New York 10004
(212) 471-8500

**Attorney for Third-Party Defendant
Bryan's Home Improvement Corp.**

## PRELIMINARY STATEMENT

Third-Party defendant Bryan's Home Improvement Corp. ("BHIC") submits this Sur-Reply Memorandum of Law in Further Opposition to defendant/third-party plaintiff Home Depot USA, Inc.'s ("Home Depot") motion for attorneys' fees pursuant to FRCP 54 and Home Depot's Master Service Provider Agreement (the "Agreement"). Permission for a limited Sur-Reply to respond to Home Depot's September 9, 2019 Reply Memorandum of Law (ECF No. 214) was granted by Untied States Magistrate Ona T. Wang at the September 10, 2019 Court Conference.

## ARGUMENT

### The Court Should Not Consider Home Depot's Argument, First Raised In Its Reply, That Georgia Law Governs The Agreement

After submitting three Memoranda of Law to this Court on its motions for attorneys' fees against BHIC (two Memoranda in 2018 [ECF No. 170, 172] and the current Home Depot's supporting Memorandum of Law [ECF No. 197]), in which in all three Memoranda Home Depot's legal arguments rested entirely on New York law, now for the first time, in reply, Home Depot asks the Court to ignore New York law and interpret the agreement based on Georgia law (citing only two Georgia cases in support of Home Depot's interpretation[1]).

The Agreement's choice of law provision was known to Home Depot's attorneys since the inception of this litigation in 2016. Yet despite this knowledge, and after multiple motions and a trial and appeal, in which Home Depot never raised or cited Georgia law, Home Depot

---

[1] Neither of the cases is dispositive, or even relevant. *Anderson v. United State Fid. & Guar. Co.*, 267 Ga. App. 624, 600 S.E.2d 712 (Ct. App. Ga. 2004) merely reconfirmed a long line of cases allowing indemnity agreements "in connection with the issuance of surety bonds", an issue not relevant here. In the only other Georgia case cited by Home Depot, *Marino v. Clary Lakes Homeowners Ass'n*, 331 Ga. App. 204, 770 S..E.2d 289 (Ct. App. Ga. 2015), a case not involving any indemnification issues, the decision concerned when does a defendant "prevail" in a lawsuit. In any event, as we previously argued, this Court does not have to decide who "prevailed" here on the common-law indemnification claim.

1

makes an eleventh hour attempt to evade the results we contend flow from the application of New York law. The Court should not permit this last minute change of course by Home Depot.[2]

While this Court has the discretion to accept or reject Home Depot's citations to Georgia law, the general rule in this Circuit is "arguments made for the first time in a reply brief need not be considered by a Court." *Ruggerio v. Warner-Lambert Co.*, 429 F.3d 249, 252 (2d Cir. 2005) (citing *Playboy Enters., Inc. v. Dumas*, 960 F. Supp 710, 720 n.7 [SDNY 1997], *aff'd*, 159 F.3d 1347 [2d Cir. 1998]; *Mango v. Buzzfeed, Inc.*, 2019 U.S. Dist. LEXIS 146731, 2019 WL 4198866 [SDNY 8/20/19]).

While the Court has given us the opportunity for this sur-reply to address the new matter of Georgia law raised for the first time in Home Depot's reply, that does not alleviate the inexcusable failure of Home Depot to cite Georgia law in its current moving memorandum, thereby allowing a full response in opposition (instead of the limited allowed sur-reply). Only in "rare instances" will the Court consider new matters raised for the first time in reply (*Mango, supra*), and this is not such an instance.

### The Home Depot Choice Of Law Contract Provision Does Not Apply To The Third-Party Claim For Common-Law Indemnity Which Would Otherwise, Under The Circumstances Of Our Case, Be Prohibited Under Georgia Law

The precise wording of the Agreement's choice of law provision [section 18.17] states:

> "This SPA shall be governed and interpreted in accordance with the laws of the State of Georgia, which shall govern any dispute arising out of or relating to the SPA."

Recently, the Court has held that similar language of "arising out of or relating to" found in another Home Depot drafted "boilerplate" agreement (this one concerning forum-selection in

---

[2] By always affirmatively citing only New York law in all of its prior Court filings on all issues involving indemnification, Home Depot should be held to have waived the Georgia choice-of-law provision. *Certified Multi-Media Solutions, LTD v. Preferred Contrs. Inc. Co.*, 150 F. Supp.3d 239-240 (EDNY 2015); *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2018 U.S. Dist. LEXIS 144578,* 6-9 (SDNY 2018).

2

favor of Georgia rather than Georgia choice of law) had to be interpreted against Home Depot. The Court reasoned that because Home Depot's "contract template" did not contain specific language encompassing the subject matter of the claim there in dispute, the claim did not arise from or relate to Home Depot's Agreement, and, therefore, the court would not enforce Home Depot's forum selection clause. *ESI Cases v. Accessories, Inc. v. Home Depot Product Authority, LLC.*, 2019 U.S. Dist. LEXIS 153527, 2019 WL 4256364 (SDNY 9/9/19).

Here, Home Depot has asserted in its reply, without support from any New York or Georgia case, that its right to common-law indemnity attorneys' fees is based on its Agreement with BHIC. BHIC argued in its opposition that under New York law there is no contractual right to common-law indemnity and that Home Depot's argument is a gross distortion and perversion of the legal underpinnings of the concept of common-law indemnity. In sum, Home Depot's common-law indemnity claim cannot arise out of its agreement with BHIC.

If Georgia law applied to all aspects of this case, Home Depot could not obtain any common-law or implied indemnity against BHIC who, as Mr. Rivera's employer, would be immune from such an action under Georgia law. *Satilla Community Service Board v. Satilla Health Services, Inc.*, 275 Ga. 805, 573 S.E.2d 31 (Ga. 2002). Thus, under Georgia law, while Home Depot would not be barred from seeking contractual indemnification from BHIC, it would be prohibited from seeking common-law indemnification. *Satilla, supra.*

Moreover, like New York, Georgia law requires that "where the contract provides for indemnification, that provision must be strictly construed against the indemnitee…" *Ga. Operators Self-Insurance Fund v. PMA Management Corp.*, 143 F. Supp. 3d 1317, 1347 (N.D. Ga. 2015) (quoting *Inland Atlantic Old Nat. Phase 1, LLC v. 6425 Old Nat. LLC*, 329 Ga. App. 671, 766 S.E.2d 86, 93 (Ct. App. Ga. 2014)); *Georgia-Pacific Cedar Springs LLC v. MOR PPM,*

3

*Inc.*, 2016 U.S. Dist. LEXIS 120256 (M.D. Ga. 2019) (applying Georgia law, the Court held: "When the language is ambiguous, the Court must strictly construe the contract against the indemnitee"); *Santa Medina v. Delta Air Lines, Inc.*, 2011 U.S. Dist. LEXIS 91174, 2011 WL 3625110 (EDNY 2011) (under Georgia law of contracts, "every presumption is against" an "intention to indemnify," quoting from Georgia cases). The ambiguities in Home Depot's Agreement are set forth in BHIC's opposition, and, in this respect, Georgia and New York law are identical.

Also, like New York, Georgia law does not allow recovery of attorneys' fees incurred in enforcing an indemnity agreement. *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 458 S.E.2d 711 (Ct. App. Ga. 1995).

### Under New York Choice of Law Rules, New York Law, Not Georgia Law, Governs All Issues Concerning Common-Law Indemnity

The law applicable here in determining whether attorneys' fees are recoverable for prosecuting a third-party common-law indemnification claim is New York law, not Georgia law. The federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine choice-of-law. *Klaxon Co. v. Stentor Electric Mfg, Co.*, 323 U.S. 487, 497 (1941); *Fieger v. Pitney Bowes Credit Co.*, 251 F.3d 385, 393 (2d Cir. 2001).

As we have argued in our opposition, in New York common-law indemnity is based on tort and other non-contractual principles and is separate and distinct from contractual indemnity. In addition to our previously cited cases, *see*, *Hawthorne v. South Bronx Community Corp.*, 78 N.Y. 2d 433, 576 N.Y.S.2d 203 (1991); *Allianz Ins. Co. v. Otero*, 353 F. Supp. 2d 415 (SDNY 2004).

For choice-of-law purposes, New York Courts treat common-law indemnification claims as a question of "loss allocation" or "loss distribution". *Casey v. Ryder Truck Rental, Inc.*,

2005 U.S. Dist. LEXIS 45601, 2005 WL 1150228 (EDNY 2005) ("*Casey*"). Here, the underlying tort and injury occurred in New York. Plaintiff Rivera is domiciled in New York as is BHIC. Under these circumstances, New York courts will apply New York law in determining all issues concerning common-law indemnification claims. *Casey, supra* (citing New York Court of Appeals cases). While we do not believe there is a conflict with Georgia law, if there is any doubt, New York law must be applied. Under New York law, common-law indemnity is not based on contract, and does not arise from, nor is it governed by contract. New York does not allow recovery of attorneys' fees for prosecuting a common-law indemnity third-party claim, and no contract can create a right to such fees which is prohibited under New York law.

Finally, Home Depot in its Reply raises a new and legally insupportable argument about the so called law of the case effect of the Second Circuit's failure to affirm Home Depot's judgement against HIC based on common-law indemnity. Since resolution of this issue will have no impact on the issue of attorneys' fees, HD is impermissibly asking this Court for an advisory opinion. In the alternative, because Home Depot has mischaracterized the holdings of Second Circuit decisions, we ask the Court for the opportunity to address this issue at an oral argument of this motion.

## CONCLUSION

For the above reasons and to the above extent, Home Depot's motion should be denied.

Dated: New York, New York
      September 20, 2019

Respectfully submitted,
HERZFELD & RUBIN, P.C.

By: _____
Howard S. Edinburgh (4427)
125 Broad Street, New York, NY 10004
(212) 471-8500
Attorneys for Third-Party Defendant
Bryan's Home Improvement Corp.

5