# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DANIEL RIVERA,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

Civil No.
16-cv-7552 (JGK) (OTW)

HOME DEPOT U.S.A., INC.,

      Third-Party Plaintiff,

v.

BRYAN'S HOME IMPROVEMENT CORP.,

      Third-Party Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF HOME DEPOT U.S.A., INC'S MOTION TO (1) APPOINT HOME DEPOT AS RECEIVER OF BRYAN'S HOME IMPROVEMENT CORPORATION'S CAUSES OF ACTION; OR (2) ORDER BRYAN'S TO ASSIGN THOSE CAUSES OF ACTION TO HOME DEPOT**

# TABLE OF CONTENTS

BACKGROUND ...............................................................................................................2

    I.      Home Depot's Judgment Against Bryan's ...........................................................2

    II.     Bryan's and the Fund's Ongoing Resistance to Home Depot's Judgment..............3

          A.      Post-Judgment Discovery Confirms that Bryan's Has Insurance
                  Coverage for Home Depot's Judgment........................................................4

          B.      The Available Evidence Suggests That Bryan's Has No Other
                  Assets ..........................................................................................................7

ARGUMENT AND CITATION OF AUTHORITY ......................................................8

    I.      The Court Should Appoint Home Depot As Receiver of Bryan's Causes of
          Action Under CPLR § 5228.................................................................................8

    II.     Alternatively, the Court Can Compel Bryan's to Assign its Claims to
          Home Depot Under CPLR §§ 5225(a) & (c) & 5240...........................................14

CONCLUSION.............................................................................................................16

CERTIFICATE OF SERVICE .....................................................................................18

# **TABLE OF AUTHORITIES**

Cases:                                                                                    Page

*Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A.*,
    190 F.3d 16 (2d Cir. 1999)..............................................................................8

*Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*,
    374 F. App'x 71 (2d Cir. 2010) ....................................................................6

*Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc.*,
    2017 WL 3394604 (S.D.N.Y. Aug. 8, 2017)..................................................14

*Borges v. Placeres*,
    2018 WL 6056173 (N.Y. Civ. Ct. Nov. 2, 2018) ..................................... 14-15

*BSH Hausgerate GMBH v. Kamhi*,
    2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018)..................................................9

*Chlopecki v. Chlopecki*,
    745 N.Y.S.2d 228 (N.Y. App. Div. 2002) .......................................................11

*Coscia v. Eljamal*,
    8 N.Y.S.3d 882 (N.Y. Sup. Ct. 2015) ..............................................................11

*Daum Global Holdings Corp. v. Ybrant Digital Ltd.*,
    2018 WL 2122816 (S.D.N.Y. May 8, 2018) ............................................. 13-14

*Ernest Lawrence Grp., Inc. v. Gov't Careers Ctr. of Oakland*,
    2000 WL 1655234 (S.D.N.Y. Nov. 3, 2009)...................................................13

*Franklin Nat'l Bank v. Hall*,
    273 N.Y.S.2d 810 (N.Y. Civ. Ct. 1966)..........................................................10

*Friedman v. Wahrsager*,
    848 F. Supp. 2d 278 (E.D.N.Y. 2012) ........................................................ 9-10

*Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs.*,
    2013 WL 1334164 (E.D.N.Y. Mar. 29, 2013)...................................................6

*Hotel 71 Mezz Lender LLC v. Falor*,
    926 N.E.2d 1202 (N.Y. 2010)..........................................................................12

*In re Kreloff*,
    319 N.Y.S.2d 51 (N.Y. Sup. Ct. 1971) ........................................................9, 13

*In re PCH Assocs.*,
  949 F.2d 585 (2d Cir. 1991) ............................................................................6

*Konvalin v. Tan Hai Ying*,
  818 N.Y.S.2d 762 (N.Y. Sup. Ct. 2006) ...........................................................9

*Levantino v. Ins. Co. of N. Am.*,
  422 N.Y.S.2d 995 (N.Y. Sup. Ct. 1979) ...........................................................9

*Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.*,
  2012 WL 5512240 (S.D.N.Y. Nov. 13, 2012) ........................................... 11-12

*Oppel v. DiGangi*,
  443 N.Y.S.2d 177 (N.Y. App. Div. 1981) ..................................................... 9-10

*Robinson v. Sanctuary Record Grps., Ltd.*,
  763 F. Supp. 2d 629 (S.D.N.Y. 2011) ...............................................................6

*Skaff v. Progress Int'l, LLC*,
  2014 WL 5454825 (S.D.N.Y. Oct. 28, 2014) ............................................. 12-13

*Spotnana, Inc. v. Am. Talent Agency, Inc.*,
  2013 WL 227546 (S.D.N.Y. Jan. 22, 2013) ..................................................9, 13

*Vitale v. City of New York*,
  583 N.Y.S.2d 445 (N.Y. App. Div. 1992) ..................................................... 9-10

Other:

David D. Siegel, N.Y. Prac. § 512 (6th ed.) ............................................... 9-10

Federal Rule of Civil Procedure 69(a)(1) ......................................................1, 8

N.Y. Jur. 2d Actions § 116 .........................................................................9, 13

N.Y. Jur. 2d Enforcement and Execution of Judgments § 282 ...........................44

N.Y. Labor Law § 240(1) ..................................................................................2

N.Y. Labor Law § 241(6) ..................................................................................2

N.Y. Workers' Comp. Law § 11 ......................................................................2, 5

New York Civil Practice Law and Rules Article 52 ............................ 1, 8, 14-15

New York Civil Practice Law and Rules § 5201(a) .........................................10

New York Civil Practice Law and Rules § 5225(a) ...................................................................8, 14

New York Civil Practice Law and Rules § 5225(c) ...................................................................14

New York Civil Practice Law and Rules § 5228 .................................................................. *passim*

New York Civil Practice Law and Rules § 5228(a) ......................................................... 9-10, 13

New York Civil Practice Law and Rules § 5240 .............................................................. 8, 14-16

New York Civil Practice Law and Rules § 6403 ........................................................................13

Richard C. Reilly, Supplementary Practice Commentaries, McKinney's Consolidated Laws of N.Y., N.Y. CPLR C5225:2 (2019).....................................................................................15

Richard C. Reilly, Practice Commentaries, McKinney's Consolidated Laws of N.Y., N.Y. CPLR C5228:2 ..............................................................................................................................9

Defendant/Third-Party Plaintiff Home Depot U.S.A., Inc. ("Home Depot") brings this motion to facilitate the enforcement of this Court's $9 million judgment against Third-Party Defendant Bryan's Home Improvement Corp. ("Bryan's").  More than eight months have passed since the Second Circuit affirmed that judgment, and Bryan's has yet to satisfy any portion of it.  Further, the available record shows that Bryan's currently has no assets from which it could satisfy the judgment, except for its causes of action against third parties—and in particular, a claim for coverage under its employers' liability policy with the New York State Insurance Fund (the "Fund").

The problem here, however, is that Bryan's has no intention or incentive to pursue its claim against the Fund.  Even though the Fund policy covers Bryan's losses to Home Depot, the lawyers the Fund appointed to represent Bryan's insist that there is no coverage.  And on November 7, 2019, Bryan's made a filing that quoted its sole owner and president, Jesus Loja, as saying that he "**does not want [Bryan's] to pay [Home Depot] a dime**."[1]

Neither the Fund's intransigence nor Bryan's dissatisfaction are grounds to defy this Court's judgment.  Consequently, Home Depot brings this motion to obtain control of Bryan's causes of action pursuant to Federal Rule of Civil Procedure 69(a)(1) and Article 52 of the New York Civil Practice Law and Rules.  Specifically, Home Depot asks the Court to either (1) appoint Home Depot as receiver of Bryan's causes of action; or (2) compel Bryan's to assign those causes of action to Home Depot.

---

[1] ECF No. 236 (Bryan's Opposition to Home Depot's Motion to Compel Discovery) at 6 (bolding added).

# BACKGROUND

## I.      Home Depot's Judgment Against Bryan's.

On August 22, 2015, Plaintiff Daniel Rivera, a Bryan's employee, fell from a ladder during a roofing job in Yonkers.[2] At the time of the accident, Home Depot was the general contractor for the job, and Bryan's was a subcontractor.[3] Rivera filed suit against Home Depot on September 27, 2016,[4] and after discovery, this Court granted summary judgment on liability to Rivera on his N.Y. Labor Law §§ 240(1) and 241(6) claims.[5]

Home Depot, in turn, filed a third-party complaint against Bryan's for indemnification.[6] Home Depot pursued both contractual and common-law indemnification.[7] To prevail on common-law indemnity, Home Depot had to show that Rivera had suffered a "grave injury" within the meaning of N.Y. Workers' Comp. Law ("WCL") § 11. The Fund appointed lawyers to defend Bryan's on Home Depot's claims. After discovery, this Court held that no reasonable jury could find for Bryan's on the grave injury question and granted summary judgment to Home Depot for both contractual and common-law indemnity.[8]

The Court then granted summary judgment with respect to future economic damages and awarded Rivera $6,593,495.00.[9] After the parties stipulated to the amount of Rivera's past

---

[2] ECF No. 70 (Order Granting Rivera's Motion for Partial Summary Judgment) at 1.
[3] *Id.* at 5.
[4] ECF No. 1.
[5] ECF No. 70.
[6] ECF No. 14.
[7] *See* ECF No. 75 (Home Depot's Motion for Summary Judgment).
[8] ECF No. 79; *see also* ECF No. 82 (denying Bryan's motion for reconsideration); ECF No. 74 (granting Home Depot's oral summary judgment motion on whether Rivera suffered a "grave injury").
[9] ECF No. 120 at 12.

economic damages, the Court conducted a jury trial regarding damages for pain and suffering. The jury returned a verdict of an additional $1,845,000 in Rivera's favor.[10]

Subsequently, the Court entered two judgments. First, the Court entered judgment for Rivera and against Home Depot for a total of $8,669,126.44.[11] Second, the Court entered a corresponding judgment for Home Depot and against Bryan's in the same amount, "plus allowable interests and costs," based on "[t]he Court having granted [Home Depot's] motion for summary judgment on its contractual and common law indemnification claims as against" Bryan's.[12]

Bryan's appealed Home Depot's judgment, and a mere nine days after hearing oral argument, the Second Circuit "AFFIRM[ED] the judgment of the district court."[13] In a short opinion, the Court affirmed on contractual indemnity and declined to address Bryan's appeal of the grave injury and common-law indemnity ruling.[14] The mandate issued on June 21, 2019.[15]

Following the appeal, Rivera sought and received an amendment to his judgment against Home Depot to collect interest. Home Depot paid $8,993,119.15 to satisfy Rivera's judgment on October 2, 2019.[16]

## II.    Bryan's and the Fund's Ongoing Resistance to Home Depot's Judgment.

Shortly after the Second Circuit's ruling, Bryan's informed Home Depot that both Bryan's and the Fund would refuse to honor Home Depot's judgment against Bryan's.[17] Bryan's

---

[10] ECF No. 136.
[11] ECF No. 151.
[12] ECF No. 152 at 2.
[13] ECF No. 182 at 7.
[14] *Id.* at 4 ("Because we conclude that [Bryan's] is liable to Home Depot on a theory of contractual indemnity, we need not address the district court's findings that Rivera suffered a 'grave injury' as a matter of law.").
[15] *See id.* at 1.
[16] *See* ECF No. 226 (Satisfaction of Judgment).
[17] ECF No. 190 (Letter to the Court from Home Depot's Counsel) at 2.

has also represented that the company "no longer has an on-going existence" and "has no assets."[18] Thus, while Home Depot has paid Rivera's judgment,[19] Bryan's has not paid any portion of Home Depot's corresponding judgment.

### A. Post-Judgment Discovery Confirms that Bryan's Has Insurance Coverage for Home Depot's Judgment.

In aid of its judgment, Home Depot issued post-judgment discovery to both Bryan's and the Fund. Bryan's responses confirm that Bryan's had an employers' liability policy with the Fund that was in effect at the time of the Rivera accident.[20] The terms of the policy[21] require the Fund to "pay all sums [Bryan's] legally must pay as damages because of injury to [Bryan's] employees," including, as relevant here, all

> damages . . . for which [Bryan's is] liable to a third party by reason of a claim or suit against [Bryan's] by that third party to recover the damages claimed against such third party as a result of bodily injury to your employee.[22]

The policy also states that the Fund has "the right and duty to defend, at [the Fund's] expense, any claim, proceeding or suit against you for damages payable by this insurance."[23]

Bryan's and the Fund's discovery responses further reveal that the Fund defended—and continues to defend—Bryan's in this action pursuant to the policy. Bryan's admitted that "the Fund is providing a defense to [Bryan's] in this action,"[24] and that "the law firm(s) who have and

---

[18] ECF No. 227 (Joint Discovery Status Report) at 3–4.

[19] *See* ECF No. 226 (Satisfaction of Judgment).

[20] ECF No. 236-2 at 5.

[21] A copy of the terms of Bryan's insurance policy with the Fund is attached as Exhibit A to the Declaration of Jeffrey W. Chen in Support of Home Depot's Motion to (1) Appoint Home Depot as Receiver of Bryan's Causes of Action; or (2) Order Bryan's to Assign Those Causes of Action to Home Depot ("Chen Decl.").

[22] Chen Decl., Ex. A ("Policy") at 2.

[23] *Id.* at 3.

[24] Chen Decl., Ex. B (Bryan's Objections and Responses to Home Depot's Requests for Admissions ("Bryan's RFA Responses")) at 3–4, Resp. No. 4.

are defending [Bryan's] were selected and believed to be paid by the Fund, as is its right as BHIC's employers' liability insurer."[25]  Further, the Fund produced a June 6, 2019 letter that it sent to Bryan's after the Second Circuit affirmed Home Depot's judgment, confirming that "NYSIF **will continue to defend** [Bryan's] in post-judgment related proceedings" in this case.[26]

Thus, there is no dispute that the Fund's lawyers defended Bryan's throughout the proceedings in this Court pursuant to the employers' liability policy, and that they had every opportunity to contest Home Depot's indemnity claims.  More specifically, Bryan's Fund-appointed lawyers defended Home Depot's common-law indemnity claim by trying to dispute the grave injury question under WCL § 11 as well as the amount of Rivera's damages.  This Court rejected those efforts in no uncertain terms.  On the question of grave injury, the Court asked Bryan's: "Frankly, at this point in time, what cognizable evidence at trial would there be to defeat what the plaintiff has put forward?"[27]  By the end of that exchange, the Court's answer was: "I mean, you guys have no witnesses . . . .  This is a one hand clapping here."[28]

By the time the parties reached damages, the Court observed that "[t]he way that this case has been litigated by [Bryan's] is, **quite frankly, mystifying**,"[29] because "the Court is left with a situation in which [Bryan's Fund-appointed counsel] has: (1) failed to produce any expert <u>or</u> fact evidence tending to contradict plaintiff's claimed damages; and (2) failed to provide even a <u>preview</u> as to any colorable argument that might be raised at trial or on cross-examination."[30] Beyond that, the Court explained that "[m]any, if not all, of the Court's adverse rulings . . . could

---

[25] *Id.* at 5, Resp. No. 7.
[26] Chen Decl., Ex. C (June 6, 2019 Letter from the Fund to Bryan's) at 1 (bolding added).
[27] ECF No. 95 (Transcript of March 2, 2018 Conference) at 11.
[28] *Id.* at 23.
[29] ECF No. 120 (Order Granting in Part Rivera's Motion for Summary Judgment on Economic Damages) at 12 (bolding added).
[30] *Id.* at 11.

have been avoided had [Bryan's Fund-appointed lawyers] actually engaged in expert discovery, properly moved to exclude plaintiff's damages experts, or made a more serious effort to oppose plaintiff's various dispositive motions," but the Fund's lawyers did "**none of those things**" on Bryan's behalf.[31]

Now that the Fund's original lawyers have lost the case, a new set of Fund-appointed lawyers contends that the policy does not cover Bryan's losses. Their filings in this Court—ostensibly for Bryan's benefit—assert that the policy no longer covers Bryan's liability to Home Depot because the Second Circuit's decision to affirm somehow negates this Court's ruling on common-law indemnity.[32]  Indeed, one of Bryan's filings contends that by failing to consider Bryan's appeal of the common-law indemnity question, the Second Circuit's affirmance somehow "**nullifie[d]**" this Court's common-law indemnity ruling.[33]

Although it scarcely matters for purposes of this motion, Bryan's position is wholly untenable, as Home Depot has explained elsewhere.[34]  Far more important here, is that by declining to reach the common-law indemnity question, the Court of Appeals did not vacate or otherwise disturb this Court's ruling.  Thus, there is no question that Bryan's was in fact held liable for common-law indemnity, which is covered under the policy.  And while Bryan's Fund-appointed lawyers insist that there is no coverage for the judgment, there is no evidence that the

---

[31] *Id.* at 12 (bolding added).

[32] *See, e.g.*, ECF No. 191 at 3.

[33] ECF No. 213 (Bryan's Opposition to Home Depot's Motion for Attorneys' Fees) at 17 n.3 (bolding added).

[34] *See* ECF No. 214 (Reply in Further Support of Home Depot's Motion for Attorneys' Fees) at 2–6 (explaining that under binding Second Circuit precedent, when an appellate court does not reach an issue on appeal, the district court's undisturbed decision remains law of the case upon remand) (citing *In re PCH Assocs.*, 949 F.2d 585, 591–93 (2d Cir. 1991), *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 374 F. App'x 71, 74 (2d Cir. 2010), *Robinson v. Sanctuary Record Grps., Ltd.*, 763 F. Supp. 2d 629, 631 (S.D.N.Y. 2011), and *Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs.*, 2013 WL 1334164, at *4 (E.D.N.Y. Mar. 29, 2013)).

Fund has denied coverage.  Even after the Second Circuit affirmed Home Depot's judgment, the Fund confirmed that it would continue to defend Bryan's pursuant to the policy.[35]  Nevertheless, Bryan's has served interrogatory responses that say Bryan's has no claims or causes of action against anyone "other than possibly Home Depot."[36]  And now, Bryan's has "advise[d] the Court that" Bryan's sole owner and president "**does not want [Bryan's] to pay [Home Depot] a dime**" because he believes that Rivera "was faking his injuries," and that "[Home Depot] deliberately put [Bryan's] out of business."[37]  This record, therefore, shows that Bryan's is refusing to demand coverage under its employers' liability policy and that Bryan's seeks to frustrate Home Depot's enforcement of this Court's judgment.

### B.    The Available Evidence Suggests That Bryan's Has No Other Assets.

Although Bryan's has not fully responded to Home Depot's discovery,[38] its responses indicate that Bryan's currently has no other assets.  Bryan's says that its "sole source of income was its business as an approved Home Depot subcontractor," and so when "Home Depot ceased doing business with" Bryan's after Rivera's accident, that "kill[ed] [Bryan's] business."[39] Accordingly, Bryan's final bank statements show a negative balance and indicate that Bryan's account was closed in early 2017.[40]  Further, Bryan's has sworn that it currently has no assets or property interests (real or personal).[41]

---

[35] *See* Chen Decl., Ex. C (June 6, 2019 Letter from the Fund to Bryan's) at 1.
[36] ECF No. 236-2 at 13, Resp. No. 22.
[37] ECF No. 236 at 6–7 (bolding added).
[38] *See* ECF No. 234 (Memorandum of Law in Support of Home Depot's Motion to Compel).
[39] ECF No. 236 at 2.
[40] *See* ECF No. 236-5.
[41] *See* ECF No. 236-2 at 6–10.

## ARGUMENT AND CITATION OF AUTHORITY

Bryan's is flouting this Court's judgment. Bryan's admits that it does not want Home Depot to recover and it is refusing to make an insurance claim against the Fund that would pay Home Depot what it owes. Further, aside from that claim, Bryan's represents that it has **no** assets of material value. And to make matters worse, Bryan's Fund-appointed lawyers are filing pleadings that—wrongly—say there is no coverage. This record shows that Bryan's is acting in bad faith and wasting its own assets to frustrate Home Depot and defy the Court's judgment.

Federal Rule of Civil Procedure 69(a)(1) states that proceedings in aid of enforcing a money judgment "must accord with the procedure of the state where the court is located." Consequently, Home Depot asks the Court for control of Bryan's causes of action—including its insurance claim against the Fund—pursuant to Article 52 of New York's CPLR, which sets forth "New York procedure for enforcement of judgments."[42] First, Home Depot moves under CPLR § 5228 for the Court to appoint Home Depot as receiver of all of Bryan's causes of action. Alternatively, Home Depot moves for an order compelling Bryan's to assign its causes of action to Home Depot pursuant to CPLR §§ 5225(a) & (c) & 5240.

## I.      The Court Should Appoint Home Depot As Receiver of Bryan's Causes of Action Under CPLR § 5228.

CPLR § 5228 provides a "limited receivership"[43] to be used "to carry out specified duties designed to obtain payment for judgment creditors."[44] Specifically, § 5228 states that

> Upon motion of a judgment creditor, upon such notice as the court may require, the court may appoint a receiver who may be authorized to administer, collect,

---

[42] *Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A.*, 190 F.3d 16, 20 (2d Cir. 1999).

[43] CPLR § 5228, Legislative Studies and Reports (stating that § 5228 "contemplates a limited receivership . . . without the cumbersome machinery and total enforcement system aspects of" its predecessor statute).

[44] 54 N.Y. Jur. 2d Enforcement and Execution of Judgments § 282.

improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment.[45]

Courts have appointed receivers under § 5228 in a variety of post-judgment situations.[46] A leading treatise explains that one particularly "good use of th[e] [receivership] device is where the interest sought [by the judgment creditor] is a **cause of action** the judgment debtor has against a third person (garnishee)."[47] This is because the judgment debtor will likely "lack incentive to pursue" that claim against the garnishee because he "[k]now[s] that anything he recovers may be quickly gobbled up by his waiting [judgment] creditor."[48] Section 5228 solves that problem by appointing a receiver to succeed to the judgment debtor's claim "by operation of law,"[49] assert that claim against the garnishee in the judgment debtor's behalf,[50] and apply whatever comes out of that action to the judgment of the judgment creditor.[51]

The New York courts, therefore, have long approved appointing a receiver under § 5228 to prosecute causes of action belonging to the judgment debtor.[52] And as the district court in

---

[45] CPLR § 5228(a).

[46] *See, e.g.*, *BSH Hausgerate GMBH v. Kamhi*, 2018 WL 4583497, at *1 (S.D.N.Y. Sept. 25, 2018) (appointing receiver to administer, collect, and real property belonging to the judgment debtor); *Spotnana, Inc. v. Am. Talent Agency, Inc.*, 2013 WL 227546, at *8 (S.D.N.Y. Jan. 22, 2013) (appointing receiver to "examine the books and records" of the judgment debtor "to determine whether [it] has made any improper disbursements or transfers").

[47] David D. Siegel, N.Y. Prac. § 512 (6th ed.) (bolding added).

[48] *Id.*

[49] *In re Kreloff*, 319 N.Y.S.2d 51, 52 (N.Y. Sup. Ct. 1971); *see also* 1 N.Y. Jur. 2d Actions § 116 ("Transfer by operation of law": "An action is not abated as a result of an involuntary transfer, such as results where a party goes into receivership . . . .").

[50] David D. Siegel, N.Y. Prac. § 512 (6th ed.).

[51] Richard C. Reilly, Practice Commentaries, McKinney's Consolidated Laws of N.Y., N.Y. CPLR C5228:2.

[52] *See, e.g.*, *Vitale v. City of New York*, 583 N.Y.S.2d 445, 446 (N.Y. App. Div. 1992); *Oppel v. DiGangi*, 443 N.Y.S.2d 177, 177–78 (N.Y. App. Div. 1981); *Konvalin v. Tan Hai Ying*, 818 N.Y.S.2d 762, 764 (N.Y. Sup. Ct. 2006); *In re Kreloff*, 319 N.Y.S.2d at 52–53; *see also Levantino v. Ins. Co. of N. Am.*, 422 N.Y.S.2d 995, 1003 (N.Y. Sup. Ct. 1979) (denying motion to set aside verdict rendered in favor of receiver appointed pursuant to § 5228 to prosecute judgment debtor's cause of action against judgment debtor's insurer).

*Friedman v. Wahrsager* confirmed, the statute "specifically allows for the appointment of the judgment creditor as receiver to the judgment debtor."[53] Thus, in *Vitale v. City of New York*, the judgment creditor ("Vitale") moved to be appointed receiver pursuant to CPLR § 5228(a) of the judgment debtor's ("Hagan's") causes of action for indemnification and legal malpractice against the City after Hagan "took no action to prosecute [those] claims."[54] The trial court granted the § 5228 motion, and the Appellate Division affirmed, holding that "there was nothing improper about the court's appointment of Vitale as receiver since Hagan's causes of action for indemnification and legal malpractice were assignable to Vitale as the judgment creditor."[55] Moreover, *Oppel v. DiGangi* reverses a trial court's refusal to appoint a judgment creditor as the receiver of the judgment debtor's claims against a third-party insurer, holding that the objective of avoiding additional expenses "would be better served" by such an appointment.[56]

The result should be the same here because appointing Home Depot as receiver would help Home Depot collect its judgment with minimal additional expense. And as in *Vitale*, the Court should appoint a receiver because Bryan's is taking no action to pursue its claim against the Fund and has little incentive to do so.[57] Indeed, although Bryan's inaction alone provides more than sufficient grounds for appointing a receiver, Bryan's hostility to Home Depot's

---

[53] 848 F. Supp. 2d 278, 291 (E.D.N.Y. 2012); *see also Franklin Nat'l Bank v. Hall*, 273 N.Y.S.2d 810, 811 (N.Y. Civ. Ct. 1966) (ruling that "[i]t necessarily follows" from the text of CPLR § 5228 "that there is no prohibition against" appointing the judgment creditor as the receiver of the judgment debtor's assets).
[54] 583 N.Y.S.2d at 446.
[55] *Id.* (citing *Oppel* and CPLR §§ 5201(a) & 5228(a)).
[56] 443 N.Y.S.2d at 178.
[57] *See Vitale*, 583 N.Y.S.2d at 446; *see also* David D. Siegel, N.Y. Prac. § 512 (6th ed.) ("good use" of receivership "is where the interest sought is a cause of action the judgment debtor has against a third person (garnishee)," because "[k]nowing that anything he recovers may be quickly gobbled up by his waiting [judgment] creditor, a judgment debtor may lack incentive to pursue the claim").

judgment and the evident resistance of Bryan's Fund-appointed lawyers to pursuing an obvious

claim against the Fund provide an even more compelling case for appointing a receiver here.[58]

Further, although "[t]here is no formal test for whether a receiver should be appointed,"[59]

the other factors that courts consider in the § 5228 context also weigh in favor of granting Home

Depot's request. *First*, appointing Home Depot as receiver of Bryan's claims against the Fund

will greatly "increase the likelihood of satisfaction" of Home Depot's judgment.[60] As explained

above, Bryan's is a defunct business with no remaining assets of material value except for its

claims against the Fund. And because Bryan's and its Fund-appointed lawyers have confirmed

they will not pursue those claims, it will be difficult for Home Depot to obtain satisfaction

without prosecuting those claims on Bryan's behalf. Appointing Home Depot as receiver of

those claims would enable Home Depot to do just that, and would therefore significantly

"increase the likelihood of satisfaction" of this Court's judgment in Home Depot's favor.[61]

*Second*, "there appear to be no alternative remedies available to [Home Depot], as

[Bryan's] has no other assets it could use to satisfy the judgment."[62] *Coscia v. Eljamal* provides

that "there is no need to consider alternative remedies to the appointment of a receiver" where

the debtor admits that its other assets will not satisfy the judgment.[63] And in words that could

have been written for this case, the same court noted that there is "no value in delaying the

---

[58] *See* ECF No. 236 at 6 (Bryan's counsel advising the Court that Bryan's sole owner and president "does not want [Bryan's] to pay HD a dime").

[59] *Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.*, 2012 WL 5512240, at *3 (S.D.N.Y. Nov. 13, 2012).

[60] *Chlopecki v. Chlopecki*, 745 N.Y.S.2d 228, 229 (N.Y. App. Div. 2002) (internal quotation marks omitted).

[61] *Id.*

[62] *Mishcon*, 2012 WL 5512240, at *3.

[63] 8 N.Y.S.3d 882, 886 (N.Y. Sup. Ct. 2015).

appointment of a receiver" where the judgment debtor "has signaled that he lacks the means and motivation to satisfy the judgment."[64]

*Third*, appointing a receiver is "especially appropriate" here because "the property interest involved is intangible" and "lacks a ready market."[65]  Bryan's causes of action against the Fund certainly meet this description, and their value in the hands of any other third party would be speculative and uncertain.[66]

*Fourth*, and finally, granting Home Depot's receivership request will not significantly disrupt any corporation's internal affairs because Home Depot merely seeks receivership over Bryan's legal claims against third parties, and "not the day-to-day operation of" the company.[67] Further, "concern about disrupting a corporation's affairs through appointment of a receiver carry far less weight where"—as here—"the corporation is not merely moribund but effectively deceased."[68]

For these reasons, this Court should appoint Home Depot as receiver of all of Bryan's causes of action against third parties pursuant to CPLR § 5228.  To comply with the statutory requirements, any such appointment should specify that: (1) Home Depot is granted sole authority to prosecute any or all of those causes of action in Bryan's behalf, with all proceeds to

---

[64] *Id.* at 885–86.

[65] *Hotel 71 Mezz Lender LLC v. Falor*, 926 N.E.2d 1202, 1212 (N.Y. 2010) (internal quotation marks omitted).

[66] *See id.* at 1209 (appointing a receiver because the judgment debtor's "contract right to net profits from the future promotion of a film" is "intangible"); *Mishcon*, 2012 WL 5512240, at *3 (appointing a receiver to sell a judgment debtor's patent because "the patent is an intangible property interest and that valuation of the patent is difficult due to the absence of a ready market").

[67] *Falor*, 926 N.E.2d at 1212.

[68] *Skaff v. Progress Int'l, LLC*, 2014 WL 5454825, at *9 (S.D.N.Y. Oct. 28, 2014).

apply to Home Depot's judgment until it is satisfied in full;[69] (2) Home Depot is authorized to

engage counsel of its choosing;[70] (3) before entering upon its duties, Home Depot shall by its

counsel or other representative execute and file in this Court an oath that it will faithfully and

fairly discharge its duties;[71] (4) no undertaking or bond shall be required of Home Depot;[72] (5)

Home Depot, as receiver, shall retain all receivership powers granted by this Court until the

judgment is satisfied in full and Home Depot files a satisfaction of judgment, which Home Depot

shall do promptly upon satisfaction;[73] (6) all of Bryan's causes of action against third parties are

hereby transferred to the receiver by operation of law,[74] and therefore Bryan's cannot, and is

expressly forbidden from attempting to, transfer those causes of action to any other person or

entity;[75] and (7) Bryan's and all of its agents, servants, employees, officers, and directors—

including Jesus Loja—shall comply with directives of the receiver as to the prosecution of

---

[69] CPLR § 5228(a) ("The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed." (bolding added)).

[70] *Id.* ("A receiver shall have no power to employ counsel unless expressly so authorized by order of the court.").

[71] *Id.* § 6402 (requiring oath from temporary receivers); *id.* § 5228(a) (incorporating § 6402 by reference).

[72] *Daum Global Holdings Corp. v. Ybrant Digital Ltd.*, 2018 WL 2122816, at *4 (S.D.N.Y. May 8, 2018) ("[T]here is no need for the Court to set a bond amount under CPLR § 6403" upon granting a § 5228 motion "[b]ecause the assets going into receivership will be applied in satisfaction of the judgment"); *Skaff*, 2014 WL 5454825, at *12 (appointing receiver under § 5228 and ruling that "[n]o undertaking or bond shall be required.").

[73] *Spotnana, Inc.*, 2013 WL 227546, at *8.

[74] *In re Kreloff*, 319 N.Y.S.2d at 52; *see also* 1 N.Y. Jur. 2d Actions § 116 ("Transfer by operation of law": "An action is not abated as a result of an involuntary transfer, such as results where a party goes into receivership . . . .").

[75] *See Ernest Lawrence Grp., Inc. v. Gov't Careers Ctr. of Oakland*, 2000 WL 1655234, at *3 (S.D.N.Y. Nov. 3, 2009) (granting § 5228 motion and ordering that all persons in possession of the judgment debtor's assets "surrender possession, dominion, or control to the receiver upon demand").

Bryan's causes of action against third parties, and shall not interfere with or in any way impede the receiver's ability or efforts to collect on those causes of action.[76]

## II.   Alternatively, the Court Can Compel Bryan's to Assign its Claims to Home Depot Under CPLR §§ 5225(a) & (c) & 5240.

As an alternative, the Court can order Bryan's to assign all of its causes of action to Home Depot pursuant to CPLR §§ 5225(a) & (c) & 5240.  CPLR § 5225 provides that if a "judgment debtor is in possession or custody of money or other personal property in which he has an interest," the court "shall order that the judgment debtor pay the money . . . to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, **to deliver any other personal property** . . . to a designated sheriff."[77]  Further, "[t]he court may order any person to execute and deliver any document necessary to effect [such] payment or delivery."[78]

While § 5225 contemplates delivery to a sheriff for sale at public auction,[79] the courts have used that statute to order judgment debtors to assign their intangible property interests—including legal claims and contract rights—directly to their judgment creditors.[80]  Section 5240 permits that result by allowing the court to "extend[] or modify[] the use of any enforcement

---

[76] *Daum Global Holdings*, 2018 WL 2122816, at *5 (granting § 5228 motion and ordering the judgment debtors and all of their "agents, servants, employees, officers and directors" to "comply with directives of the receiver").

[77] CPLR § 5225(a) (bolding added).

[78] *Id.* § 5225(c).

[79] *See id.* § 5233(a) ("The interest of the judgment debtor in personal property obtained by a sheriff . . . shall be sold by the sheriff at public auction . . . .").

[80] *See, e.g.*, *Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc.*, 2017 WL 3394604, at *5 (S.D.N.Y. Aug. 8, 2017) (ordering the assignment of a judgment debtor's stock certificates and contractual rights pursuant to § 5225(a)); *Borges v. Placeres*, 2018 WL 6056173, at **2–4 (N.Y. Civ. Ct. Nov. 2, 2018) (adhering to previous order requiring direct assignment of the judgment debtor's legal malpractice claims to the judgment creditor), *rev'd on other grounds*, 105 N.Y.S.3d 782 (N.Y. App. Term. 2019).

procedure" within Article 52.[81]  Indeed, the Practice Commentaries on § 5225 state that in situations where the judgment creditor would have "a better opportunity to enforce its judgment" if the judgment debtor's intangible property "was transferred directly to the judgment creditor, rather than transferred to the sheriff to be sold at auction," § 5240 "allows a court to provide for just that."[82]  In sum, §§ 5225 and 5240 together authorize this Court to compel Bryan's to assign its causes of action to Home Depot.

Further, as the New York City Civil Court's decision in *Borges v. Placeres* illustrates, some of the factors weighing in favor of receivership, as discussed above, also support an order compelling Bryan's to assign its claims to Home Depot.  In *Borges*, the court ordered the judgment debtor defendant to assign his "potential legal malpractice claim against [his] friend and former attorney" to the plaintiff pursuant to §§ 5225 and 5240.[83]  After confirming its authority to enter such an order, the court assigned the claim to the plaintiff because the value of the intangible claim was "unclear, and thus may garner no bids of value at a sheriff's auction."[84] In addition, the court explained that the assignment was warranted because the defendant had "obstruct[ed]" and "frustrate[d]" the "Plaintiff's efforts to pursue the judgment, particularly in relation to Defendant's only confirmed asset of potential value: the malpractice claim."[85]

Both of those factors are present in this case.  As noted above, Bryan's legal claims are intangible property interests that lack a ready market because their value is inherently uncertain.

_____

[81] CPLR § 5240.
[82] Richard C. Reilly, Supplementary Practice Commentaries, McKinney's Consolidated Laws of N.Y., N.Y. CPLR C5225:2 (2019); *see also id.* (stating that § 5240 "gives a court broad discretionary powers" to extend or modify the use of any enforcement procedure within Article 52).
[83] *Borges*, 2018 WL 6056173, at *1.
[84] *Id.* at *3.
[85] *Id.*

And Bryan's has confirmed that it has no intention or incentive to pursue any claims against the Fund. Thus, as long as Bryan's retains control of those claims, Bryan's and its Fund-appointed lawyers similarly will continue to obstruct Home Depot's efforts to enforce this Court's judgment. As a result, the record supports Home Depot's request for an order compelling Bryan's to assign all of its causes of action to Home Depot pursuant to CPLR §§ 5225 and 5240, even though that remedy will not be as effective or efficient as an order appointing Home Depot as a receiver.

## CONCLUSION

Home Depot has already satisfied this Court's judgment by paying $8,993,119.15 to compensate Mr. Rivera for his grave injuries. Bryan's defiance of this Court's corresponding judgment for Home Depot has gone on long enough. The Court should appoint Home Depot as receiver of all of Bryan's causes of action, including any claims against the Fund. And failing that, the Court should compel Bryan's to assign those causes of action to Home Depot.

This 13th day of February, 2020.

Respectfully submitted,

*/s/ Ronan P. Doherty*

Ronan P. Doherty
doherty@bmelaw.com
Jeffrey W. Chen
chen@bmelaw.com
**Bondurant Mixson & Elmore, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
404-881-4100

David M. Pollack
pollack@lbbslaw.com
James M. Strauss
james.strauss@lewisbrisbois.com
**Lewis Brisbois Bisgaard & Smith LLP**
77 Water Street, Suite 2100
New York, NY  10005
212-232-1300

Attorneys for Home Depot U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2020, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF HOME DEPOT U.S.A., INC'S MOTION TO (1) APPOINT HOME DEPOT AS RECEIVER OF BRYAN'S HOME IMPROVEMENT CORPORATION'S CAUSES OF ACTION; OR (2) ORDER BRYAN'S TO ASSIGN THOSE CAUSES OF ACTION TO HOME DEPOT** was filed electronically with the Clerk of the District Court using its CM/ECF system, which electronically notifies the following CM/ECF participants:

Plaintiff's Counsel:

Michael Lawrence Edelman
Joseph P. Carfora
Ginarte Gallardo Gonzalez
  Winograd LLP
225 Broadway, 13th Floor
New York, NY 10007
edelman7@yahoo.com
jcarforalaw@yahoo.com

Steven R. Payne
Ginarte Gallardo Gonzalez
  Winograd LLP
Woolworth Building
233 Broadway, 24th Floor
New York, NY 10279
spayne@ginartelaw.com

Graham Russell Ragland
Morelli Ratner PC
950 Third Avenue
New York, NY 10022
rragland@ginartelaw.com

Thomas E. Gorman
Legal Momentum
5 Hanover Square, Suite 1501
New York, NY 10005
tgormanesq@yahoo.com

Bryan's Home Improvement Corp.'s Counsel:

Irwin D. Miller
Abrams, Gorelick, Friedman &
  Jacobson, P.C
One Battery Park Plaza, Fourth Floor
New York, NY 10004
imiller@agfjlaw.com

Howard Scott Edinburgh
Miriam Skolnik
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004  hedinburgh@herzfeld-rubin.com
mskolnik@herzfeld-rubin.com

#3013828v1

Michael P. De Carlo
Moore & Associates
One Whitehall Street
New York, NY 10004-2108

John Patrick Connors , Jr
Connors & Connors, P.C.
766 Castleton Ave.
Staten Island, NY 10310
jpc@connorslaw.com

*/s/ Ronan P. Doherty*
Ronan P. Doherty