**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
                             :

DANIEL RIVERA,                    :

                            :

               Plaintiff,     :         No. 16-CV-7552 (JGK) (OTW)

                            :

           -against-         :         <u>**REPORT & RECOMMENDATION**</u>

                            :

HOME DEPOT U.S.A. INC.,      :

                            :

    Defendant and Third-Party Plaintiff,    :

                            :

           -against-         :

                            :

BRYAN'S HOME IMPROVEMENT CORP.,    :

                            :

          Third-Party Defendant.     :

                            :

----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable JOHN G. KOELTL, United States District Judge:**

In this personal injury and indemnification action, Defendant/Third-Party Plaintiff Home

Depot U.S.A., Inc. ("Home Depot") moves for an award of attorneys' fees, costs, and expenses.

(ECF 196, 235). For the reasons stated below, I recommend that the motion be **GRANTED** and

that Home Depot be awarded **$256,239.65**, reflecting $254,736.25 in attorneys' fees and

$1,503.40 in costs.

**I.   Introduction & Background**

     **a.   The Personal Injury Case**

To briefly recap, on August 22, 2015, Plaintiff Daniel Rivera was electrocuted and

suffered serious brain, spinal, and bodily injuries after falling from a ladder at a construction

site in Yonkers, New York.[1] Home Depot was the general contractor at the construction site, and Third-Party Defendant Bryan's Home Improvement Corp. ("BHIC") was the subcontractor and Plaintiff's direct employer. In a series of rulings, the Hon. Katherine B. Forrest found that BHIC was liable for the damages resulting from Plaintiff's injury. (ECF 120 at 2-3 (recapping litigation history)). At summary judgment, Judge Forrest found and awarded Plaintiff economic damages totaling $6,593,495.00. (ECF 120). At the subsequent jury trial, a jury found and awarded non-economic damages of $135,000 pain and suffering to date, and $1,710,000 for future pain and suffering. (ECF 136). Given the relationship between Home Depot and BHIC, Home Depot was liable for Plaintiff's damages, but could seek indemnification from BHIC. *See* ECF 79, 82.

Judge Koeltl[2] ordered judgment against Home Depot in the following amounts (ECF 217, the "Amended Judgment"):

1. Economic damages (past): $230,631.44[3]

2. Economic damages (future): $6,593,495.00

3. Pain and Suffering (past): $135,000.00

4. Pain and Suffering (future); $1,710,000.00

---

[1] The costs resulting from these injuries included that for a home health aide, medication, physical therapy, wheelchairs and other mobility aids, cervical fusion surgery, lumbar fusion surgery, and knee surgery. 2018 WL 1635026, at *2 (S.D.N.Y. Apr. 3, 2018), ECF 120.

[2] This action was reassigned to the Hon. John G. Koeltl in June 2019 after Judge Forrest's retirement from the bench.

[3] This amount was stipulated to by the parties in April 2018. (ECF 143).

The judgment was satisfied with the payment from Home Depot of $8,669,126.44 to Plaintiff. (ECF 226). The remaining disputes in this action are between Home Depot and BHIC for indemnification of attorneys' fees, costs, and expenses.

   b.   **The Third-Party Indemnification Case**

In January 2017, Home Depot filed a third-party complaint against BHIC, seeking indemnification and fees. (ECF 14). The Master Service Provider Agreement ("SPA") governed the contractor relationship between Home Depot and BHIC. (ECF 199-2; Doherty Decl. Ex. B). Judge Forrest granted summary judgment to Home Depot against BHIC on its claims for contractual and common law indemnification. (ECF 79; *see also* ECF 82 (denying BHIC's motion for reconsideration)). BHIC appealed to the Second Circuit, which affirmed the District Court's ruling on contractual indemnity and ordered that BHIC "indemnify Home Depot based on the terms of its contract." *Rivera v. Home Depot USA, Inc.*, 776 F. App'x 4, 7 (2d Cir. 2019); ECF 82 at 4.

The Second Circuit further stated that "[b]ecause we conclude that BHIC is liable to Home Depot on a theory of *contractual indemnity*, we need not address the district court's findings that Rivera suffered a 'grave injury' as a matter of law." *Id.* at 6 (emphasis added). A finding of "grave injury" is necessary for common law indemnification, but not contractual indemnification. *See id.* (the "grave injury limitation" "does not apply if the employer and such

third party had a contract in place prior to the employee's accident in which the employer

agreed to indemnify the third party") (citing N.Y. Workers' Comp. L. § 11).

### c. Fees Motion

Home Depot first filed its motion for fees in May 2018. (ECF 168). Judge Forrest

administratively terminated the motion, with leave to refile, during the pendency of BHIC's

failed appeals of two underlying judgments at ECF 151 and 152. (ECF 177). Home Depot

renewed its motion in August 2019. (ECF 196; *see also* ECF 197-200, 213, 214, 218, 235 (same

as ECF 197)). Home Depot seeks reimbursement for its fees in (1) defending Plaintiff's personal

injury action ("Phase 1"), and (2) pursuing indemnity claims against BHIC ("Phase 2"). (ECF 197

at 5). Home Depot seeks $72,138.00 in Phase 1 fees and $182,598.25 in Phase 2 fees, for a total

fee award of $243,736.25 and $23,247.58 in costs. (*Id.* at 8-9). Home Depot subsequently filed

its bill of costs, claiming a reduced amount of $3,269.22. (ECF 255-1). BHIC objected to certain

of the requested transcript costs, totaling $1,612.92. (ECF 257). The parties appeared for a

status conference on November 10, 2020. (ECF 262, Tr.).

## II.  Discussion

Home Depot contends that because Judge Forrest granted Home Depot's motion for

summary judgment on the issues of contractual and common law indemnification (ECF 79),

Home Depot is entitled to recover its attorneys' fees, costs and expenses for both Phase 1 and

Phase 2 under theories of common law and contractual indemnification, respectively.

As background, Home Depot seeks indemnification for Phase 1 fees on the theory of

common law indemnity only, not contractual indemnity. As explained by counsel at the

November 10 status conference, BHIC is "essentially judgment proof" and so the only way for

Home Depot to recover on its fees is through a BHIC policy with the New York State Insurance Fund (the "Fund"), which only covers common law indemnity. (ECF 262 at 4-5). BHIC's counsel, Herzfeld & Rubin, P.C., also represents the Fund, which opposes the fees motion.[4] (ECF 262 at 13-14).

### a. Entitlement to Fees

#### 1. Home Depot is entitled to fees and costs in defending Plaintiff's personal injury action (Phase 1)

The New York common law right of indemnification explicitly permits the "right to recover attorneys' fees, costs, and disbursement incurred in connection with defending the suit brought by the injured party." *Chapel v. Mitchell*, 84 N.Y.2d 345, 347 (1994); *see also Swan v. Pier 1 Imports (U.S.), Inc.*, 173 A.D.3d 1105, 1106-07 (2d Dep't 2019) ("A party who is entitled to recover against another defendant or a third-party defendant on a theory of common-law indemnification may, as part of such recovery, seek reimbursement of attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party." (citations omitted)).

Because Home Depot won at summary judgment on its common law indemnification claim, Home Depot is entitled to its fees and costs in defending Plaintiff's personal injury action (*i.e.* Phase 1 fees). (ECF 79 ("As set forth on the record during a conference held on March 6, 2018, the Court has . . . GRANTED Home Depot's motion for summary judgment on the issues of contractual and common law indemnification.")). BHIC argues common law indemnification is no longer the law of the case because the Second Circuit affirmed the District Court's

---

[4] There is a pending action in the New York Court of Claims in which Home Depot, to which BHIC has assigned its claim for coverage, is seeking recovery from the Fund for the judgment paid to Plaintiff Rivera. (ECF 262 at 4-5).

judgment on the theory of contractual indemnification, but declined to reach the question of common law indemnification as unnecessary. 775 F. App'x at 6 ("Because we conclude that BHIC is liable to Home Depot on a theory of contractual indemnity, we need not address the district court's findings that Rivera suffered a "grave injury.").

However, the law is clear when the appellate court does not reach an issue on appeal, the undisturbed portions of the underlying order remain the law of the case. *In re PCH Assocs.*, 949 F.2d 585, 592-93 (2d Cir. 1991) ("Given our silence" on a portion of the case, the "decision . . . technically remained the law of the case."); *see also Robin v. Sanctuary Records Groups, Ltd.*, 763 F. Supp. 2d 629, 631 (S.D.N.Y. 2011) ("[A] finding of a district court that was properly challenged on appeal though not expressly or implicitly addressed by an appellate court remains the law of the case); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478 (5th ed. 2019).

Accordingly, Home Depot is entitled to Phase 1 fees, **$72,138.00**, from BHIC.

> 2.  *Home Depot is entitled to fees and costs in litigating its third-party claims against BHIC under a theory of contractual indemnification (Phase 2)*

Home Depot also seeks fees and costs incurred in its third-party indemnification claims against BHIC (Phase 2).[5] New York common law does not permit recovery of fees associated with pursuing the indemnification claim. *See supra* § II.a.1. Thus, Home Depot seeks contractual indemnification for Phase 2 fees and costs under the SPA, *i.e.* the contract between the parties.

The SPA is governed by Georgia law, *see* ¶ 18.17, and Georgia law uses the "ordinary rules of contract construction" with regard to indemnification agreements. *See Benchmark*

---

[5] Home Depot seeks a judgment awarding Phase 2 fees notwithstanding that BHIC is judgment-proof.

*Builders, Inc. v. Schultz*, 315 Ga. App. 64, 65 (2012) ("[A] party's entitlement to attorney fees

under a contractual provision is determined by the usual rules of contract interpretation.");

*Anderson v. U.S. Fidelity & Guar. Co.*, 267 Ga. App. 625, 627 (2004) ("When interpreting

[indemnification agreements], we apply the ordinary rules of contract construction.").

Paragraph 17 of the SPA governs "Dispute Resolution." (ECF 199-2 at 15). It states:

> 17.5 <u>Attorneys' Fees</u>. If a Party prevails in *any legal or equitable action* against the other Party, *the other Party will pay the prevailing Party's costs and expenses, including reasonable attorneys' fees.*

(emphasis added). Paragraph 10 separately requires BHIC to indemnify Home Depot in personal

injury actions. BHIC argues that Paragraph 17.5's "any legal or equitable action" should be

limited by Paragraph 10 (ECF 213 at 16), but that is contrary to the plain language of Paragraph

17.5 and the usual rules of contract interpretation. *See Primary Invs. v. Wee Tender Care III, Inc.*,

323 Ga. App. 196, 198 (2013) ("[T]he favored construction will be that which gives meaning to

effect to all terms of the contract over that which nullifies and renders meaningless a part of

the document." (quoting *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656 (1999))).

Nothing in the language of Paragraph 17.5 suggests that it should be limited by Paragraph 10,

and the plain language of Paragraph 17.5 explicitly includes "any legal or equitable" action. An

action for indemnification, is plainly "any legal or equitable action." Thus, Paragraph 17.5

clearly intended to cover prevailing party attorneys' fees for lawsuits beyond personal injury

suits. Home Depot is the prevailing party in its indemnification action against BHIC, and is entitled to attorneys' fees and costs from BHIC under Section 17.5, totaling **$182,598.25**.[6]

### b. Calculation of Fee Awards

"The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted). The total fee award is calculated by multiplying this presumptively reasonable fee by the "reasonable number of hours expended" to determine the appropriate award. *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).

Home Depot requests rates from $75 per hour for paralegals to $130-730 per hour for lawyers, including associates and partners. D'Amato & Lynch's standard hourly rates were: $175 for partners, $130 for associates, and $75 for paralegals. Bondurant's standard hourly rates were slightly higher: $300-450 for associates and $730 for partners. These rates are generally within the range of reasonable rates in this District. *See, e.g. Tatintsian v. Vorotyntsev*, No. 16-cv-7203 (GHW), 2020 WL 2836718, at *5 (S.D.N.Y. June 1, 2020) (approving partner rates of $375, associate rates of $300, and paralegal rates of $150); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 55 (S.D.N.Y. 2015) (approving partner rates of $675); *Broad.*

---

[6] This figure also includes fees spent on the instant motion. Because BHIC is *contractually* obliged to indemnify Home Depot for Home Depot's fees and costs, both fees and costs the personal injury defense and the indemnification action between the parties are recoverable. An ordinary and plain reading of Paragraph 17 contains no limitations on "fees on fees," and one should not be implied. *See Anderson*, 267 Ga. App. at 617 ("'No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation.'" (quoting *Nguyen v. Lumbermens Mut. Cas. Co.*, 261 Ga. App. 553, 555(1) (2003))). Accordingly, the fees spent on the instant motion are recoverable under the theory of contractual indemnification.

*Music, Inc. v. Pamdh Enters., Inc.*, No. 13-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases awarding $400 to $735 per hour for partners).

BHIC argues that the fee award must be discounted because Home Depot is not entitled to appellate fees and that D'Amato & Lynch and Bondurant overbilled and block billed. Other than a perfunctory assertion to reduce fees, however, BHIC fails to specify why fees should be reduced and fails to specify the amount by which such fees should be reduced.[7]

Indeed, BHIC's apparent strategic decision was to focus its argument on Home Depot's entitlement to fees altogether, rather than attempting to reduce the amount of fees owed.[8]

Accordingly, I recommend that Home Depot be awarded **$254,736.25** in attorneys' fees, reflecting $72,138.00 in Phase 1 fees and $182,598.25 in Phase 2 fees.

### c.  Costs

The Court has reviewed Home Depot's bill of costs, requesting $3,269.22 for transcripts and interpreters, and BHIC's objections. (ECF 255-1, 257). Unlike its unspecific and unsupported attempts to argue for an attorneys' fee reduction, BHIC here has made specific objections that Home Depot should not "be reimbursed for its voluntary decision to obtain daily trial transcripts for the two [days] of the three day damages only trial," totaling $1,612.92. (ECF 257 ¶ 3). I agree. *See* Local Civil Rule 54.1(c)(1) ("The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.").

---

[7] The extent of BHIC's arguments are: (1) a vague proposal to reduce half the time spent by Bondurant on the appeal, and BHIC does not propose any numbers in conjunction with this request; and (2) nine instances of alleged block billing buried in footnote 5 of its opposition. (ECF 213).

[8] This is not the first time a court has questioned BHIC's strategy. In granting summary judgment to Plaintiff, Judge Forrest noted "[t]he way that this case has been litigated by BHIC is, quite frankly, mystifying. Many, if not all, of the Court's adverse rulings thus far could have been avoided had BHIC [properly litigated the case]. But despite the large amount of liability it now faces, BHIC has made the strategic decision to do none of those things." 2018 WL 1635026 at *5.

The Clerk of Court has accepted BHIC's objections and further reduced the costs – reducing appearances fees and file processing fees, taxing only $1,503.40. *See also* ECF 258 (taxation of costs signed by the Clerk of Court). Accordingly, I recommend that Home Depot be awarded **$1,503.40** in costs.

### III. Conclusion

For the reasons stated above, I recommend that Home Depot be awarded a total of **$256,239.65**, reflecting $254,736.25 in attorneys' fees and $1,503.40 in costs.

### IV. Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John G. Koeltl, United States District Judge. **Any request for an extension of time for filing objections must be directed to Judge Koeltl.**

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983)).

Respectfully submitted,

_s/ Ona T. Wang_____

**Ona T. Wang**

Dated: February 10, 2021
New York, New York

United States Magistrate Judge