UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

DANIEL RIVERA,                                    16-cv-7552 (JGK)(OTW)

                Plaintiff,             <u>MEMORANDUM OPINION AND</u>
<u>ORDER</u>
     - against -

HOME DEPOT, U.S.A., INC.,

                Defendant.
―――――――――――――――――――――――――――

HOME DEPOT, U.S.A., INC.,

          Third-Party Plaintiff,

     - against -

BRYAN'S HOME IMPROVEMENT CORP.,

         Third-Party Defendant.
―――――――――――――――――――――――――――

JOHN G. KOELTL, District Judge:

    The Court has reviewed the Report and Recommendation ("Report") of Magistrate Judge Wang dated February 10, 2021. Home Depot U.S.A., Inc. ("Home Depot"), the third-party plaintiff, brought an indemnification action against Bryan's Home Improvement Corp. ("BHIC"), the third-party defendant, for an award of attorney's fees, costs, and expenses. The Report recommends that the Court grant Home Depot's motion and that Home Depot be awarded $256,239.65, reflecting $254,736.25 in attorney's fees and $1,503.40 in costs. BHIC has raised various objections to the Report. For the reasons that follow, BHIC's objections are overruled, and the Report and Recommendation is adopted in full.

**I.**

The Court assumes familiarity with the facts of this case, the Report, and the Court's previous Orders.

On August 22, 2015, the plaintiff, Daniel Rivera, was gravely injured after he fell from a ladder and was electrocuted in Yonkers, New York. See ECF No. 120, at 1. These injuries were sustained at a construction site for which BHIC was the subcontractor and the plaintiff's employer, and Home Depot was the general contractor. Id. The relationship between Home Depot and BHIC was governed by a Master Service Provider Agreement ("MSPA"). See ECF No. 14, Ex. C; ECF No. 199, Ex. B. Rivera sued Home Depot, and Home Depot filed a third-party complaint, seeking indemnification from BHIC. See ECF Nos. 1, 14. Through a series of rulings, Judge Katherine B. Forrest determined that Home Depot could seek indemnification from BHIC for the damages resulting from the plaintiff's injuries and awarded the plaintiff future economic damages totaling $6,593,495.00. See ECF No. 120. A jury, in a subsequent trial, awarded the plaintiff non-economic damages of $135,000.00 for past pain and suffering, and $1,710,000.00 for future pain and suffering. See ECF No. 151. The Court entered judgment for Mr. Rivera against Home Depot for $8,669,126.44, which also included an award of $230,631.44 for past economic damages, and a corresponding judgment in favor of Home Depot against BHIC in the same total amount "plus allowable interests and costs," based on the Court "having granted [Home Depot's]

2

motion for summary judgment on its contractual and common law indemnification claims as against" BHIC. ECF No. 152, at 2.

BHIC appealed the judgment in favor of Home Depot, arguing that Judge Forrest erred by granting Home Depot summary judgment on its claims for common-law and contractual indemnification. Specifically, BHIC argued that Judge Forrest erred by concluding that Rivera suffered a "grave injury," sufficient to support liability under New York Worker's Compensation Law § 11.[1]  Further, BHIC argued that Home Depot could not seek indemnification from BHIC under the MSPA.

The Second Circuit Court of Appeals affirmed the judgment on the "theory of contractual indemnity," but decided it would "not address the district court's findings that Rivera suffered a 'grave injury' as a matter of law." Rivera v. Home Depot USA, Inc., 776 F. App'x 4, 6-7 (2d Cir. 2019) ("[S]ummary judgment was properly granted on the record here and . . . BHIC is required to indemnify Home Depot based on the terms of its contract and

---

[1] Under New York law, an employer can be liable to a third party for indemnification only when its employee suffers a "grave injury," as specifically defined by the statute. N.Y. Workers' Comp. Law § 11. Notwithstanding this limitation on an employer's liability, an employer still can be held liable, if the employer and the third party had a contract in place prior to the employee's accident, in which the employer agreed to indemnify the third party. See id. ("For purposes of this section the terms 'indemnity' and 'contribution' shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered."); Rivera v. Home Depot USA, Inc., 776 F. App'x 4, 6 (2d Cir. 2019) (citing Rodrigues v. N & S Bldg. Contractors, Inc., 5 N.Y.3d 427 (2005)).

regardless whether Rivera sustained a statutorily defined 'grave injury.'").[2]

On remand, this Court ordered judgment against Home Depot, in the amounts of $230,631.44 in "Economic Damages (past)," $6,593,495.00 in "Economic Damages (future)," $135,000.00 in "Pain and Suffering (past)," and $1,710,000.00 in "Pain and Suffering (future)." ECF No. 217.[3]  Home Depot paid the plaintiff $8,993,119.15 ($8,669,126.44 plus interest) in satisfaction of the judgment. See ECF No. 226.

Home Depot filed a motion for fees in 2018, which was administratively terminated by Judge Forrest, pending BHIC's appeal. See ECF No. 177. Home Depot now seeks reimbursement for its fees defending against the plaintiff's personal injury action ("Phase 1") and pursuing indemnity claims against BHIC, including BHIC's appeal ("Phase 2"). See ECF No. 197, at 7-8.  On August 23, 2019, the case was referred to Magistrate Judge Wang for all post-judgment proceedings. See ECF No. 207.

Before Magistrate Judge Wang, Home Depot clarified that it sought indemnification from BHIC for Phase 1 fees based solely on the theory of common law indemnity and sought Phase 2 fees from BHIC based on a theory of contractual indemnity, pursuant to the MSPA. See ECF No. 197, at 8-10; Report at 4.  The parties have

---

[2]  Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, emphasis, and internal quotation marks in quoted text.
[3]  This case was reassigned to Judge Koeltl in June 2019, following Judge Forrest's resignation from the bench.

represented that BHIC has a policy with the New York State
Insurance Fund ("NYSIF"), but that this policy only covers
liability for common-law indemnity claims, not contractual
indemnity.  Further, as relevant for Phase 2, New York common-law
indemnity claims do not permit the collection of fees associated
with pursuing the indemnification claim.  See Chapel v. Mitchell,
642 N.E.2d 1082 (N.Y. 1994) (holding that while the "common-law
right of indemnification against the party actually at fault
encompasses the right to recover attorneys' fees, costs, and
disbursements incurred in connection with defending the suit
brought by the injured party, . . . [a]s to the third-party
action, however, we conclude that the legal expenses incurred in
its prosecution are not recoverable").  Further, BHIC and Home
Depot entered into an "Assignment Agreement," by which BHIC
assigned its claims to Home Depot, including its rights against
the NYSIF.  Home Depot filed an action in the New York Court of
Claims, seeking recovery from the NYSIF for the judgment paid to
Rivera. See ECF No. 262, at 4-5; Report at 5 & n.4.  BHIC's
counsel in this action, and as listed in the Assignment Agreement,
also represents the NYSIF, defending against Home Depot's claim in
the New York Court of Appeals. See ECF No. 262 at 13-14; Report at
5.

     Magistrate Judge Wang issued the Report on February 10, 2021,
recommending that Home Depot's motion for fees, costs, and
expenses be granted, and that Home Depot be awarded $256,239.65,

reflecting $254,736.25 in attorney's fees and $1,503.40 in costs.
See Report at 1.

## II.

When reviewing objections to a Magistrate Judge's Report and
Recommendation, the district court must "make a de novo
determination of those portions of the report . . . to which
objection is made" and "may accept, reject, or modify, in whole or
in part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P.
72(b)(3).  The district court "may also receive further evidence
or recommit the matter to the magistrate judge with instructions."
28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).
"[I]t is sufficient that the court arrive at its own independent
conclusion regarding those portions of the report to which
objections are made," and the court "need not conduct a de novo
hearing on the matter." In re Hulley Enters. Ltd., 400 F. Supp. 3d
62, 69 (S.D.N.Y. 2019) (quoting Nelson v. Smith, 618 F. Supp.
1186, 1189-90 (S.D.N.Y. 1985)).

## III.

BHIC has raised four objections to the Report.  First, BHIC
argues that Home Depot is entitled only to contractual indemnity
(and not common-law indemnity), and that Magistrate Judge Wang
misconstrued the mandate from the Second Circuit Court of Appeals.
Second, BHIC asserts that in light of BHIC's financial condition,
the terms of the NYSIF policy, and the Assignment Agreement, Home

6

Depot's request for Phase 1 and Phase 2 fees are both moot.
Third, BHIC suggests that Magistrate Judge Wang either should not
have applied, or misapplied, Georgia law to interpret the MSPA.
Finally, BHIC objects on the grounds that the requested hourly
rates for Home Depot's Atlanta-based counsel were unreasonable.

**A.**

First, BHIC argues that Home Depot cannot seek common-law
indemnification from BHIC, because the Second Circuit Court of
Appeals affirmed the judgment in favor of Home Depot against BHIC
solely on the grounds of contractual indemnification and did not
reach Judge Forrest's holding that BHIC was also liable to Home
Depot under common-law indemnification.  BHIC asserts that the
Court of Appeals "eliminated and nullified" the common-law
indemnification grounds of Judge Forrest's judgment, and thus Home
Depot should not be entitled to any fees on the basis of common-
law indemnification.  This assertion is incorrect.

As Magistrate Judge Wang correctly noted, the law of this
Circuit is clear that when the Court of Appeals has not reached an
issue on appeal, the undisturbed portions of the underlying order
remain the law of the case. In re PCH Assocs., 949 F.2d 585, 593
(2d Cir. 1991) ("Given our silence" in an earlier appeal, the
"decision" of a legal issue in a lower court proceeding
"technically remained the law of the case"). See e.g., Robinson v.
Sanctuary Rec. Grps., Ltd., 763 F. Supp. 2d 629, 631 (S.D.N.Y.
2011) ("[A] finding of a district court that was properly

challenged on appeal though not expressly or implicitly addressed by an appellate court remains the law of the case."); <u>Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.</u>, 611 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) (determining counterclaim under Pennsylvania law, briefed but left unaddressed by Court of Appeals, remained law of the case, because "if an appellate court reviewed a trial court's decision, but did not address an issue that the trial court decided, the trial court's decision remains the law of the case"), <u>aff'd</u>, 374 F. App'x 71, 74 (2d Cir. 2010) (affirming, because the prior decision "did not purport to address the district court's alternative holding" and thus "[t]he district court did not err in determining that our order left that holding undisturbed").

It is certainly true that a lower court's findings can be vacated and "cease[] to be the law of the case," even when "a finding [is] not expressly addressed but [instead is] necessarily rejected by an appellate court's reasoning." <u>Am. Hotel Int'l Grp., Inc.</u>, 374 F. App'x at 74.[4] But, such a situation does not apply in this case. The Court of Appeals affirmed the judgment, and declined to reach—thus leaving unaltered—Judge Forrest's finding of a "grave injury" such that common-law indemnity applied. There is nothing inconsistent between the Court of Appeals' reasoning

---

[4] Further, a lower court's prior determination remaining undisturbed does not preclude the Court of Appeals from "conclusively determining [an] issue left unanswered" in an earlier appeal. <u>In re PCH Assocs.</u>, 949 F.2d at 593. Nevertheless, "[i]n the case in which the mandate of the appellate court does not address a particular issue, the appellate judgment, on this issue, does not establish the law of the case," and when "the issue was decided by the district court in an earlier case and was not disapproved by the appellate court," such decision "is, therefore, the law of the case." <u>Id.</u> (quoting 1B James Wm. Moore et al., Moore's Federal Practice ¶ 0.404[4.-3], at 131 (2d Ed. 1991)).

and Judge Forrest's finding that BHIC was liable to Home Depot for common-law indemnity, as well as contractual indemnity. Cf. Rivera, 776 F. App'x at 6-7.

Further, BHIC has offered no reason that would warrant revisiting Judge Forrest's earlier judgment.  BHIC has not presented any "compelling circumstances," such as an intervening change in controlling law, new evidence, or the need to correct clear error, that would warrant departure from the "law of the case." Bank Leumi USA v. Ehrlich, 98 F. Supp. 3d 637, 646-47 (S.D.N.Y. 2015); see also United States v. Carr, 557 F.3d 93, 102 (2d Cir. 2009).  The fact that Home Depot might also be able to seek Phase 1 costs on the basis on contractual indemnity, but has chosen not to do so for practical considerations, does not negate the scope and force of its judgment against BHIC based on common-law indemnity.

Because Judge Forrest granted Home Depot summary judgment on its common-law indemnification claim in a judgment that the Second Circuit affirmed on other grounds and BHIC has offered no compelling reasons to revisit this earlier finding, Home Depot is entitled to its Phase 1 fees and costs, based on common-law indemnification.

**B.**

BHIC has objected to the Report's recommendation that Phase 1 and Phase 2 fees be awarded to Home Depot, contending that such claims are moot. First, with respect to Phase 1 fees, BHIC argues

that any claims for Phase 1 fees are moot, because Home Depot agreed under the Assignment Agreement not to enforce its judgment against BHIC.  Second, with respect to Phase 2 fees, BHIC argues that any claim for such fees is moot, both because of the Assignment Agreement and because such fees would be predicated solely on a contractual indemnification claim, which is not covered by the NYSIF policy, and BHIC is "essentially judgment proof."[5]  This objection is incorrect on all counts.

First, BHIC misconstrues the import of the Assignment Agreement.  Although Section 2 of the Assignment Agreement prohibits Home Depot from enforcing its judgment against BHIC, Section 5 provides that the Assignment Agreement shall become "rescinded, null and void" upon 30 days written notice, if any court "rules that any aspect of this [Assignment] Agreement either (1) has the effect of defeating or preventing Home Depot's efforts to enforce any of the assigned rights; or (2) provides any defendant to an assigned claim with a defense, or a potential defense, to any of the assigned claims brought by Home Depot." ECF No. 265, Ex. A, §§ 2, 5.  Because NYSIF is contesting Home Depot's efforts to collect upon BHIC's assigned rights in New York State Court (represented by the same counsel as BHIC in this action), there is a possibility that the Assignment Agreement may be

---

[5]  At a teleconference held on November 10, 2020, counsel for Home Depot noted that BHIC appears to be "essentially judgment proof." ECF No. 262, at 4; Report at 4, 6 n.5.  Nevertheless, Home Depot never completed post-judgment discovery, because it withdrew its Motion to Compel Discovery without prejudice, in light of the Assignment Agreement. See ECF No. 251.

rescinded. Report at 5 & n.4.  Given this contingent right of Home Depot to enforce its judgment against BHIC, BHIC has failed to demonstrate that the parties lack a "practical personal stake in the dispute," such that the court would be "incapable of granting a judgment that will affect the legal rights as between the parties." ABN Amro Verzekeringen BV v. Geologistics Ams., Inc., 485 F.3d 85, 94 (2d Cir. 2007); see also Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1660 (2019); Chafin v. Chafin, 568 U.S. 165, 172 (2013).

Further, even though the Phase 2 fees cannot be collected from the NYSIF, BHIC's precise financial condition has not been established, as Home Depot has not exhausted post-judgment discovery.[6]  Further, "courts often adjudicate disputes whose 'practical impact' is unsure at best, as when 'a defendant is insolvent.'" Mission Prod. Holdings, Inc., 139 S. Ct. at 1661 (quoting Chafin, 568 U.S. at 175).  While Home Depot may "be unable to convert any judgment [for Phase 2 fees] in its favor to hard cash," such a fact is not dispositive; the dispute "remains a live controversy—allowing us to proceed." Id.

Thus, depending on the outcome of the New York State Court action, the Assignment Agreement could be rescinded, and Home Depot may still attempt to collect its Phase 1 and Phase 2 claims

---

[6]  BHIC's arguments in its Objections that Home Depot's claims are moot appear to be contrary to representations made by BHIC to Magistrate Judge Wang at the November 10, 2020 teleconference.  ECF No. 262, at 13-14.

against BHIC directly.  Therefore, the parties' fees dispute is
not moot, and BHIC's objection on mootness grounds is overruled.

### C.

Next, BHIC objects to the Magistrate Judge's application of
Georgia Law to Home Depot's claim for Phase 2 fees, pursuant to
the MSPA's indemnification clause.  BHIC argues that because Home
Depot allegedly first mentioned the application of Georgia law in
its reply memorandum of law, Home Depot "waived" the MSPA's choice
of law provision and the application of Georgia law.  Further,
BHIC argues the Magistrate Judge misapplied Georgia law, because
BHIC contends that Georgia law does not permit recovery of
attorney's fees incurred when seeking the fees themselves.

First, the MSPA, which was attached to Home Depot's Third-
Party Complaint, contains an express choice of law clause, stating
that Georgia law "shall govern any dispute arising out of or
relating to the [M]SPA." ECF No. 14, Ex. C, ¶ 18.17; ECF No. 199,
Ex. B, ¶ 18.17.  Under the New York choice of law rules, which
govern questions in diversity actions in this Court, see Klaxon
Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 498 (1941), "[a]bsent
fraud or violation of public policy, a court is to apply the law
selected in the contract as long as the state selected has
sufficient contacts with the transaction," Hartford Fire Ins. Co.
v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556
(2d Cir. 2000).  BHIC has not argued that the application of
Georgia law to interpret the parties MSPA involves fraud, violates

public policy, or that Home Depot having its principal place of business in Georgia is not a sufficient contact for purposes of the MSPA. Cf. Compl. ¶ 2; Home Depot Answer ¶ 2.

Further, although a party technically can waive a "choice-of-law" argument, courts generally will not make such a determination without some showing of prejudice, such as when a party waits until after discovery has closed to raise the issue. See, e.g., Reed Const. Data Inc. v. McGraw-Hill Cos., Inc., 49 F. Supp. 3d 385, 423 (S.D.N.Y. 2014), aff'd, 638 F. App'x 43 (2d Cir. 2016). However, BHIC has not shown how it was "prejudiced by the late argument," id., especially because the MSPA has been known to the parties the entire time, the MPSA is clear, and Magistrate Judge Wang gave BHIC the opportunity to file a sur-reply specifically on the application of Georgia law.  Further, in its sur-reply, BHIC conceded that it did "not believe there is a conflict with Georgia law" and New York law. ECF No. 218, at 5.

Second, BHIC argues that if Georgia law applies to the MSPA, then Home Depot should not have been able to bring a common-law indemnification claim against BHIC, because such claims are prohibited under Georgia law.  But this argument misunderstands the source of law for Home Depot's indemnification claims at issue and misconstrues the applicable choice of law analysis.  The source of Home Depot's "common-law indemnification claim" is the New York Worker's Compensation Law, not the MSPA; whereas Home Depot's contractual indemnification claim arises from the terms of

13

the MSPA itself.  Thus, New York Law applies to the common-law indemnification claim, because the relevant injury occurred on a worksite in New York and BHIC is a New York corporation, subject to New York Worker's Compensation Law. See, e.g., Casey ex rel. Casey v. Ryder Truck Rental, Inc., No. 00-CV-2856, 2005 WL 1150228, at *4-5 (E.D.N.Y. May 16, 2005); Fiske v. Church of St. Mary of the Angels, 802 F. Supp. 872, 879 (W.D.N.Y. 1992) (noting that "when faced with choice-of-law issues, New York courts will favor the application of [New York Labor Laws] to construction accidents occurring within New York State so as to protect injured workers").  By contrast, because the contractual indemnification claim arose from the MSPA itself, which contains an express clause specifying that the contract's interpretation is governed by Georgia law, courts applying New York choice of law rules would defer to the parties' decision to apply Georgia law.[7]

Finally, BHIC cites to one case under Georgia law which found that under the terms of the specific agreement at issue, the plaintiff was not entitled to fees incurred while pursuing an indemnification claim. See Citadel Corp. v. All-S. Subcontractors, Inc., 458 S.E.2d 711 (Ga. Ct. App. 1995).  BHIC argues this case stands for the proposition that "fees on fees" are not permitted under Georgia law.  However, the case pronounces no such rule.

---

[7] BHIC appears to have understood this distinction well in its sur-reply to Magistrate Judge Wang, in which BHIC argued that the "Choice of Law Contract Provision Does Not Apply To The Third-Party Claim For Common-Law Indemnity" and "Under New York Choice of Law Rules, New York Law, Not Georgia Law Governs All Issues Concerning Common-Law Indemnity." ECF No. 218, at 2, 4-5.

Instead, the court interpreted the terms of the indemnification clause in the contract, to see whether certain fees were within its scope.  Georgia courts, like New York courts, allow parties to enter into indemnity contracts and look to the express terms of a contract to determine its scope. See Gibbs-Alfano v. Burton, 281 F.3d 12, 19 (2d Cir. 2002) ("It is axiomatic that an indemnity contract is interpreted to effectuate the intention of the parties as expressed in the unequivocal language of the contract."); Milliken & Co. v. Georgia Power Co., 829 S.E. 2d 111, 115-16 (G.A. 2019) (Under Georgia law, indemnification depends on "the language of the contract or agreement itself").

In this case, Magistrate Judge Wang correctly noted the broad sweep of the indemnification clause in the MSPA, which contained no limitations on fees incurred pursuing indemnification.  The MSPA's fee provision states that "If a Party prevails in any legal or equitable action against the other Party, the other Party will pay the prevailing Party's costs and expenses, including reasonable attorney['s] fees." ECF No. 199, Ex. B, ¶ 17.5. Because Home Depot's contractual and common-law indemnification claims against BHIC were "legal or equitable actions," and Home Depot prevailed, Home Depot is entitled to costs and expenses, including reasonable attorney's fees.  Therefore, BHIC's objections to the application of Georgia law are overruled.

D.

BHIC objects to the Magistrate Judge's conclusion in the
Report that the attorney's fees, requested by Home Depot's
Atlanta-based counsel were reasonable.  BHIC argues that the fees
were unreasonable because the Atlanta-based counsel billed at
higher hourly rates than Home Depot's trial counsel, and because
the case is "essentially a negligence claim" and "warrants no
more" than the "market rates" of "personal injury defense lawyers
generally."  Home Depot requested rates from $75 per hour for
paralegals to $130-170 per hour for lawyers (both partners and
associates) for trial counsel, as well as hourly rates of $300-450
for associates and $730 for partners for Atlanta-based counsel.

When determining the appropriate amount for an award of
attorney's fees, courts must calculate the "presumptively
reasonable fee." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170,
172 (2d Cir. 2009).  "The starting point for determining the
presumptive reasonable [fee] is the lodestar amount, which is the
product of a reasonable hourly rate and the reasonable number of
hours required by the case." Charles v. City of New York, No. 13-
CV-3547, 2014 WL 4384155, at *2 (S.D.N.Y. Sept. 4, 2014).  "The
presumptively reasonable fee boils down to what a reasonable,
paying client would be willing to pay, given that such a party
wishes to spend the minimum necessary to litigate the case
effectively." Simmons, 575 F.3d at 174.  To arrive at a reasonable
fee, courts consider, among other factors, the twelve factors set

forth in Johnson v. Ga. Highway Express Inc., 488 F.2d 714, 717–
719 (5th Cir. 1974). See Arbor Hill Concerned Citizens
Neighborhood Ass'n v. County of Albany and Albany Cnty. Bd. of
Elections, 522 F.3d 182, 190 (2d Cir. 2008).[8] "In ruling on
applications for fees, district courts must examine the hours
expended by counsel and the value of the work product of the
particular expenditures to the client's case." DiFilippo v.
Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  Billed hours that are
"excessive, redundant, or otherwise unnecessary, are to be
excluded, and in dealing with such surplusage, the court has
discretion simply to deduct a reasonable percentage of the number
of hours claimed as a practical means of trimming fat from a fee
application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d
Cir. 1998).  Courts do not ask "whether hindsight vindicates an
attorney's time expenditures, but whether, at the time the work
was performed, a reasonable attorney would have engaged in similar
time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.
1992); see also Walker v. City of New York, No. 11-CV-314, 2015 WL
4568305, at *8 (E.D.N.Y. July 28, 2015).  The fee applicant

---

[8] The twelve Johnson factors are: "(1) the time and labor required; (2) the
novelty and difficulty of the questions; (3) the level of skill required to
perform the legal service properly; (4) the preclusion of employment by the
attorney due to acceptance of the case; (5) the attorney's customary hourly
rate; (6) whether the fee is fixed or contingent; (7) the time limitations
imposed by the client or the circumstances; (8) the amount involved in the case
and the results obtained; (9) the experience, reputation, and ability of the
attorneys; (10) the undesirability of the case; (11) the nature and length of
the professional relationship with the client; and (12) awards in similar
cases." Arbor Hill, 522 F.3d at 186 & n.3; see also Gym Door Repairs, Inc. v.
Young Equip. Sales, Inc., No. 15-CV-4244, 2021 WL 1172335, at *2 & n.2 (S.D.N.Y.
Mar. 26, 2021).

"bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

Home Depot supplied detailed records supporting the number of hours billed. See ECF No. 199, Ex. A.  Before the Magistrate Judge, BHIC objected to the fee award, arguing that Home Depot was not entitled to appellate fees and that Home Depot's trial counsel overbilled and block-billed.  However, as the Magistrate Judge correctly found in the Report, BHIC merely provided vague, conclusory statements that the number of hours billed was too high, the rates charged were not appropriate given the complexity of the case, and noting nine alleged incidents of block billing. Accordingly, the Magistrate Judge found the number of hours billed was properly supported by Home Depot and rejected BHIC's request to reduce the Atlanta-based counsel's hourly rates to $350 for partners and $275 for associates.

To the extent BHIC argues that the comparative complexity of the case does not warrant the amounts billed, such an argument is unpersuasive.  Home Depot is seeking to enforce a judgment of over $8 million, after several years of litigation, several dispositive motions, a trial, and an appeal.  The supplied records are sufficiently detailed and thorough to support the hours requested, and, as the Magistrate Judge found, the hourly rates requested are not outside of the range of reasonable rates within this District

18

for similarly experienced lawyers. See Report at 8-9 (citing

Broad. Music, Inc. v. Pamdh Enters., Inc., No. 13-CV-2255, 2014 WL

2781846, at *7 (S.D.N.Y. June 19, 2014)); see also, e.g., Errant

Gene Therapeutic, LLC v. Sloane-Kettering Inst. for Cancer Rsch.,

286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018) (accepting partner hourly

rate of $765), aff'd, 768 F. App'x 141 (2d Cir. 2019); MSC

Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC,

No. 16-CV-8103, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017)

(accepting hourly rates between $569.02 and $753.42 per hour for

associates depending on seniority, and $874.60 to $1,048.47 for

partners); Union of Orthodox Jewish Congregations of Am. v. Royal

Food Distribs. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y.

2009) (finding partner and associate rates of $735 and $445,

respectively, reasonable).  Finally, the decision to hire

additional Atlanta-based counsel "to litigate the case

effectively," especially on questions of Georgia contract law, was

reasonable. Simmons, 575 F.3d at 174.  Accordingly, BHIC's

objection to the reasonableness of the requested attorney's fees

is overruled.

**CONCLUSION**

The Court has considered all of the arguments of the parties.

To the extent not specifically addressed above, the remaining

arguments are either moot or without merit.  For the reasons

explained above, the Report is adopted in full and Home Depot's

motion for fees and costs is granted, in the amount of

19

$256,239.65, reflecting $254,736.25 in attorney's fees and $1,503.40 in costs.  The Clerk is directed to enter judgment accordingly.  The Clerk is also directed to close all pending motions and to close this case.


**SO ORDERED.**
**Dated:      New York, New York**
**            April 19, 2021**

                              _____/s/ John G. Koeltl_____
                                   **John G. Koeltl**
                              **United States District Judge**